Larry J. Thorson (PIN AT0007976)
lthorson@akklaw.com
ACKLEY, KOPECKY & KINGERY, L.L.P.
4056 Glass Rd. NE
Cedar Rapids, IA 52402
Telephone: 319-393-9090
Fax: 319-393-9012

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| TRACEY K. KUEHL, an individual; LISA K. KUEHL, an individual; KRISS A. BELL, an individual; JOHN T. BRAUMANN, an individual, and; ANIMAL LEGAL DEFENSE FUND, a non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PAMELA SELLNER, an individual; TOM SELLNER, an individual; and CRICKET HOLLOW ZOO, a non-profit corporation,<br><br>Defendants. | Case No. C14-2034-LRR<br><br>Assigned to: LRR<br><br>Referred to: JSS<br><br>**ANSWER OF PAMELA SELLNER, an individual; TOM SELLNER, an individual; AND CRICKET HOLLOW ZOO, a non-profit corporation AND AFFIRMATIVE DEFENSES** |

COME NOW the Defendants and for their Answer to the Complaint for Declaratory and Injunctive Relief filed by the Plaintiffs state as follows:

## STATEMENT OF THE CASE

1. The Defendants admit that this action is brought under the Endangered Species Act, 16 U.S.C. §§ 1531-1544, but deny that there has been an unlawful "take" of

federally listed and specifically protected species at Creek Hollow Zoo and the rest of the derogatory language contained in paragraph one.

2. Paragraph two is denied.

3. Paragraph three is denied.

4. Paragraph four is denied.

5. Paragraph five is denied and it is further stated that the Defendants do not own gray wolves or Barbary servels.

6. Paragraph six is denied.

7. Paragraph seven is denied except that the fence was repaired.

## PARTIES

### Plaintiffs

8. Paragraph eight is denied for lack of knowledge.

9. Paragraph nine is denied for lack of knowledge.

10. Paragraph 10 is denied for lack of knowledge and further state that in June of 2012 over the course of 30 days the zoo only had 1.7 inches of total rainfall. There was not standing water in the pens as the Plaintiffs claim. Further there are no garbage bins in the zoo and no garbage strewn about. The hoofstock is located on dry lots and the cats are on pea gravel.

11. Paragraph 11 is denied and it is further stated that on July 6 it was 99° Fahrenheit for a high and it hadn't rained at the zoo since .2 of an inch fell on June 29, 2012.

12. Paragraph 12 is denied except that it was admitted the Sheriff came out to the facility because the Plaintiff, Tracey Kuehl, apparently had called the Sheriff. The Sheriff took no action because of these calls. No action other than phone calls was taken by any of the other individuals listed as having received calls from her concerning the condition of the zoo.

13. The allegations of paragraph 13 are denied and it is further stated that on June 26, 2013, the zoo received 1.4 inches of rain that day and the previous week had more than three inches of rain.

14. Paragraph 14 is denied and it is further stated that the piglets the Plaintiffs refer to were born a week early and were born in the afternoon after the morning walk through occurred.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied for lack of knowledge.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied for lack of knowledge.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied and it is further stated that no animal is in isolation and all were on full display.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied for lack of knowledge.

25. Paragraph25 is denied and it is further stated that bears go to the feeder tube as soon as kids walk the steps to the feeder tube. The cattle had water which is contrary to what the Plaintiffs are stating in the Petition.

26. Paragraph 26 is denied for lack of knowledge.

27. Paragraph 27 is denied for lack of knowledge.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied for lack of knowledge.

30. Paragraph 30 is denied. It is further stated that the dogs are house pets and the feed was baleage (fermented wet long stem hay).

31. Paragraph 31 is denied and it is further stated that chores were being done at the time that Plaintiff Harvey approached Defendant Pamela Sellner and Sellner told Plaintiff Harvey not to enter restricted areas but Ms. Harvey continued anyway contrary to those orders.

32. Paragraph 32 is denied for lack of knowledge.

33. Paragraph 33 is denied.

4

34. Paragraph 34 is denied.

35. Paragraph 35 is denied for lack of knowledge.

36. The many allegations in paragraph 36 are denied. The allegations about the individual young girl supposedly alone with the tiger are false. The zoo was only open on weekends in October and every weekend was dry except for October 13 and 14 when the zoo had 1.1 inches of rain. The hybrid wolves had dry areas in their enclosure. The hooves of the hoofstock were trimmed by the Sellners or a professional trimmer on a regular basis. None were lame.

