IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, et al., | ) |
| Plaintiffs, | ) Case No. C14-02034-JSS |
| v. | ) **PLAINTIFFS' MOTION TO EXCLUDE PARAGRAPH 45 OF THE AFFIDAVIT OF DEFENDANT PAMELA SELLNER AND DEFENDANTS' EXHIBITS X AND AA** |
| PAMELA SELLNER, et al., | ) |
| Defendants. | ) **(ECF NO. 28-5, at 22-34, 48); (ECF NO. 28-7)** |

**MOTION TO EXCLUDE PARAGRAPH 45 OF THE AFFIDAVIT OF DEFENDANT PAMELA SELLNER AND DEFENDANTS' EXHIBITS X AND AA**

At the summary judgment stage, responses must be supported by admissible evidence. *Fireman's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993); *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F3d 1093, 1098 (8th Cir. 1996). Affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311 at 1317 (8th Cir. 1996); *Hagen v. Siouxland Obstetrics & Gynecology, P.C.*, 934 F.Supp.2d 2012, 1042-1043 (N.D. Iowa 2013). Exhibits to summary judgment motions, similarly, are not "pleadings". *Jones v. Dolgencorp Inc.,* 789 F.Supp.2d 1090, 1096 (N.D. Iowa 2011). Exhibits to summary judgment pleadings may be stricken or excluded from the record on summary judgment if they run afoul of the Federal Rules of Evidence. *See id.* Moreover, according to Local Rule 56(e), a document

1

included in an appendix must be "authenticated properly, by affidavit or in some other lawful manner, or it may not be considered by the court in ruling on a motion for summary judgment

While several of the statements in Defendants' Additional Statement of Material Facts (ECF No. 28-2 at 17-24) and in Defendants' Response and Resistance to Plaintiffs' Statement of Material Facts (ECF No. 28-1) contain irrelevant facts, inadmissible opinion, or legal conclusions, Plaintiffs hereby highlight for the Court three particular pieces of Defendants' evidence that do not meet the fundamental admissibility criteria and should be excluded from consideration on summary judgment. First, in support of Defendants' Resistance to Plaintiffs' Motion for Summary Judgment, Defendants attach the Affidavit of Pamela Sellner (ECF No. 28-7) and two exhibits containing unauthenticated photographs (ECF No. 28-5 at 22-34, 48). Paragraph 45 of the Affidavit of Pamela Sellner is inadmissible evidence because it contains testimony meant to contradict previous sworn deposition testimony, and the photographs contained in Exhibits X and AA are not authenticated and are inadmissible. Plaintiffs respectfully move the Court to exclude Paragraph 45 of the Affidavit of Pamela Sellner and Exhibits X and AA from the Court's consideration of the issues at the summary judgment stage.

**I.      Statements made by Defendant Pamela Sellner in her Affidavit must be stricken from the record because they improperly contradict previously sworn testimony.**

Most federal district courts, including the Eighth Circuit Federal Court, have embraced the "sham affidavit" rule, which prevents a party from defeating summary judgment by simply denying, in a subsequent affidavit or declaration, a statement that the party had earlier admitted in a sworn statement. *See City of St. Joseph v. Southwestern Bell Tel.*, 439 F.3d 468, 475-476 (8th Cir. 2006) (citing *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1363 (8th Cir. 1983) ("If a party who had been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly

2

diminish the utility of summary judgment as procedure for screening out sham issues of fact."); *see also In re Family Dollar FLSA Litig*. 637 F.3d 508, 512-513 (4th Cir. 2011).  To create a genuine dispute for trial sufficient to defeat summary judgment, such a party must, in addition to the denial itself, offer an explanation for the inconsistency that the district court finds adequate to allow a reasonable juror to *both* accept the current denial and yet still assume either the truth of, or the party's good faith belief in, the earlier sworn statement.  *See Cleveland v. Policy Management Systems Corp*., 526 U.S. 795, 804 (1999) (emphasis added), *Meuser v. Federal Express Corp*. 564 F.3d 507, 515 (1st Cir. 2009), *Galvin v. Eli Lilly & Co.,* 488 F.3d 1026, 1030 (D.C. Cir. 2007).  Here, these criteria are not met, and Defendants' statements are inadmissible.

At Paragraph 45 of her Affidavit, Ms. Sellner attempts to explain away damning statements she previously made during her deposition regarding Plaintiffs' interstate trafficking claim.  Ms. Sellner stated she "did not say that the gentlemen who got in trouble with the authorities was an example to follow.  I meant to say that he was an example of why it is good to know what the regulations are so you don't get in trouble. . ."  ECF No. 28-7 ¶ 45.  Ms. Sellner's deposition testimony, copied below and provided in Plaintiffs' previously-submitted Appendix (ECF No. 21-13, Ex. 7 at 0480–0483), speaks for itself and directly contradicts her Affidavit statements.  Furthermore, Ms. Sellner completed and provided Plaintiffs with a four-page errata sheet nearly 40 days after her deposition, which did not include these changes to her deposition testimony on the relevant subject matter.  *Id.* at 0479-0483.  Ms. Sellner apparently did not realize this need until after the Plaintiffs filed their Motion for Summary Judgment, where the following two sections of Ms. Sellner's deposition testimony, copied below, were highlighted:

*Section One*

Q: Okay. And Jim Reno. You mentioned that you regarded him as an expert.

A: Well, he knows USDA laws firsthand and I've dealt with him with animals.

Q: When you say he knows it firsthand, what do you mean?

