IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, et al., | ) Case No. C14-02034-JSS |
| Plaintiffs, | ) [PROPOSED] **ORDER ON PLAINTIFFS' MOTION TO EXCLUDE PARAGRAPH 45 OF THE AFFIDAVIT OF DEFENDANT PAMELA SELLNER AND DEFENDANTS' EXHIBITS X AND AA** |
| v. | |
| PAMELA SELLNER, et al., | **(ECF NO. 28-5, at 22-34, 48);** |
| Defendants. | **(ECF NO. 28-7)** |

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION TO EXCLUDE**

Plaintiffs have moved this Court for an order granting their motion to exclude certain statements made in the Affidavit of Pamela Sellner (ECF No. 28-7) and certain photographic exhibits provided by the Defendants (ECF No. 28-5 at 22-34, 48), in support of the Defendants' Resistance to Plaintiffs' Motion for Summary Judgment. ECF No. 28.

At the summary judgment stage, responses must be supported by admissible evidence. *Fireman's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993); *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F3d 1093, 1098 (8th Cir. 1996).

Defendant Pamela Sellner's Affidavit, Paragraph 45, contradicts, and attempts to correct, her previously sworn deposition testimony. This is an impermissible approach to try to defeat Plaintiffs' Motion for Summary Judgment. Fed. R. Civ. P. 56(c)(4); *see City of St. Joseph v. Southwestern Bell Tel.*, 439 F.3d 468, 475-476 (8th Cir. 2006) (citing *Camfield Tires, Inc. v.*

1

*Michelin Tire Corp.*, 719 F.2d 1361, 1363 (8th Cir. 1983); *see also In re Family Dollar FLSA Litig*. 637 F.3d 508, 512-513 (4th Cir. 2011).

Defendants' photographs at Exhibits X and AA are not authenticated and improperly before the court and must be excluded. Under Local Rule 56(e), supporting evidence for summary judgment motions must be properly authenticated. Federal Rule 901 makes authentication or identification of evidence a condition precedent to admissibility. Fed. R. Evid. 901(a) ("the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). *See also See Stuart Gen. Motors Corp.*, 217 F.3d 621, 635-636 n. 20 (8th Cir. 2000) ("[t]o be considered on summary judgment documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…"); *Schmidt v. City of Bella Villa*, 557 F.3d 564, 568-469 (8th Cir. 2009) (photographic evidence at summary judgment stage not authenticated and thus properly excluded). These photographs have not been authenticated and are thus inadmissible under FRE 901 and must be excluded from the Court's consideration on summary judgment.

**THEREFORE** it is this \_\_\_\_ day of _____, 2015.

**ORDERED** that Plaintiffs' Motion is granted.

_____
Hon. Jon S. Scoles
United States District Judge