# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, et al., | Case No. C14-02034-JSS |
| Plaintiffs, | **PLAINTIFFS' MOTION IN** |
| v. | **LIMINE TO EXCLUDE** |
| | **EXPERT OPINION TESTIMONY** |
| PAMELA SELLNER, et al., | |
| | **Judge: Hon. Jon Stuart Scoles** |
| Defendants. | **Trial Date: October 5-8, 2015** |

At trial, Defendants intend to call their designated expert witnesses as non-expert fact witnesses. Plaintiffs Tracey Kuehl, Lisa Kuehl, Nancy Harvey, Kristine Bell, John Braumann and the Animal Legal Defense Fund (Plaintiffs) hereby respectfully move to prevent Defendants' designated experts, Pamela Sellner, Dr. John Pries, and Dr. Gary Pusillo from testifying beyond the scope of opinion testimony allowed of fact witnesses under Federal Rule of Evidence (FRE) 701 in violation of FRE 702 because Defendants failed to comply with Federal Rule of Civil Procedure 26 (Rule 26) during discovery. In the alternative, if the Court will permit Dr. Gary Pusillo to proffer any expert testimony under FRE 702, Plaintiffs move the Court to limit such testimony as to animal nutrition and to disallow such testimony as to animal husbandry.

## Introduction

Plaintiffs allege that Defendants have violated the Endangered Species Act, 16 U.S.C. § 1531 *et. seq.*, by harming and harassing endangered species at the Cricket Hollow Zoo in Manchester, Iowa (Zoo) and trafficking in wildlife without the required interstate commerce permits for nearly a decade. The provisions of the ESA at issue

1

directly and indirectly concern animal husbandry practices, veterinary care, and management at the Zoo. In their Designation of Expert Witnesses, Defendants named the Zoo owner and operator (Defendant Ms. Sellner), the Zoo veterinarian (Dr. John Pries), and the Zoo nutritionist (Dr. Gary Pusillo), as experts in defense of the Defendants' practices. Defendants subsequently failed to disclose their expert opinions as required by Rule 26.

## Argument

1. **Any expert opinion testimony Defendants could offer at trial would unfairly surprise and prejudice Plaintiffs because Defendants failed to disclose expert opinions as required by Rule 26.**

Rule 26 requires the parties to identify any witness they may use at trial to present expert opinion testimony pursuant to FRE 702, 703, or 705. Rule 26(2)(A). The parties must further disclose either an expert report that sets forth a "complete statement of all opinions the witness will express and the basis and reasons for them" or a summary of the "facts and opinions to which the witness is expected to testify." *Id.* at (2)(B), (C). Exclusion of expert opinion testimony is the proper remedy whenever a party fails to disclose in accord with Rule 26. *Wegener v. Johnson*, 527 F.3d 687 (8th Cir. 2008) (upholding the trial court's decision to exclude expert testimony that was not disclosed during discovery). Defendants timely designated three expert witnesses who planned to testify in their defense, as well as a summary of the subject matter of testimony Defendants proposed to elicit from those experts. However, during the days and months following their designation, which included hours-long depositions, each witness disclaimed his or her role as an expert and failed to provide a summary of fact and opinions "to which the witness [was] expected to testify." To wit:

2

**Pamela Sellner**

- When asked whether Ms. Sellner had an opinion about the Association of Zoos and Aquariums, Ms. Sellner replied "no." *See* P. Sellner Tr. 42:18-19, the excerpts from which are attached to the Declaration of Jessica Blome as Exhibit 1, filed herewith;

- When asked if, in her expert opinion, Ms. Sellner felt that she went above and beyond the minimum requirements for animal husbandry set forth in the Animal Welfare Act, Ms. Sellner replied, "on some things." When asked to elaborate, Ms. Sellner replied, "I don't know just right off the top of my head." P. Sellner Tr. 66:7-15;

- When asked how, as an expert in this case, what she perceived as her purpose and function, Ms. Sellner replied, "I guess – I don't know. I don't know the answer to that." P. Sellner Tr. 68:3-8;

- Ms. Sellner testified that she's never provided an expert opinion to anyone before or consulted as an expert with anyone before. P. Sellner Tr. 72:19-24;

- When asked if she had formulated any other opinions about this case that she might offer as testimony, Ms. Sellner replied, "I don't know." P. Sellner Tr. 239:19-21.

