IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | ) | |
|---|---|---|
| TRACEY K. KUEHL, et al., | ) | Case No. C14-02034-JSS |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' SECOND** |
| v. | ) | **MOTION IN LIMINE** |
| | ) | **REGARDING THE** |
| PAMELA SELLNER, et al., | ) | **AUTHENTICITY AND** |
| | ) | **ADMISSIBILTY OF USDA** |
| Defendants. | ) | **RECORDS** |
| | ) | |
| | ) | **Judge: Hon. Jon Stuart Scoles** |
| | ) | **Trial Date: October 5-8, 2015** |

At trial, Plaintiffs Tracey Kuehl, Lisa Kuehl, John Braumann, Kristine Bell, Nancy Harvey, and the Animal Legal Defense Fund (Plaintiffs) intend to introduce records obtained from the United States Department of Agriculture (USDA) in response to requests under the Freedom of Information Act. 5 U.S.C. § 552 *et seq* [hereinafter FOIA]. Plaintiffs intend to use the records to demonstrate Defendants' repeated and ongoing failures to comply with the Animal Welfare Act 7 U.S.C. § 2131 (AWA) and accompanying regulations at the Cricket Hollow Zoo in Manchester, Iowa. Plaintiffs hereby move in limine for a ruling that USDA records including correspondence, settlement agreements, inspection and investigation reports, and complaints written or filed by the USDA are self-authenticated, relevant, and admissible at trial.

## Introduction

Plaintiffs allege that Defendants have violated and continue to violation Section 9 of the Endangered Species Act, which makes it unlawful for any person to "take" any endangered species "within the United States or the territorial seas." 16 U.S.C. § 1538. The U.S. Fish and Wildlife Service defines "take" to include harassing and harming endangered wildlife. Harass and harm are separately defined at 50 C.F.R. § 17.3. The definition of harass includes an

exception for generally accepted "animal husbandry practices that meet or exceed the minimum standards for the facilities and care under the Animal Welfare Act." 50 C.F.R. § 17.3. Defendants have repeatedly claimed they qualify for this regulatory exemption and are therefore not subject to ESA jurisdiction because they possess a USDA license to exhibit animals pursuant to the AWA. But whether Defendants merely possess a license is irrelevant, as the exemption requires a person to "meet or exceed the minimum standards for facilities and care" under the AWA. For more than one decade, the USDA has documented instances of ongoing non-compliance with the AWA at Defendants' zoo in the form of correspondence, settlement agreements, inspection and investigation reports, and formal complaints filed before the Secretary of Agriculture. In fact, the USDA inspection reports are organized in a manner such that each report addresses, point-by-point, citations for non-compliance with specific regulations pertaining to animal husbandry at the facility being inspected. These documents, which Plaintiffs obtained from the USDA in response to FOIA requests or from the USDA's online FOIA Reading Room, are self-authenticating, relevant, and admissible at trial. No testimony of a record-keeper is required, and the records contain relevant facts. *See* Fed. R. Evid. (FRE) 401.

## Argument

1. **USDA records are self-authenticating.**[1]

Public documents—or copies of public documents—that have been signed and certified by an officer or employee of the United States as well as "publications" issued by public authorities are self-authenticating. FRE 902(2), (4), (5). That is they "require no extrinsic evidence of authenticity in order to be admitted" at trial. *Id.* Moreover, in order to authenticate evidence, a proponent must only "produce evidence sufficient to support a finding that the item

---

[1] Defendants' counsel has represented to Plaintiffs that Defendants would not object to USDA records on authentication grounds. In the interests of preserving Plaintiffs' rights on this issue, and judicial economy, Plaintiffs include in their motion this argument on self-authentication.

is what the proponent claims it is." FRE 901(a). Either in response to a FOIA request or through publication of documents on USDA's online FOIA Reading Room, Plaintiffs have obtained copies of USDA inspection and investigation reports, correspondence, settlement agreements, and complaints regarding the Cricket Hollow Zoo. On June 3, 2015, Plaintiffs' obtained certified copies of those records marked as Exhibits 4 through 26 on Plaintiffs' Trial Exhibit List pursuant to USDA procedures for certification set forth at 7 CFR § 1.22. The Declaration of Jessica Blome with USDA's certification page is attached hereto as Exhibit A. On September 1, 2015, Plaintiffs sent a secondary request for certification of the remaining USDA records marked on Plaintiffs' Trial Exhibit List as Plaintiffs' Exhibits 2, 3, and 27 through 38. Plaintiffs expect to have certification of those records at the time of trial, but even if Plaintiffs are unable to obtain certification of those records, they still meet the requirements of FRE 902(2) and (5) because they bear the signature of an officer or employee of the United States and were published by the USDA on its website. *Sams v. Geico Corp.*, 2002 WL 31975065 (D. Or. 2002) (declaration stating declarant printed item off a website was adequate to self-authenticate); FRE 901(b)(4) ("distinctive characteristics" can self-authenticate a document). When taken in light of the circumstances surrounding how Plaintiffs obtained the USDA records, and in the interests of judicial economy, this Court should rule in limine that the records are self-authenticating and admissible at trial.

