IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, et al., | ) Case No. C14-02034-JSS |
| Plaintiffs, | ) **PLAINTIFFS' THIRD** |
| v. | ) **MOTION IN LIMINE** |
| | ) **REGARDING ORDER OF PROOF** |
| PAMELA SELLNER, et al., | ) |
| | ) **Judge: Hon. Jon Stuart Scoles** |
| Defendants. | ) **Trial Date: October 5-8, 2015** |

At trial, Plaintiffs Tracey Kuehl, Lisa Kuehl, John Braumann, Kristine Bell, Nancy Harvey, and the Animal Legal Defense Fund (Plaintiffs) intend to call their previously-disclosed Fed. R. Civ. P. 26(a)(2)(A) designated expert witness David Allen during Plaintiffs' case-in-chief. Plaintiffs duly listed Mr. Allen on their Trial Witness List. Defendants have advised Plaintiffs that they intend to object to Mr. Allen's trial testimony on several grounds, one of which involves his order of testimony during trial. Plaintiffs, therefore, respectfully move in limine for an order from the Court allowing Plaintiffs to call their experts, including Mr. Allen, in their case-in-chief pursuant to Federal Rule of Evidence 611 (FRE).

## Introduction

This Court entered its Scheduling Order and Discovery Plan (ECF No. 10) shortly after Plaintiffs filed their lawsuit last summer. Plaintiffs timely designed their experts as Dr. Jennifer Conrad (a veterinarian) and Dr. Peter Klopfer (a lemur care expert); then Defendants timely designated their experts as Pamela Sellner (as an animal care and zookeeping expert), Dr. John Pries (a veterinarian), and Dr. Gary Pusillo (a nutritionist); and in response, shortly thereafter Plaintiffs designated their "rebuttal" expert as David Allen, at which time designation of experts ended. *See* Decl. J. Blome, Ex. 1-3. In their expert designation, Defendants characterized Ms. Sellner's expertise as follows: "Pamela Sellner has gained expertise over the years caring for

1

many types of animals. Her expertise is based on her experiences as well as her individual efforts at educating herself including working with other zookeepers and actual hands on experience for years of raising animals." *Id.* Ex. 2. Plaintiffs subsequently identified David Allen as an expert in zoo administration and designated him accordingly. Mr. Allen submitted an Affidavit in support of Plaintiffs' Motion for Summary Judgment, (ECF No. 21-30) and Plaintiffs have designated Mr. Allen as an expert witness on their Trial Witness List.

## Argument

This Court has "reasonable control" over the mode and order of witness examination and presentation of evidence so as to "(1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." FRE 611(a). In the Eighth Circuit, the parties are expected to present "all of their evidence" in their case-in-chief, and rebuttal should limited to claims and defenses the plaintiff could not have reasonably anticipated. *Smith v. Conley*, 584 F.2d 844, 846 (8th Cir. 1978) (upholding the trial court's decision to exclude rebuttal evidence that should have been presented in the plaintiff's case-in-chief); *see also Gossett v. Weyerhaueser Co.*, 856 F.2d 1154, 1156 (8th Cir. 1988) (discussed *infra*). Moreover, nothing in the Federal Rules of Civil Procedure, Federal Rules of Evidence, or myriad cases interpreting those rules suggests that Plaintiffs are bound to present witnesses at trial in the order they were disclosed during discovery. Indeed, compelling Plaintiffs to adhere to such a rigid rule would result in an inefficient presentation of Plaintiffs' case, especially when Plaintiffs have demonstrated their willingness to call all of their witnesses in their case-in-chief.

Most appellate cases concerning order of proof involve the trial court's decision to *exclude* rebuttal evidence that *should have been* presented in the plaintiff's case-in-chief. For example, in *Gossett v. Weyerhaeuser Co.,* the Eighth Circuit upheld the trial court's decision to

2

exclude rebuttal testimony from a witness because the proffered rebuttal testimony presented no new evidence, but was "offered merely to supplement the Gossetts' case-in-chief." *Gossett*, F.2d at 1156, n 3. Moreover, the trial court found that the plaintiffs could have presented, in their case-in-chief, any evidence they had which might have contradicted what they knew the defendant's expert would present for the defendant. *Id.* Similarly, in *Smith v. Conley,* the Eighth Circuit upheld the trial court's decision to exclude rebuttal testimony that should have been presented during the plaintiff's case-in-chief because the defendant's expert had testified on the relevant subject matter during his deposition. *Id. Cf. Berroryer v. Hertz*, 672 F.2d 334, 339 (3rd Cir. 1982) (permitting the presentation of a rebuttal witness in the plaintiff's case-in-chief because the defendant could not have been surprised by the witness's testimony).

Plaintiffs respectfully ask this Court to issue prior to trial an order allowing them to comply with the Eighth Circuit's preference for presenting all evidence in their case-in-chief, so the parties may properly prepare their case without further researching or preparing to defend Defendants' objections on this issue. Plaintiffs properly designated Mr. Allen as an expert witness in discovery and Defendants had more than adequate time to conduct discovery but did not. Defendants did not take Mr. Allen's deposition, nor did they serve expert discovery requests on Mr. Allen. Decl. J. Blome ¶ 5-7. Notably, Defendants did not take any depositions or serve *any* expert discovery on Plaintiffs' experts. *Id.* Plaintiffs properly designated Mr. Allen on their Trial Witness List. Defendants will not be surprised by the opinions Mr. Allen will offer and have adequate time to prepare their cross examination of him.

**THEREFORE**, Plaintiffs respectfully request that the Court make an order in limine allowing Plaintiffs to call their experts, including Mr. Allen, during their case-in-chief.

Respectfully submitted this 4th day of September, 2015.

*/s Daniel J. Anderson*
Daniel J. Anderson (IA Bar No. 20215)

danderson@wertzlaw.com
WERTZ & DAKE
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500
319.861.3001

*/s Jessica L. Blome*
Jessica L. Blome (*pro hac vice*)
Missouri Bar No. 59710
jblome@aldf.org

Jeff Pierce (*pro hac vice*)
California Bar No. 293085
jpierce@aldf.org

ANIMAL LEGAL DEFENSE FUND
170 E. Cotati Avenue
Cotati, CA 94931
707.795.2533

*/s Elisabeth Holmes*
Elisabeth Holmes (*pro hac vice)*
Oregon Bar No. 120254
Blue River Law, P.C.
P.O. Box 293
Eugene, Oregon 97440
541.870.7722

ATTORNEYS FOR PLAINTIFFS