# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| TRACEY K. KUEHL, an individual; <br> LISA K. KUEHL, an individual; <br> KRISS A. BELL, an individual; <br> JOHN T. BRAUMANN, an individual, <br> and; ANIMAL LEGAL DEFENSE <br> FUND, a non-profit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PAMELA SELLNER, an individual; <br> TOM SELLNER, an individual; and <br> CRICKET HOLLOW ZOO, a <br> non-profit corporation, <br><br> Defendants. | Case No. C14-2034-LRR <br><br> **PLAINTIFF ANIMAL LEGAL DEFENSE FUND'S RESPONSES TO DEFENDANT CRICKET HOLLOW ZOO'S INTERROGATORIES TO ANIMAL LEGAL DEFENSE FUND** |

COME NOWS, the Defendant, Cricket Hollow Zoo, and pursuant to Rule 33 of Federal Rules of Civil Procedure, hereby serves the attached interrogatories to be answered under oath by the Plaintiff, Animal Legal Defense Fund. These interrogatories are to be continuing in character, and if further or different information from answers becomes available to the Plaintiff to whom these interrogatories are directed, such information is requested to be forwarded to the attorneys for the Defendant. Where knowledge or information in the possession of is requested, such request includes the knowledge of the party's agents, representatives, and unless privileged, Plaintiff's attorney.

A. As used herein, the terms "you," "your," or "yourself" refers to Plaintiff and each of Plaintiff's agents, representatives, and attorneys and each person acting or purporting to act on Plaintiff's behalf.

B. As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the persons in question.

C. As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including division, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

D. As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter,

however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control.

  E. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

  F. As used herein, the terms "identification," "identify," or "identity," when used in reference to (a) a natural individual, require you to state his or her full name and residential and business addresses; (b) a corporation, require you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the addresses of all of its officers in any region; (c) a business, require you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate, and control the business; (d) a document, require you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, require you, if any part of the communication was written, to identify the document or documents which refer to or

evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

G. As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

With respect to each interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product

doctrine, or other ground, then do the following with respect to each and every document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state the subject matter of the document; and (e) state the basis upon which you contend you are entitled to withhold the document from production.

Respectfully submitted,

_____
Larry J. Thorson                    #AT0007976
ACKLEY KOPECKY & KINGERY, L.L.P.
4056 Glass Road, NE
Cedar Rapids, IA  52402
Ph: (319) 393-9090  Fax: (319) 393-9012
Email:  lthorson@akklaw.com

CERTIFICATE OF SERVICE

I, Theresa Trenary, of Ackley, Kopecky & Kingery, L.L.P., 4056 Glass Road NE, Cedar Rapids, Iowa 52402, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age.

That on the _____ day of _____, 2014, I served the original of the foregoing instrument, to which this Certificate is attached, either via electronic filing or by U.S. Postage prepaid mail, to the parties or the attorneys of record shown below, as follows:

    Original to:    Daniel J. Anderson
                      Wertz & Dake
                      1500 Center St. NE #101
                      Cedar Rapids, IA  52402-5500
                      danderson@wertzlaw.com

    Copy to:       Jessica Blome
                      Animal Legal Defense Fund
                      170 E. Cotati Avenue
                      Cotati, CA  94931
                      jblome@aldf.org

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____     _____
                    (Date)                                 (Signature)

**INTERROGATORY NO. 1**: Please identify who is answering these interrogatories, and state that person's:

A. Complete name; complete business and residence address and telephone numbers;

B. Such person's occupation, vocation, and professional field, if any;

C. Relationship to the Plaintiff herein.

**ANSWER:**

1. Jessica Blome, on behalf of: Animal Legal Defense Fund ("ALDF"); 170 E. Cotati Ave.; Cotati, CA 94931; 707-795-2533.

2. Staff Attorney at ALDF

3. Counsel for Plaintiff ALDF and for all individual plaintiffs

**INTERROGATORY NO. 2**: Identify each person you expect to call as an expert witness at trial, and for each person, describe the subject matter of expected testimony, their qualifications to testify as an expert on the subject(s), the substance of the facts to which the expert is expected to testify and relate his or her testimony, the mental impressions and the substance of opinions to which the expert is expected to testify, and a summary of the basis and grounds for each opinion.

**ANSWER:**

Plaintiffs object to Interrogatory No. 2 because it is vague, overbroad, and impossible to answer fully. Defendants have explicitly requested that Plaintiffs communicate future "mental impressions" of Plaintiffs' experts. Plaintiffs cannot possibly know what those future mental impressions might be.

Without waiving these objections, Plaintiffs may call as expert witnesses (1) Jennifer Conrad, D.V.M.; (2) Peter Klopfer, Ph.D.; and (3) Dorothy Cheney, Ph.D.

1. Dr. Conrad will testify respecting the neglect and mistreatment of Defendants' captive big cats and wolves. Her qualifications can be viewed in her C.V., which plaintiff has requested and will produce once received. A summary of the basis and grounds for Dr. Conrad's opinions can be gleaned from the letter communicating her concerns respecting Defendants' zoo that she sent to the United States Department of Agriculture's ("USDA") Animal and Plant Health Inspection Service ("APHIS") on May 22, 2014, and the declaration that accompanied that letter, attached herewith.

2. Dr. Klopfer will testify respecting the inadequate conditions Defendants provide to their captive lemurs. His qualifications can be viewed in his C.V., produced herewith. A summary of the basis and grounds for Dr. Klopfer's opinions can be gleaned from the declaration that he submitted with Plaintiffs' 60-Day Notice letter, produced herewith.

3. Dr. Cheney will testify respecting the inadequate conditions Defendants provide to their captive baboons.  Her qualifications can be viewed in her C.V., which plaintiff has requested and will produce once received.  A summary of the basis and grounds for the expert's opinions can be gleaned from the letter communicating her analysis of Defendants' zoo which she sent to APHIS on May 1, 2014, produced herewith.