UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, an individual; <br> LISA K. KUEHL, an individual; <br> KRISS A. BELL, an individual; <br> NANCY A. HARVEY, an individual; <br> JOHN T. BRAUMANN, an individual, <br> and; ANIMAL LEGAL DEFENSE <br> FUND, a non-profit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PAMELA SELLNER, an individual; <br> TOM SELLNER, an individual; and <br> CRICKET HOLLOW ZOO, a <br> non-profit corporation, <br><br> Defendants. | Case No. C14-2034-LRR <br><br><br><br><br><br><br> RESISTANCE TO PLAINTIFFS' <br> MOTION IN LIMINE TO EXCLUDE <br> EXPERT OPINION TESTIMONY |

Defendants resist Plaintiffs' Motion in Limine to Exclude Expert Opinion Testimony (Dkt. 45). The Motion, for the most part, presents phantom issues.

### I.   PAMELA SELLNER, DR. JOHN PRIES AND DR. GARY PUSILLO CAN TESTIFY REGARDING THEIR EXPERIENCES AND OPINIONS BASED ON THEIR CARE AND TREATMENT OF THE ANIMALS AT THE CRICKET HOLLOW ZOO

Defendants are calling Pamela Sellner, Dr. John Pries, and Dr. Gary Pusillo to testify regarding their experiences and opinions formed while caring for the animals at the Cricket Hollow Zoo. They are not only fact witnesses, but also "expert witnesses" who have some opinions that are in the nature of "expert" opinions because each

witness has expertise developed from education, training and experience relating to the care and treatment of animals.

However, none of these witnesses has been retained as an "expert" for trial within the meaning of Rule 26. None have been retained for the purpose of formulating and expressing opinions for the purposes of litigation. In that sense, they are like treating physicians, who may express opinions regarding their care and treatment of the patient without becoming an "expert" subject to Rule 26 disclosures. *See E.E.O.C. v. Autozone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) ("[A] treating physician can provide an expert opinion without submitting a written report if the physician's opinion was formed during the course of the physician's treatment, and not in preparation for litigation."). *See also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011) (distinguishing between opinions formed by treating physicians during course of treatment and opinions formed by treating physicians for purposes of litigation).

Further, the general purpose of Rule 26 and discovery generally is to disclose the opinions that will be expressed by the witness at trial. Plaintiffs had an opportunity to, and did, take extensive depositions of Pamela Sellner, Dr. John Pries, and Dr. Gary Pusillo. It is not anticipated that any of those witnesses will express at trial any opinions that were either not disclosed or within the fair scope of their testimony at those depositions. The Defendants are not responsible for the extent of questions asked about the expertise of each witness and the particularity with which the examinations

2

were conducted. Many additional questions could have been asked of each of the individuals named with particularity and the failure to do so rests with the Plaintiffs and not the Defendants.

The fact that all three could be witnesses was disclosed by the Defendants in their Initial Disclosure pursuant to F.R.C.P. 26 filed on or about August 28, 2014. Thereafter, each was properly designated as individuals with expert opinions. None of them have been asked to formulate an opinion specifically for this case and none has been paid by the Defendants to formulate an opinion.

If Plaintiffs believe at trial that any of these witnesses are straying too far from their deposition testimony, Plaintiffs are free to object.[1] The Court can then resolve any such specific objections. A broad Order in limine regarding the testimony of these three witnesses is not appropriate.

## II. DR. PUSILLO IS QUALIFIED TO TESTIFY

Plaintiffs also argue that Dr. Pusillo is not qualified to testify regarding "animal husbandry" practices. Plaintiffs concede that Dr. Pusillo is qualified to testify regarding animal nutrition. Plaintiffs' Motion is not particularly specific regarding exactly what opinions of Dr. Pusillo they seek to exclude.

---

[1] Plaintiffs concede at page 6 of their Motion that these three witnesses are allowed to testify to any opinions disclosed during their depositions.

3

Dr. Pusillo is certainly qualified to testify regarding the care and treatment of the animals at issue, particularly whether their nutritional needs have been met. Specifically, he can testify regarding his care and treatment of the animals at issue and his opinions formed during that care and treatment. Whether he is qualified to answer specific questions should be considered by the Court after hearing the evidence regarding his education, training, and qualifications and basis for the answer to each question objected to by Plaintiffs. The Court should not (and probably cannot on the record currently before it) enter a blanket Order in limine precluding Dr. Pusillo from testifying regarding "animal husbandry."

## CONCLUSION

Defendants pray that the Court overrule the Plaintiffs' Motion in Limine based upon the reasons and factual argument set forth above.

Larry J. Thorson    #AT0007976
ACKLEY KOPECKY & KINGERY, L.L.P.
4056 Glass Road, NE
Cedar Rapids, IA 52402
Ph: (319) 393-9090  Fax: (319) 393-9012
Email: lthorson@akklaw.com

Copies to:

Daniel J. Anderson
Wertz & Dake
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500
danderson@wertzlaw.com

Jessica Blome
Animal Legal Defense Fund
170 E. Cotati Avenue
Cotati, CA 94931
jblome@aldf.org

Jeff Pierce (pro hac vice)
Animal Legal Defense Fund
170 E. Cotati Avenue
Cotati, CA 94931
jpierce@aldf.org

Elisabeth Holmes
Blue River Law
POB 293
Eugene, OR 97440
eli.blueriverlaw@gmail.com

## Certificate of Service

The undersigned hereby certifies that I filed this document on the 10th day of September, 2015 with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Theresa Trenary