37. Paragraph 37 is denied and it is stated that animals all had automatic waterers and the bears drink out of a "hog sipper" connected to a live water source. The lemurs are not isolated.

38. Paragraph 38 is denied and it is further stated that the primates are not isolated and the lemurs sit in the sun in the afternoons and enjoy the visitors.

39. Paragraph 39 is denied for lack of knowledge.

40. Paragraph 40 is denied. It is further stated that the zoo was built for the children and adults in the community in Manchester and not for the individual Plaintiffs named herein.

### Defendants

41. Paragraph 41 is admitted except for the description as a "roadside menagerie."

42. Paragraph 42 is admitted insofar as Pamela and Tom Sellner are citizens and residents of Delaware County, Iowa. Pamela and Tom Sellner further admit that they are the officers of Cricket Hollow Zoo and further state that Cricket Hollow Zoo is an Iowa non-profit corporation.

## JURISDICTION AND VENUE

43. Paragraph 43 is admitted.

44. The first sentence of paragraph 44 is admitted. The Defendants deny that 16 U.S.C. §1540 provides any additional basis for jurisdiction because the Defendants are not engaged in any business as importers or exporters of "fish, wildlife, or plants" and they have not violated the provisions of 16 U.S.C. §1540.

45. Paragraph 45 is admitted in part but it is denied that the Defendants had any violations to remedy concerning the Endangered Species Act. Furthermore, the Defendants can obtain endangered species within the State of Iowa and animals can be donated legally to the zoo.

46. Paragraph 46 is admitted to the extent that venue would be proper if violations did occur of the ESA in this District.

## STATUTORY AND REGULATORY FRAMEWORK

47. Paragraph 47 is admitted.

48. Paragraph 48 is admitted as far as the definition of endangered species includes the language that is quoted but also includes additional language. The

6

Defendants also admit that the phrase "threatened species" includes the definition that is given along with additional language that is not included in the definition set forth in the Plaintiffs' pleading.

49. Paragraph 49 is admitted to the extent that this a proposed rule and secondly that it is partially quoted in the Plaintiffs' Complaint. It is also admitted that 50 C.F.R. §17.3 is partially quoted. It is further stated that significant definitional language and exceptions are left out of the language quoted in paragraph 49.

50. Paragraph 50 is admitted. With regard to the second sentence in paragraph 50, 50 C.F.R. §17.31(a) does not actually prohibit the take of species listed as threatened but provides for permits to be issued under certain subparts and exceptions are provided in subpart A (50 C.F.R. §17.31).

51. Paragraph 51 is admitted.

52. Paragraph 52 is denied to the extent that the language of the statute refers to endangered species not threatened species and further state that the language quoted does not refer to any species that would be transferred within the State of Iowa.

### FACTS GIVEN RISE TO THE COMPLAINT

#### Cricket Hollow Zoo

53. Paragraph 53 is admitted but it is further stated that the zoo is licensed and inspected by the United States Department of Agriculture and the State of Iowa.

7

54. Paragraph 54 is true to the extent that Defendant referred to is the zoo. The zoo retains the proceeds not the individual Defendants the Sellners.

55. Paragraph 55 is admitted to the extent that the United States Department of Agriculture has issued citations and warnings against the zoo. It is further stated that these issues have been corrected when brought to the attention of the zoo.

56. Paragraph 56 is denied. The United States Department of Agriculture was called regularly by the Plaintiffs in this action to complain the zoo had issues. It is further stated that Zanesville has nothing to do with this facility.

57. Paragraph 57 is denied and it is further stated that the inspector at the zoo did not state that any animals were suffering.

58. Paragraph 58 is admitted that the number of animals increased and that is because the animals include sheep which had lambs in December and January that increased the herd count.

59. Paragraph 59 is admitted that the zoo was fined over $6,000.00 in April of 2013 but the characterizations of "numerous repeated violations of the AWA" is misleading.

60. Paragraph 60 is admitted that the United States Department of Agriculture expressed concern for the staffing of the zoo but it is denied that this is a problem with the zoo because the zoo uses barriers and attendants to control the animals.

61. Paragraph 61 is denied and it is further stated that the sow was not due to farrow until November 1, 2013. The sow came in six days early and gave birth prior to the time that the sow had been due. She would have been sent to the kiddie barnyard barn to farrow. The pigs are not subject to jurisdiction under the ESA and are not endangered or threatened animals. They are common livestock.