A: Because he got into trouble for signing a paper wrong and he did federal prison time. So I know for a fact how to fill out papers properly, and he does, too.

Q: What papers?

A: USDA transfer or something.

ECF No. 21-13, Ex. 7 at 0410 (Tr. P. Sellner at 95:8-19).

*Section Two*

Q: What's your understanding of the restrictions on what you can do with an endangered animal in the United States?

A: It has to only be sold within your state. If it goes over a state line, then it needs to be donated or else they have to have a CITES permit in which to get that animals.

Q: So you say it has to be donated. What leads you to believe that that donation absolves you from requirements with the endangered regulations?

A: Cause that's just the way it is. You did not take money for an endangered species. You can – I could sell a lemur in Iowa. I could sell a tiger in Iowa, if I had somebody that wanted to buy one. But if somebody in Illinois calls me and wants a lemur, they're going to have to either get me to donate it to them or they're going to have to come up with a CITES permit.

Q: So the donation of animals across state lines is in contemplation of not – not invoking the Endangered Species Act.

A: I don't know what that means.

Q: You're making an intentional decision to donate an animal that would otherwise be covered by the Endangered Species Act.

4

A: Yes.

ECF No. 21-13, Ex. 7 at 0402 (Tr. P. Sellner 61:10-62:11).

During her deposition, Ms. Sellner plainly understood what she was saying, and Ms. Sellner conveyed her methodology for getting around Endangered Species Act regulations requiring interstate commerce permits for the transfer of endangered wildlife in the United States.  Paragraph 45 of the Affidavit of Pamela Sellner should be excluded from the record because it contains contradictory testimony and constitutes a "sham" affidavit meant to create a material issue of fact where properly obtained evidence confirms none exists.  The information presented in Paragraph 45 is not admissible evidence under Fed. R. Civ. P. 56(c)(4) and must be excluded.

## II.     Exhibits X and AA should be stricken from the record because Defendants failed to lay a proper foundation for the admissibility.

Federal Rule of Evidence 901 makes authentication or identification of evidence a condition precedent to admissibility.  Fed. R. Evid. 901(a) ("the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").  This standard applies at the summary judgment stage.  *See Stuart Gen. Motors Corp.*, 217 F.3d 621, 635-636 n. 20 (8th Cir. 2000) ("[t]o be considered on summary judgment documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…"); *Schmidt v. City of Bella Villa*, 557 F.3d 564, 568-469 (8th Cir. 2009) (photographic evidence at summary judgment stage not authenticated and thus properly excluded).  To satisfy this burden, the offering party must present evidence "sufficient to support a finding that the matter in question is what its proponent claims," which is as simple as producing testimony from a witness with knowledge that a matter is what it is claimed to be. Fed. R. Evid. 901(a).

5

At Paragraphs 52 and 56 of Defendants' Resistance to Plaintiffs' Statement of Material Facts, Defendants identify a series of photographs marked as Defendants' "Exhibit X." ECF No. 28-1 at ¶ 52, 56, Defendants' App. p. 122-133. Defendants allege that the photographs identified as Exhibit X were taken by Dr. Gary Pusillo, who is not a party to this matter and has not submitted an affidavit or in any way authenticated the photographs in conjunction with Defendants' proffer of Exhibit X. Moreover, during his deposition Dr. Pusillo was able to discuss only one of the photographs of a tiger—which was taken in 2005—because he readily admitted that he did not produce the remainder of his photographs in response to Plaintiffs' subpoena for all documents related to his work at the Zoo. ECF No. 28-6 at 111-112, (Tr. Pusillo, at 112:4-11); P. Supp. App. Ex. 13 at 0740. The photographs contained in Exhibit X have not been authenticated and are thus inadmissible under FRE 901 and must be excluded from the Court's consideration on summary judgment.

Similarly, Defendants introduce a photograph of a captive elephant held at an unknown location at an unknown time as "Exhibit AA" in Paragraph 95 of Defendants' Resistance to Plaintiffs' Statement of Material Facts. ECF No. 28-1 at 27, ¶ 95, Defendants' App. p. 147. Defendants' response makes representations about the photograph without identifying who took it or how they could know the information represented was accurate. *Id.* Defendants have failed to produce a witness with knowledge of the circumstances of the photograph, which cannot be authenticated, and is wholly irrelevant. The photograph contained in Exhibit AA has not been authenticated and is thus inadmissible under FRE 901 and must be excluded from the Court's consideration on summary judgment.

**THEREFORE**, Plaintiffs respectfully request that the Court exclude Paragraph 45 of the Affidavit of Pamela Sellner and Defendants' Exhibits X and AA to their Resistance to Plaintiffs'

Motion for Summary Judgment from the record on summary judgment and award Plaintiffs their attorneys' fees and costs incurred in bringing this Motion.

Dated: June 29, 2015　　　　　　　　Respectfully submitted,

*/s Daniel J. Anderson*
Daniel J. Anderson (IA Bar No. 20215)

danderson@wertzlaw.com
WERTZ & DAKE
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500
319.861.3001

*/s Jessica L. Blome*
Jessica L. Blome (*pro hac vice*)
Missouri Bar No. 59710
jblome@aldf.org

Jeff Pierce (*pro hac vice*)
California Bar No. 293085
jpierce@aldf.org

ANIMAL LEGAL DEFENSE FUND
170 E. Cotati Avenue
Cotati, CA 94931
707.795.2533

ATTORNEYS FOR PLAINTIFFS