**Dr. John Pries**

- When first asked about his expert opinions during his deposition, Dr. Pries replied, "I'm not clear what their [Pam and Tom Sellner] case is, other than they don't want Pam to have a zoo." *See* Pries Tr. 81:5-9, the

3

excerpts from which are attached to the Declaration of Jessica Blome as Exhibit 2, filed herewith;

- After complaining to Plaintiffs' attorney about his lack of understanding regarding Plaintiffs' lawsuit, Plainitffs' attorney asked Dr. Pries if, in his opinion, Pam and Tom Sellner are violating the Endangered Species Act. Without any apparent knowledge of what this case is about, Dr. Pries replied, "no." Pries Tr. 82:12-15. Dr. Pries based his "opinion" on the healthy animals he sees in cages that would be dead if "Pam didn't have them." Pries Tr. 82:16-22;

- When asked whether Dr. Pries knows about what subjects he might testify at trial, Dr. Pries replied, "No." Pries Tr. 83:2-5;

- Regarding whether Dr. Pries has an opinion about whether a person should seek the advice of a veterinarian when breeding wild animals, Dr. Pries nodded "no." Pries Tr. 111:8-12.

- Dr. Pries either isn't sure or doesn't know anything about lemurs "specifically." Pries Tr. 112:7-21. Dr. Pries doesn't have any opinion regarding what Defendants do well or don't do well for their lemurs. Pries Tr. 114:17-22; *see also*, Declaration of Jessica Blome, Exhibit 3, Dr. Pries C.V. Dr. Pries will have "nothing" to say about lemurs at the trial. Pries Tr. 114:23-115:1.

- Dr. Pries doesn't have any opinion regarding what Defendants do well or don't do well for their tigers. Pries Tr. 122:15-21. Dr. Pries will have "no

4

opinion" about the necessary enclosure size for tigers (Pries Tr. 132:23-133:3) or tiger needs for exercise or stimulation (Pries Tr. 133:20-25).

- Dr. Pries doesn't have an opinion about what wolves in captivity need or whether Defendants are meeting their wolves' needs at the Cricket Hollow Zoo. (Pries Tr. 136:11-25).

**Dr. Gary Pusillo**

- Though otherwise qualified to opine as an expert on animal nutrition, during his deposition, Dr. Pusillo engaged in the following exchange with Plaintiffs' attorney:
    - Q: Okay. Dr. Pusillo . . . I want to be absolutely clear that I'm understanding you correctly, that until this moment, you have not formulated any expert opinions – with regard to the Cricket Hollow Zoo; correct?
    - A: I have not been asked to form an expert opinion.
    - Q: It's my right as the attorney for the plaintiff to discover the expert opinions that you might have formulated with regard to the Cricket Hollow Zoo prior to trial. Today, the discovery period ends for this case, so I want to be clear that there's no additional opportunity for you to formulate expert opinions, and then I'll ask you again. Do you understand?
    - As: I understand.

- Q: And so as of today, the Cricket Hollow Zoo defendants, neither Pam nor Tom nor their attorney, have asked you to formulate an expert opinion with regard to this case?
- A: No.
- Q: So you have not formulated any expert opinion with regard to this case; correct?
- A: I have not been asked to form an expert opinion.

Dr. Pusillo goes on to explain that he "might" develop an expert opinion between the time of his deposition and trial, at which point he will offer it at trial. *See* Pusillo Tr. 108:21-110:22, the excerpts from which are attached to the Declaration of Jessica Blome as Exhibit 4, filed herewith;

To be sure FRE 701 allows fact witnesses to offer opinion testimony (1) rationally based on the witness's perception; (2) helpful to clearly understand the witness's testimony; and (3) not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. But Defendant Pamela Sellner, Dr. John Pries, and Dr. Pusillo should not have the opportunity to give *expert* opinion testimony at trial that differs from the testimony they gave during their depositions. Defendants' experts did not submit expert reports, did not offer any expert opinion during depositions, did not respond to Plaintiffs' expert declarations at summary judgment with cross- or rebuttal declarations, and did not supplement Defendants' discovery responses at any time as to expert opinion. As evidenced by their flagrant disregard for Rule 26's requirements for disclosure, Defendants have engaged in a campaign of obfuscation, and any attempts to

6

present expert witness testimony at trial would prejudice Plaintiffs and unfairly surprise them.

   **2. Dr. Gary Pusillo is not qualified as expert on animal husbandry under FRE 702 and should not be allowed to opine at trial on any subjects outside his expertise.**

Although to permit Dr. Gary Pusillo to offer *any* expert testimony at trial would prejudice Plaintiffs and unfairly surprise them in violation of the requirements of Rule 26, if the Court is nonetheless inclined to permit Dr. Pusillo to offer expert testimony, such testimony must be limited to the field of his expertise. That expertise lies in animal nutrition, and does not reach the field of animal husbandry.