2. **USDA records documenting Defendants' non-compliance with the Animal Welfare Act are relevant pursuant to Federal Rule of Evidence 401.**

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FRE 401. The standard of probability under the rule of relevancy is "more probable than it would be

without the evidence." *See* FRE 401, Advisory Committee Notes, July 1, 2015. The U.S. Fish and Wildlife Service itself suggests that AWA compliance status is a factor in determining whether a person has violated the ESA harassment prohibition with regard to captive wildlife. *See* 50 C.F.R. § 17.3 (providing an exemption from the harassment prohibition for persons licensed under the AWA who "meet or exceed" the AWA). The AWA requires licensees to submit to inspections by APHIS officials and veterinarians for the exact purpose of evaluating compliance with the AWA, so the parties—and this Court—have access to a trove of official documentation regarding Defendants' past and current AWA compliance status. In other words, whether Defendants have been cited for failing to meet or exceed the minimum requirements of the Animal Welfare Act tends to make Plaintiffs' allegations of harassment more or less probable and is of material consequence to Plaintiffs' claims. Without this evidence, Plaintiffs' case is severely prejudiced, and the Court will not have the most direct, relevant evidence before it when it decides this case.

Moreover, these records are all the more important in light of a recent decision from the Eleventh Circuit. The Eleventh Circuit held that continuous possession of a Class C Exhibitor license under the AWA, and the annual renewals that it entails, does not automatically indicate that a facility is historically, currently, or continuously meeting the standards for animal husbandry set forth in the AWA. *See Animal Legal Defense Fund v. Vilsack,* 789 F.3d 1206, 1222 (11th Cir. 2015). To be sure in *ALDF v. Vilsack,* ALDF argued that the USDA arbitrarily and capriciously renewed a marine mammal exhibitor's Class C Exhibitor License because the exhibitor had been in chronic non-compliance with the AWA for several years. *Id.* USDA argued that it did not have to consider whether a licensee had complied with the AWA before it could annually renew the exhibitor's license; rather, according to the USDA, the AWA gives the

4
Case 6:14-cv-02034-JSS   Document 46   Filed 09/04/15   Page 4 of 6

USDA authority to evaluate an exhibitor's annual license renewal application *for completeness only*. *Id.* (emphasis added). The Court agreed with the USDA, holding that "USDA's interpretation—which does not condition renewal on compliance with animal welfare standards on the anniversary of the license issuance date—is a reasonable one. The USDA's renewal scheme is a sensible policy choice that balances the competing demands of due process and animal welfare." *Id.* at 1223. In addition, in this case Plaintiffs will introduce evidence that on July 30, 2015, the USDA filed a complaint with the Secretary of Agriculture against Defendants to initiate the administrative process required to sanction Defendants for AWA violations. USDA's remedy can include license revocation. In other words, under *ALDF v. Vilsack*, the fact that Defendants currently have a valid license from the USDA under the AWA is meaningless here. Defendants' current license in no way indicates that they are meeting or exceeding the standards set forth in the AWA. The USDA public records, however, have a *great* tendency to make facts more or less probable than without this evidence, and these facts are very clearly facts of consequence the Court will need in determining the outcome of this action. *See* FRE 401. Thus, the USDA records that document Defendants' non-compliance with the AWA are therefore relevant and admissible.

**THEREFORE**, Plaintiffs respectfully request that the Court issue an order in limine ruling that USDA correspondence, settlement agreements, inspection and investigation reports, and complaints written or filed by the USDA to document Defendants' non-compliance with the Animal Welfare Act are authenticated, relevant, and admissible at trial.

Respectfully submitted this 4th day of September, 2015.

>/s Daniel J. Anderson
> Daniel J. Anderson (IA Bar No. 20215)
>
> danderson@wertzlaw.com
> WERTZ & DAKE
> 1500 Center St. NE #101
> Cedar Rapids, IA 52402-5500
> 319.861.3001
>
> /s Jessica L. Blome
> Jessica L. Blome (*pro hac vice*)
> Missouri Bar No. 59710
> jblome@aldf.org
>
> Jeff Pierce (*pro hac vice*)
> California Bar No. 293085
> jpierce@aldf.org
>
> ANIMAL LEGAL DEFENSE FUND
> 170 E. Cotati Avenue
> Cotati, CA 94931
> 707.795.2533
>
> /s Elisabeth Holmes
> Elisabeth Holmes (*pro hac vice*)
> Oregon Bar No. 120254
> Blue River Law, P.C.
> P.O. Box 293
> Eugene, Oregon 97440
> 541.870.7722
> eli.blueriverlaw@gmail.com
>
> ATTORNEYS FOR PLAINTIFFS