62. Paragraph 62 is denied and it is further stated that this matter was re-inspected later and received no non-compliances.

63. Paragraph 63 is admitted in part in that the lemurs and tigers are endangered species. It is denied that the wolf hybrids (these are not gray wolves), the servals, and the African lions are endangered species.

64. Paragraph 64 is denied and the zoo is a U.S.D.A. licensed facility.

### The Lemurs

65. Paragraph 65 is admitted.

66. Paragraph 66 is admitted. It is further stated that these lemurs at the zoo were born in captivity, hand raised, and socialized with humans and animals.

67. Paragraph 67 admitted as to wild lemurs.

68. Paragraph 68 is admitted as to wild lemurs. These animals are not in the wild and were not raised in the wild and therefore these statements have no meaning.

69. Paragraph 69 is admitted as to wild lemurs. These animals are not in the wild and were not raised in the wild and therefore these statements have no meaning.

9

70. Paragraph 70 is admitted as to wild lemurs. These animals were not raised in the wild and these statements have no meaning.

71. Paragraph 71 is admitted that the lemurs which are not compatible are housed separately for their safety. Deny that the enclosures are cramped and further state they are more than 25 times the size the United States Department of Agriculture requires for housing lemurs with three to four times the vertical space. The enclosures have lighting indoors and natural lighting outdoors. They also have enrichment programs approved by the veterinarian for the zoo.

72. Paragraph 72 is denied and it is further stated that all "tropical" animals are kept indoors during the winter months in heated enclosures. These animals don't go outside in the spring until temperatures are above 62° for a daytime high. At night they are sheltered indoors all year around.

73. Paragraph 73 is denied. The objection raised by the United States Department of Agriculture inspector in August of 2011 was corrected in 2011 with lighting put up the next day and that has not been written up by the U.S.D.A. inspector since that inspection.

74. Paragraph 74 is denied. This fruit is not for the animals but instead was waiting to go to the compost area and it was left in the zoo but no in an animal enclosure or within reach of an animal. Fresh produce is brought into the zoo on a contract twice a week.

75. Paragraph 75 is denied. The lemurs aren't housed in the primate building and there was approximately a cup and a half of waste in the enclosure.

76. Paragraph 76 is denied as not being a current problem with the facility. It is further stated that a new white steel ceiling was installed in the building and the other problems noted were corrected.

77. Paragraph 77 is denied. The macque was the primate involved not a lemur and the allegations are denied.

78. Paragraph 78 is denied. The lemurs are directly next to each other. They get proper food and there has been no diagnosis of them being stressed nor have they been diseased.

**The Tigers**

79. Paragraph 79 is admitted.

80. Paragraph 80 is denied for lack of knowledge. It is further stated these tigers were hand raised and socialized with humans.

81. Paragraph 81 is denied for lack of knowledge. These tigers were hand raised and socialized with humans.

82. Paragraph 82 is admitted. It is further stated that the zoo lost a tiger cub to quick pneumonia even though the cub was treated by the zoo veterinarian.

11

83. Paragraph 83 is denied and it is further stated that the cages have pea gravel four inches deep for drainage and the tigers have scratch bars, pools and bowling balls in addition to whole prey enrichment in their cages.

84. Paragraph 84 is admitted but it is further stated that inspection was made during the winter time when the dung was frozen.

85. Paragraph 85 is admitted to the extent that this was a 6 x 4 panel to keep the cats from touching neighboring cats. It has been since replaced by a behlens panel.

86. Paragraph 86 is denied. One of the cubs died from pneumonia and a female tiger died from old age (20 years old).

87. Paragraph 87 is denied.

88. Paragraph 88 is admitted because Defendant Tom Sellner was telling the Associated Press that the cat, Sherekhan, came to them declawed by the previous owner.

89. Paragraph 89 is denied and further state that declawing is not the zoo's policy.

### The Gray Wolves

90. Paragraph 90 is admitted.

91. Paragraph 91 is denied for lack of knowledge.

92. Paragraph 92 is denied and it is further stated that the wolves are dog/wolf hybrids.

12

93. Paragraph 93 is denied and it is further stated that Exhibit C is not a photograph of a gray wolf, instead it is a photograph of a coyote.

94. Paragraph 94 is denied and it is further stated that in February, feces freeze and the zoo is sometimes unable to clean up feces entirely.