Under Federal Rule of Evidence 702, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." In *Daubert,* the Supreme Court held that FRE 702 imposes a special obligation upon a trial judge to "ensure that any and all scientific testimony ... is not only relevant, but reliable." *Daubert, et al. v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, (1993); *see also Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). The trial court is accorded wide discretion when acting as a gatekeeper for the admissibility of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151-52 (1999); *see also U.S. v. Hawley*, 562 F.Supp.2d 1017, 1036-37 (N.D. Iowa 2008) (acknowledging that expert opinion admissibility standards are put in place to give the witnesses' testimony the appropriate weight that it fairly deserves). In order to determine whether the testimony is admissible, the court must analyze "whether the reasoning or methodology underlying the testimony

is scientifically valid, and [] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert,* 509 U.S. at 592. The Defendants cannot meet their burden as to either test.

*Daubert* requires that an expert's testimony "fit" the case, meaning it must be relevant and "logically advanc[e] a material aspect of the proposing party's case." *Daubert* at 1315; *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Plaintiffs recognize that Dr. Pusillo likely has the knowledge, skill, experience, training or education to be an expert on *nutrition* issues in this case. However, animal nutrition is not relevant to the vast majority of Plaintiffs' allegations against Defendants regarding poor sanitation, harmful socialization, inadequately enriched environments, incompetent veterinary care, or deficient management of the Zoo's finances and resources needs. Dr. Pusillo has little to no experience in these aspects of animal husbandry, as evidenced by his C.V. *See* Dr. Pusillo's C.V., which is attached to the Declaration of Jessica Blome as Exhibit 5.

Indeed, upon careful examination of Dr. Pusillo's qualifications, background, and experience, Dr. Pusillo only expounded upon his expertise in animal husbandry without substantiating a single claim. *See* Pusillo Tr. 19:25-20:4. ("[I will testify as] someone who is experienced in all aspects of animal husbandry, I would consider myself, you know – like I said, it's kind of substantial. I am who I am. It's a fact."). He suggested that his understanding of the "cellular level" of lions indicates that he understands "all aspects" of lion care (Pusillo Tr. 54:15-21) and explained that it's "quite easy to know what a tiger requires most in its diet, you don't feed it corn" as the basis for his expertise in tiger husbandry (Pusillo Tr. 59:12-25). When asked about his experience with lemur

care, Dr. Pusillo explained that lemurs are "interesting creatures," "kind of shy," but that he never "had a formal course" in lemurs. (Pusillo Tr. 63:8-64:7). Regarding captive wolves, Dr. Pusillo opined philosophically about their social nature but disclaimed that the majority of his experience with wolves came from his study of a wild wolf pack in Mongolia. (Pusillo Tr. 61-63:7).

The reasoning or methodology underlying Dr. Pusillo's testimony regarding animal husbandry is not scientifically valid. Moreover, that reasoning or methodology properly cannot be applied to the facts in issue in this case without creating confusion and introducing completely irrelevant facts in the trial record. Dr. Pusillo's belief that he is an expert in animal husbandry is not based on any reliable or credible knowledge, experience, training, or education in animal husbandry and must be excluded under *Daubert*. If the Court permits Dr. Pusillo to provide any expert testimony whatsoever—though Plaintiffs have argued above the Court should not—Dr. Pusillo's FRE 702 testimony should be limited to animal nutrition.

**THEREFORE,** Plaintiffs respectfully request an order excluding Pamela Sellner, Dr. John Pries, and Dr. Gary Pusillo from testifying beyond the scope of opinion testimony allowed of fact witnesses under FRE 701 in violation of FRE 702 and Rule 26.

In the alternative, Plaintiffs respectfully request an order excluding Pamela Sellner and Dr. John Pries from testifying beyond the scope of opinion testimony allowed of fact witnesses under FRE 701 in violation of FRE 702 and Rule 26, and excluding Dr. Gary Pusillo from testing beyond the scope of animal nutrition under FRE 702.

Respectfully submitted this 4th day of September, 2015.

*/s/ Daniel J. Anderson*
Daniel J. Anderson (IA Bar No. 20215)

danderson@wertzlaw.com
WERTZ & DAKE
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500
319.861.3001

*/s/ Jessica L. Blome*
Jessica L. Blome (*pro hac vice*)
Missouri Bar No. 59710
jblome@aldf.org

Jeff Pierce (*pro hac vice*)
California Bar No. 293085
jpierce@aldf.org

ANIMAL LEGAL DEFENSE FUND
170 E. Cotati Avenue
Cotati, CA 94931
707.795.2533

*/s/ Elisabeth Holmes*
Elisabeth Holmes (*pro hac vice*)
Oregon Bar No. 120254
Blue River Law, P.C.
P.O. Box 293
Eugene, Oregon 97440
541.870.7722

ATTORNEYS FOR PLAINTIFFS