95. Paragraph 95 is admitted to the extent that the inspectors have improperly listed supposed violations. Deny that the violations are continuing or that they have not been corrected and the zoo is in compliance with U.S.D.A. regulations.

96. Paragraph 96 is denied to the extent that it is referring wolf hybrids at Cricket Hollow Zoo as "gray wolves." Wolf hybrids eat dog food and supplemental meat.

97. Paragraph 97 is denied. Once again the wolf hybrids eat dog food and supplemental meat.

### The Serval

98. Paragraph 98 is admitted.

99. Paragraph 99 is admitted but it is further stated the transaction was never completed.

100. Paragraph 100 is admitted.

101. Paragraph 101 is admitted that it was a problem cited by the U.S.D.A. inspector in June of 2013 but the problem was cleaned and taken care of.

13

102. Paragraph 102 is admitted that the servals spray urine on the walls and further stated that the matters cited in the U.S.D.A. inspection report were taken care of.

103. Paragraph 103 is admitted that the U.S.D.A. inspector observed cobwebs and these were taken care of.

## The Lions

104. Paragraph 104 is admitted. It is further stated that African lions are not endangered.

105. Paragraph 105 is admitted to the extent that the FWS may be considering this but deny that the African lions which were acquired by the zoo were endangered at the time.

106. Paragraph 106 is denied that the lions at the zoo are Asian lions but instead admit that they are African lions.

107. Paragraph 107 is admitted that there was a female lion that had health concerns (pancreatitis) and that lion was under a veterinarian's care.

108. Paragraph 108 is denied.

109. Paragraph 109 is denied and further state that the old sick lioness (Kamarah) did die but she died before cold weather set in.

110. Paragraph 110 is denied.

14

## CLAIMS FOR RELIEF

## Violations of the Endangered Species Act

### Count I – Unlawful "Take" of Endangered Species

111. The Defendants reallege and replead their answers to each of their answers contained in paragraphs 1-110 as thought fully set forth herein.

112. Paragraph 112 is admitted that the Endangered Species Act prohibits the take of certain enumerated species.

113. Paragraph 113 is denied.

114. Paragraph 114 is admitted that the Court has certain authority pursuant to the ESA but denies that the Defendants committed any acts that would invoke said authority.

### Count II – Unlawful of Possession of Protected Species

115. The Defendants reallege and replead their answers to each of their answers contained in paragraphs 1-114 as thought fully set forth herein.

116. Paragraph 116 is admitted.

117. Paragraph 117 is denied.

118. Paragraph 118 is admitted but the Defendants further state that the Court has no reason to award any relief to the Plaintiffs in this action.

15

## Count III – Unlawful Trafficking of Protected Species in Commerce

119. The Defendants reallege and replead their answers to each of their answers contained in paragraphs 1-118 as thought fully set forth herein.

120. Paragraph 120 is admitted.

121. Paragraph 121 is denied.

122. Paragraph 122 is admitted that the Court has authority to issue an injunction for violations of the ESA but further state that the Court has no reason in this instance to grant any relief prayed for by the Plaintiffs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to bring this lawsuit because they have not been injured or adversely affected by the actions of the Defendants and instead the Plaintiffs have gone out of their way to enter, spy on, and impede the operations of the Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the applicable statutes of limitation, statute of repose, or by the equitable doctrine of laches.

## PRAYER FOR RELIEF

A. The Defendants pray that this action be dismissed against them and/or judgment be entered in favor of the Defendants.

B. Pursuant to 16 U.S.C. §1540(g)(4) pray that the Court award the cost of litigation including reasonable attorney's fees and expert witness fees to the Defendants for defending said action.

Dated: July 17, 2014            Respectfully submitted,

_____
Larry J. Thorson            #AT0007976
ACKLEY KOPECKY & KINGERY, L.L.P.
4056 Glass Road, NE
Cedar Rapids, IA 52402
Ph: (319) 393-9090  Fax: (319) 393-9012
Email: lthorson@akklaw.com

Copies to:

Daniel J. Anderson
Wertz & Dake
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500

Daniel Lutz and Jessica Blome
Animal Legal Defense Fund
170 E. Cotati Avenue
Cotati, CA 94931

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the parties or their attorney of record in the above-entitled cause to each such party or attorney at his or her legal address as shown below on the 17th day of July, 2014.

BY:

____✓____ U.S. Mail  _____ Fax  _____ Hand Delivery
_____ Overnight mail/Messenger  ✓ CM/ECF Procedure
Other

/s/ Theresa Trenary