# UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, an individual; LISA K. KUEHL, an individual; KRIS A. BELL, an individual; NANCY A. HARVEY, an individual; JOHN T. BRAUMANN, an individual, and; ANIMAL LEGAL DEFENSE FUND, a non-profit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> PAMELA SELLNER, an individual; TOM SELLNER, an individual; and CRICKET HOLLOW ZOO, a non-profit corporation, <br><br> Defendants. | Case No. C14-2034-JSS <br><br><br> **FINAL PRETRIAL ORDER** |

This final pretrial order was entered after a final pretrial conference held on **September 11, 2015, at 8:30 a.m. CT by telephone conference.** The court expects the parties to comply fully with this order.

The following counsel, who will try the case, appeared at the conference:

1.      For plaintiff(s): **Tracey Kuehl, Lisa Kuehl, John Braumann, Kristine Bell, Nancy Harvey, and the Animal Legal Defense Fund**

> **Jessica L. Blome**
> Senior Staff Attorney
> **Jeffrey D. Pierce**
> Litigation Fellow
> Animal Legal Defense Fund
> 170 E. Cotati Ave.
> Cotati, CA 94931
> Phone: 707-795-2533
> Facsimile: 707-795-7280
> E-mail: jblome@aldf.org, jpierce@aldf.org

**Elisabeth Holmes**
Blue River Law, P.C.
P.O. Box 293
Eugene, Oregon 97440
Phone: (541) 870-7722
Email: eli.blueriverlaw@gmail.com

**Daniel J. Anderson**
Wertz & Dake
1500 Center Street NE
P.O. Box 849
Cedar Rapids, IA 52406-0849
Phone: 319/861-3001
Facsimile: 319/861-3007
Email: danderson@wertzlaw.com

2.    For defendant(s): **Pamela Sellner, Tom Sellner, and Cricket Hollow Zoo, Inc.**

**Larry J. Thorson**, #AT0007976
Ackley Kopecky & Kingery, LLP
4056 Glass Road, NE
Cedar Rapids, IA  52402
Phone: (319) 393-9090
Facsimile: (319) 393-9012
lthorson@akklaw.com

**I.    STIPULATION OF FACTS:** The parties agree that the following facts are true and undisputed:

A.    Plaintiffs provided adequate and sufficient notice of alleged violations of the Endangered Species Act to the Secretary of Interior and Defendants, as required by the Endangered Species Act Citizen Suit provision, 16 U.S.C. § 1540(g)(2)(A). Plaintiffs' notice fairly and accurately described the violations of the Endangered Species Act they believed they could prove in court, and Defendants agree they had adequate and sufficient notice of Plaintiffs' intended lawsuit at least sixty days before Plaintiffs commenced this lawsuit.

B.    Plaintiff Animal Legal Defense Fund (ALDF) is a non-profit organization registered with the California Secretary of State. Its principal place of business is 170 E. Cotati Ave., Cotati, CA 94931. ALDF has more than 200,000 members and supporters nationwide, including members in the state of Iowa and Plaintiffs Tracey Kuehl, Lisa Kuehl, Kristine Bell, and Nancy Harvey. ALDF's mission is to advance the interests and protect the lives of animals through the legal system.

C.    Each of the Defendants' tigers, ring tailed lemurs, and the red ruffed lemur who have been or are currently exhibited at the Cricket Hollow Zoo in Manchester, Iowa, are

2

listed as threatened or endangered species under the Endangered Species Act and its implementing regulations at 50 CFR §17.11.

        D.      Defendant Cricket Hollow Zoo, Inc. is a non-profit corporation registered with the Iowa Secretary of State. Its principal and only place of business is located at 1512 210th St. in Manchester, Iowa. The only owners, operators, members, officers, board members, or full-time employees of the corporation are Pamela and Tom Sellner. Cricket Hollow Zoo, Inc.'s stated corporate purpose is education.

        E.      Defendants Pamela and Tom Sellner hold a valid and current Class C Exhibitor License from the United States Department of Agriculture's Animal and Plant Health Inspection Service (APHIS), as required for exhibition of animals to the public under the Animal Welfare Act, 7 U.S.C. § 2133. APHIS identifies Defendants' license with Certificate No. 42-C-0084.

        F.      On July 30, 2015, APHIS filed a Complaint before the Secretary of Agriculture against Defendants, seeking relief authorized by 7 U.S.C. § 2149, which could involve injunctive relief, civil penalties, or license revocation for the Defendants' alleged failure to comply with the Animal Welfare Act, the regulations and standards issued thereunder. *See* USDA AWA Docket Nos. 15-0152 through 15-0155 (filed July 30, 2015). Defendants filed an Answer to APHIS' Complaint on August 19, 2015.

**II.**    **EXHIBIT LIST**: The parties' exhibit lists are attached to this Order.

On Wednesday, August 26, 2015, attorneys for Plaintiffs and Defendants met by telephone conference to discuss preliminary concerns with exhibit and witness lists that had been exchanged the previous Friday, pursuant to this Court's Pre-Trial Order and Local Rules. Plaintiffs' counsel raised concerns about Defendants' vague descriptions and lack of specificity in identification of exhibits on Defendants' Exhibit List, such as:

Exhibit B "Letters to USDA from Pam Sellner,"
Exhibit J "Zoo Veterinarian Records for Animals,"
Exhibit K "Photographs of various zoo animals (taken in the past several years),"
Exhibit M "Signed Veterinarian Inspection by Dr. John Pries through August 25, 2014,"
Exhibit P "Timber Wolf Sign,"
Exhibit W "Photo by one of the Plaintiffs' Referring to Wolf When it was a Coyote,"
Exhibit Y "IDALS Compliance Reports," and
Exhibit Z "Veterinarian Bills from Dr. Pries from 4-23-7-22-2015."

Counsel for Defendants represented to Plaintiffs' counsel that the exhibits set forth in Defendants' Exhibit List were the same as those exhibits produced in discovery and in response to Plaintiffs' Motion for Summary Judgment. Taking Defendants' counsel at his word, Plaintiffs' only objections to the admissibility of these exhibits are noted in the attached list; however,

Plaintiffs reserve the right to object at trial to the admissibility of any exhibits that were not previously produced to Plaintiffs pursuant to Federal Rule of Civil Procedure 26.

III.     **WITNESS LIST**: The parties intend to call the following witnesses at trial:

    A.     **Plaintiffs' witnesses – Please see the attached list, with Defendants' objections listed below.**

        1.     Defendants object to Plaintiffs' witness, Tracey Kuehl as lacking standing to raise the claims contained in the Petition.

        2.     Defendants object to Plaintiffs' witness, Lisa Kuehl as lacking standing to raise the claims contained in the Petition.

        3.     Defendants object to Plaintiffs' witness, John Braumann as lacking standing to raise the claims contained in the Petition.

        4.     Defendants object to Plaintiffs' witness, Nancy Harvey as lacking standing to raise the claims contained in the Petition.

        5.     Defendants object to Plaintiffs' witness, David Allen. This witness was not listed as Plaintiffs' expert within the time guidelines of the scheduling order. The testimony of David Allen will be objected to as not relevant (F.R.E. 402) because the standards set forth by the Animal Welfare Act 7 U.S.C.§ 1531 et seq. are the sole standards for the care of animals at this licensed facility and the Animal and Plant Health Inspection Service (APHIS) is the sole enforcement mechanism of those standards.

        6.     Defendants object to Plaintiffs' witness, Dr. Peter Klopfer. The testimony of Dr. Peter Klopfer will be objected to as not relevant (F.R.E. 402) because the standards set forth by the Animal Welfare Act 7 U.S.C. § 1531 et seq. are the sole standards for the care of animals at this licensed facility and the Animal and Plant Health Inspection Service (APHIS) is the sole enforcement mechanism of those standards.

        7.     Defendants object to Plaintiffs' witness, Dr. Jennifer Conrad. The testimony of Dr. Jennifer Conrad will be objected to as not relevant (F.R.E. 402) because the standards set forth by the Animal Welfare Act 7 U.S.C.§ 1531 et seq. are the sole standards for the care of animals at this licensed facility and the Animal and Plant Health Inspection Service (APHIS) is the sole enforcement mechanism of those standards.

**B.**     **Defendants' witnesses – Please see the attached list, with Plaintiffs' objections listed below.**

1.     Plaintiffs object to Defendants' proffer of Dr. Gary Pusillo for testimony regarding his opinions on issues of ultimate fact in the case. During his April 30, 2015 deposition, Dr. Pusillo admitted that he had not formulated any expert opinion regarding the Cricket Hollow Zoo. Defendants did not produce an expert report from Dr. Pusillo, nor did Defendants produce an affidavit from Dr. Pusillo in support of their Resistance to Plaintiffs' Motion for Summary Judgment. Moreover, Dr. Pusillo is not qualified as an expert in animal husbandry because he does not meet the criteria for reliable, credible evidence under Federal Rule of Evidence 702. If Defendants attempt to elicit expert opinion testimony from Dr. Pusillo at trial, Plaintiffs will be surprised and unduly prejudiced by those opinions in violation of Federal Rules of Evidence 702, 703, and 704 as well as Federal Rule of Civil Procedure 26.

2.     Plaintiffs object to Defendants' proffer of Dr. John Pries for testimony regarding his opinions on issues of ultimate fact in the case. During his March 19, 2015, deposition, Dr. Pries admitted that he had not formulated any expert opinion regarding the Cricket Hollow Zoo. Defendants did not produce an expert report from Dr. Pries, nor did Defendants produce an affidavit from Dr. Pries in support of their Resistance to Plaintiffs' Motion for Summary Judgment. If Defendants attempt to elicit expert opinion testimony from Dr. Pries at trial, Plaintiffs will be surprised and unduly prejudiced by those opinions in violation of Federal Rules of Evidence 702, 703, and 704 as well as Federal Rule of Civil Procedure 26.

3.     Plaintiffs object to Defendants' proffer of Pamela Sellner as an expert on the subject of zoo administration, feline animal husbandry, lemur animal husbandry, canid animal husbandry, or the Federal Animal Welfare Act. Ms. Sellner did not produce an expert report during the course of this matter. Ms. Sellner's belief that she complies with the Animal Welfare Act is a statement by an interested defending party to the litigation that no violation of the law has occurred. Ms. Sellner's opinion is not based on reliable principles or methods and is not based on facts that experts in the field would reasonably rely upon in forming her opinion. Ms. Sellner's opinion should not be given any weight as an opinion given by an expert under Federal Rule of Evidence 702, 703, and 704 as well as Federal Rule of Civil Procedure 26.

4.     Plaintiffs have no objection to Defendants' witness Tom Sellner.


All parties are free to call any witness listed by an opposing party. A party listing a witness guarantees his or her presence at trial unless it is indicated otherwise on the witness list. *Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.*

## IV.    EVIDENTIARY AND OTHER LEGAL ISSUES:

### A.    Plaintiff(s) Issues:

1.    Plaintiffs will offer both certified, authenticated and uncertified USDA inspection records, correspondence, settlement documents, suspension notices and warning letters, and complaints that Plaintiffs received from the federal agency in response to FOIA requests directly related to the Defendants' facility. Plaintiffs are awaiting certified records from USDA for the remaining unauthenticated records to use at trial. Plaintiffs' position is that USDA records obtained through FOIA are self-authenticating under FRE 902(2), (4), (5). Defendants have advised Plaintiffs that they intend to object to the admission of the USDA records as to relevance and hearsay, but Defendants admit the records meet foundation requirements because they are official, certified records for use at trial obtained pursuant to the Freedom of Information Act or 7 CFR § 1.22.

2.    Plaintiffs will offer testimony from David Allen, an expert in zoo administration with a lifetime of experience, during their case-in-chief. Plaintiffs designated Mr. Allen as an expert on February 26, 2015, in response to Defendants' identification of Pamela Sellner as an expert in zoo administration on January 30, 2015. Mr. Allen submitted an Affidavit in support of the Plaintiffs' Motion for Summary Judgment (ECF No. 21-30). Defendants have advised Plaintiffs they will object to Mr. Allen's testimony in Plaintiffs' case in chief and will insist he be offered in rebuttal only. Plaintiffs' witness list identifies Mr. Allen as an expert in Plaintiffs' case-in-chief above, so Defendants will not be surprised or prejudiced by his inclusion in Plaintiff's case-in-chief. Moreover, Plaintiffs have some control over their order of proof. *See Berroryer v. Hertz,* 672 F.2d 334, 339 (3rd Cir. 1982) (holding that the trial court did not abuse its discretion in permitting a plaintiff to call a "rebuttal" witness during her case-in-chief where the facts at issue were already known to the defendant); *Morfeld v. Kehm,* 803 F.2d 1452 (8th Cir. 1986) (finding that plaintiff could still call defendant as a witness even though plaintiff failed to list defendant on her pre-trial disclosures).    Simply naming a witness as rebuttal witnesses at the time of expert designation seven months before trial does not preclude Plaintiffs from calling the witness in their case in chief at trial. *Id.*

3.    Plaintiffs have alleged that Defendants are liable under the Endangered Species Act 16 U.S.C. § 1538(a)(1)(B) for "taking" by harassment or harm threatened or endangered species at their roadside zoo in Manchester, Iowa. Plaintiffs will offer evidence to support a finding that the Defendants have "harassed" captive endangered species under 50 C.F.R. § 17.3 and 9 C.F.R. § 2.126 and "harmed" captive endangered species under 50 C.F.R. § 17.3. Defendants have advised Plaintiffs that they intend to object to the application of the ESA in this case. Plaintiffs assert that Defendants' license from the USDA under the Animal Welfare Act does not exempt them from the Endangered Species Act.

4.    Plaintiffs have alleged that Defendants' inadequate animal husbandry practices, among other failures, are evidence of unlawful "take" under the ESA. The U.S. Fish and Wildlife Service's regulatory definition for the term "harass" provides "when applied to captive wildlife, [harass] does not include generally accepted animal husbandry practices that

meet or exceed the minimum standards for facilities and care under the Animal Welfare Act." 50 CFR § 17.3. Therefore, in support of their claim, Plaintiffs will introduce Defendants' inspection reports from USDA's APHIS, which has exclusive jurisdiction over the Animal Welfare Act (AWA). 7 U.S.C. § 2131. APHIS documents citations for AWA non-compliance in its inspection reports. Defendants have indicated to Plaintiffs they will object to the use of Defendants' inspection reports as evidence that Defendants have violated or are violating the AWA.

5.     Plaintiffs have alleged that Defendants are liable under the ESA for transferring endangered animals across state lines without an interstate commerce permits as required by the ESA. Plaintiffs intend to introduce evidence that the Defendants have conducted transactions in commerce in violation of the ESA anti-trafficking provision 16 U.S.C. § 1538(a)(1)(D). Defendants have informed Plaintiffs they will object to this claim.

6.     The parties agree that some records related to the financial affairs of the Sellners should be filed under seal and not electronically filed in this trial without being sealed because the exhibits concerning their financial condition contains information that should not be disclosed to the general public including banking information and personal tax returns.

7.     Plaintiffs will introduce evidence to confirm that they have standing.

**B.    Defendants' Issues:**

1.     The Plaintiffs do not have standing to sue because the Animal Welfare Act 7 U.S.C. § 1531 et seq. does not provide for a private cause of action (see *In Defense of Animals v. Cleveland Metroparks Zoo*, 785 F. Supp. 100, 103 (N.D. Ohio 1991)) and they do not meet the standing requirements elucidated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562-63 (1992) which require more than vague statements about a cultural or spiritual bond with animals they saw once or twice and no meaningful detail with regard to the lemurs or tigers at the Zoo.

2.     The Endangered Species Act (hereinafter ESA), 16 U.S.C. § 1531 et seq. does not apply to a licensed animal exhibitor under the Animal Welfare Act (hereinafter AWA) 7 U.S.C. § 1531 et seq. and said exhibitor is specifically exempted from the provisions of the ESA.

3.     The financial affairs of the Sellners should be filed under seal and not electronically filed in this trial without being sealed because the exhibits concerning their financial condition contains information that should not be disclosed to the general public including banking information and personal tax returns.

4.     The settlement agreements with the United States Department of Agriculture (Plaintiffs' Exhibits) should not be admitted in this action because they are simply that – a settlement agreement of a disputed claim and as such are not admissible as evidence in this case.

5.     Any claimed mistreatment of animals by an individual or organization such as ALDF is irrelevant to the issues before the Court because as long as the Defendants are a

licensed facility with a Class C exhibitor's license issued by the USDA, the only entity with the authority to regulate this facility is the United States Department of Agriculture 7 U.S.C. § 2131 and 50 C.F.R. § 17.3

6. Any alleged violations listed by an Animal and Plant Health Inspection Service (APHIS) inspection are alleged violations until they have been proven to be true in an administrative law proceeding.

7. Any alleged violations of the AWA with regard to any animal located at the Cricket Hollow Zoo are irrelevant to this proceeding.

8. A hybrid gray wolf is not subject to the provisions of the ESA.

**IT IS SO ORDERED.**
**DATED** this ___14th___ day of ___September___, 2015

**JON STUART SCOLES**
**CHIEF MAGISTRATE JUDGE**
**NORTHERN DISTRICT OF IOWA**

## Plaintiffs' Trial Witness List
### (To Comply Local Rules 16.1 and 83.6 and Trial Order ECF No. 13)
*Plaintiffs' rebuttal and impeachment exhibits and witnesses are not included on this list.*

| Plaintiffs' Trial Witnesses | Purpose | Address |
|---|---|---|
| Tracey Kuehl, Plaintiff and ALDF Member | Explain injury, authenticate photographs and letters written to government authorities | 22781 230th Ave. Davenport, IA 52807 |
| Lisa Kuehl, Plaintiff and ALDF Member | Explain injury, authenticate photographs and letters written to government authorities | 1428 270th St. Madrid, IA 50156 |
| John Braumann, Plaintiff | Explain injury, authenticate photographs | 226 Normandy Dr. Marion, IA 52302 |
| Nancy Harvey, Plaintiff and ALDF Member | Explain injury | 3026 NW 83rd Place Ankeny, IA 50023 |
| David Allen, Plaintiffs' Expert | Testifying expert on zoo administration, including interstate commerce compliance, financial solvency requirements for successful zoos, and accreditation standards for AZA-accredited zoos | c/o Blank Park Zoo 7401 Southwest 9th St. Des Moines, IA 50315 |
| Dr. Peter Klopfer, Plaintiffs' Expert | Testifying expert on lemur husbandry, including cage sizes and lighting, as well as behavioral and psychological care required for lemurs in the wild and in captivity | c/o Duke Lemur Center 3705 Erwin Rd. Durham, NC 27705 |
| Dr. Jennifer Conrad, Plaintiffs' Expert | Testifying expert on tiger and gray wolf husbandry, including cage sizes, as well as behavioral and psychological care required for these animals in the wild and in captivity; testifying expert on veterinary care, adequacy of treatment, veterinary costs | c/o PAWS Project *P.O. Box* 445 Santa Monica CA 90406-0445 |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 9 of 27

| PLAINTIFFS' TRIAL EXHIBIT LIST | EXHIBIT DESCRIPTIONS | Objections (Cite FRE) | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| | | | | | |
| | **Notice of Intent to Sue** | | | | |
| 1 (6 pages) | Notice of Intent to Sue (Apr. 4, 2014) and service confirmation | | A | | |
| | | | | | |
| | **Certified USDA Records** | | | | |
| 2 | APHIS Director, Western Region, email to Pamela Sellner (Nov. 8, 2006) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 3 | Fines & Settlement Agreement (Dec. 2006) | F.R.E. 402 Irrelevant Evidence & F.R.E. 408 Compromise Offer & F.R.E. 802 Hearsay | B | | |
| 4 | U.S. Seal Cover Page and first Inspection Report (Jul 29, 2010) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 5 | Inspection Report (Nov. 22, 2010) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 6 | Inspection Report (Feb. 16, 2011) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 7 | Inspection Report (Aug. 16, 2011) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 | B | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 10 of 27

| | | | | | |
|---|---|---|---|---|---|
| | | Hearsay | | | |
| 8 | Inspection Report (**Dec. 8, 2011**) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 9 | APHIS Director, Western Region, letter to investigate for "chronic non-compliance since July 2010" (Apr. 9, 2012) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 10 | Inspection Report (**Jan. 3, 2012**) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 11 | Inspection Report (**May 1, 2012**) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 12 | Inspection Report (**May 16, 2012**) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 13 | Inspection Report (**Jun. 29, 2012**) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 14 | Inspection Report (**Aug. 20, 2012**) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 15 | Fines & Settlement Agreement (Oct. 25, 2012) | F.R.E. 402 Irrelevant Evidence & F.R.E. 408 Compromise Offer & F.R.E. 802 Hearsay | B | | |
| 16 | Inspection Report | F.R.E. 402 | B | | |

| | | | | | |
|---|---|---|---|---|---|
| | (Nov. 26, 2012) | Irrelevant Evidence F.R.E. 802 Hearsay | | | |
| 17 | Inspection Report (Feb. 13, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 18 | Fines & Settlement Agreement (Apr. 29, 2013) | F.R.E. 402 Irrelevant Evidence & F.R.E. 408 Compromise Offer & F.R.E. 802 Hearsay | B | | |
| 19 | Inspection Report (Jun. 12, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 20 | Inspection Report (Jul. 31, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 21 | APHIS Director, Western Region, letter to Pamela Sellner (Aug. 29, 2013) | F.R.E. 402 Irrelevant Evidence & F.R.E. 408 Compromise Offer & F.R.E. 802 Hearsay | B | | |
| 22 | Inspection Report with Photographs (Sept. 25, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 23 | Inspection Report with Photographs (Dec. 16, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 24 | Letter from Pamela Sellner | F.R.E. 402 | | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 12 of 27

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | to APHIS (Apr. 4, 2014) and APHIS response (May 1, 2014) | Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 25 | Inspection Report (Jan. 9, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 26 | Inspection Report (May 21, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 27 | Inspection Report (May 28, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 28 | Inspection Report (Aug. 5, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 29 | Inspection Report and Animal Count (Oct. 7, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 30 | Inspection Report (Nov. 6, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 31 | Inspection Report (Feb. 19, 2015) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 32 | Inspection Report and Animal Count (Mar. 4, 2015) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 33 | Inspection Report (May 27, 2015) | F.R.E. 402 Irrelevant | B |  |  |

Case 6:14-cv-02034-JSS Document 56 Filed 09/14/15 Page 13 of 27

| | | Evidence F.R.E. 802 Hearsay | | | |
|---|---|---|---|---|---|
| 34 | USDA Suspension Letter (Jun. 10, 2015) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 35 | Inspection Report **(Jun. 15, 2015)** | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 36 | Inspection Report **(Jun. 24, 2015)** | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 37 | USDA Complaint (Jul. 30, 2015) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 38 (7 pages) | USDA Inspection Requirements | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| | **Defendants' Discovery Responses** | | | | |
| 39 | Defendant Cricket Hollow Zoo's Responses to Interrogatories No. 1- 12 (Feb. 25, 2015) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| | **Defendants' Animal Records** | | | | |
| 40 (11 pages) | Animal Acquisition Records | | A | | |
| 41 (3 pages) | Attending veterinarian records (4/23/2007 – 7/31/2015) | | A | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 14 of 27

| | | | | |
|---|---|---|---|---|
| 42 (10 pages) | Program of Veterinary Care (with attending veterinarian signatures from Sept. 21, 2004 – Aug. 25, 2014) | | A | |
| 43 | Large Felid Diet (Nov. 20, 2013) | | A | |
| 44 (4 pages) | Primate Enrichment Program | | A | |
| 45 (6 pages) | Contingency Plan | | A | |
| 46 | Wolf Exercise Program | | A | |
| 47 (17 pages) | Lemur Records (species records, necropsy & deaths) | F.R.E. 402 Irrelevant Evidence | B | |
| 48 (26 pages) | Big Cat Records (species records, Record of Animals On Hand, treatment & death records) | | A | |
| 49 (4 pages) | Wolves (wolf acquisition and Records of Animals On Hand) | | A | |
| | | | | |
| | **Defendants' Training** | | | |
| | | | | |
| 50 | Feline Conservation Federation "Certificate of Achievement" (Apr. 9, 2005) | | | |
| | | | | |
| | **Business and Financial Records** | | | |
| | | | | |
| 51 (5 pages) | Sellner and Cricket Hollow Zoo Balance Sheet (9/12/2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay & Confidential | A | |
| 52 (2 pages) | Cricket Hollow Zoo Expense Tally (2008-2014) (document accompanying Defendants' Response to Interrogatory No. 12 on Feb. 25, 2015) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay & Confidential | B | |
| 53 (8 pages) | Sellner and Cricket Hollow Zoo Bank Statements (2007 - 2014) (six pages total) | F.R.E. 402 Irrelevant Evidence & | B | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 15 of 27

|  |  | Confidential |  |  |  |
| --- | --- | --- | --- | --- | --- |
| 54 (8 pages) | Sellners' income tax returns (2010-2014) | F.R.E. 402 Irrelevant Evidence & Confidential | B |  |  |
| 55 (11 pages) | Cricket Hollow Zoo Profit & Loss Statements (2008 – 2013) | F.R.E. 402 Irrelevant Evidence & Confidential | B |  |  |
| 56 (2 pages) | Cricket Hollow Zoo Articles of Incorporation (Jan. 13, 2005) |  | A |  |  |
| 57 | Cricket Hollow Zoo Attendance Tally (2002-2014) |  | A |  |  |
| 58 | Cricket Hollow Zoo USDA Class C Exhibitor License |  | A |  |  |
|  |  |  |  |  |  |
|  | **Plaintiffs' Records** |  |  |  |  |
|  |  |  |  |  |  |
| 59 | **Aerial Photograph with Pam Sellner notations** |  | A |  |  |
| 59 (14 pages) | **Lisa Kuehl – Photographs (including aerials)** | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
|  | **Lisa Kuehl – Documents:** |  |  |  |  |
| 60 (5 pages) | Complaint to IDALS (Apr. 6, 2012) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 60 (2 pages) | Letter to Sheriff, Delaware Co. (May 22, 2012) | F.R.E. 402 Irrelevant Evidence | B |  |  |
| 60 (26 pages) | Complaint to USDA (Jun. 28, 2012) | F.R.E. 402 Irrelevant Evidence | B |  |  |
| 60 (13 pages) | Complaint to USDA APHIS and IDALS (Aug. 12, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B |  |  |
| 60 (8 pages) | Compliant to USDA APHIS and IDALS (Nov. | F.R.E. 402 Irrelevant | B |  | . |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 16 of 27

| | | | | |
|---|---|---|---|---|
| | 19, 2013) | Evidence<br>F.R.E. 802<br>Hearsay | | | |
| | | | | | |
| 61 (11 pages) | **Tracey Kuehl –**<br>**Photographs** | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802<br>Hearsay | B | | |
| | **Tracey Kuehl –**<br>**Documents:** | | | | |
| 62 (4 pages) | Letter to IDALS<br>(Jun. 25, 2012) | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802<br>Hearsay | B | | |
| 62 | Letter to USDA APHIS<br>(Jun. 26, 2012) | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802<br>Hearsay | B | | |
| 62 (2 pages) | Letter to USDA APHIS<br>(Jul. 6, 2012) | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802<br>Hearsay | B | | |
| 62 (7 pages) | Letter to IDALS<br>(Jul. 7, 2012) | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802<br>Hearsay | B | | |
| 62 (3 pages) | Letter to USDA APHIS<br>(Jun. 27, 2013) | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802<br>Hearsay | B | | |
| 62 | Letter to USDA APHIS<br>(Jul. 4, 2015) | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802<br>Hearsay | B | | |
| | | | | | |
| 63 (16 pages) | **John Braumann –**<br>**Photographs** | F.R.E. 402<br>Irrelevant<br>Evidence<br>F.R.E. 802 | B | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 17 of 27

| | | Hearsay | | | |
|---|---|---|---|---|---|
| | | | | | |
| | **Expert C.V.s and Expert Materials** | | | | |
| 68 | David Allen C.V. | Not Timely Named as an Expert Pursuant to Scheduling Order | B | | |
| 69 | Association of Zoos and Aquariums Accreditation Standards and Policies | F.R.E. 402 Irrelevant Evidence | B | | |
| 70 | Dr. Jennifer Conrad C.V. | F.R.E. 402 Irrelevant Evidence | B | | |
| 71 | Dr. Peter Klopfer C.V. | F.R.E. 402 Irrelevant Evidence | B | | |
| | | | | | |
| | **USDA APHIS Denials of Defendants' Administrative Appeals** | | | | |
| 72 | USDA APHIS Regional Director, Elizabeth Goldentyer, DVM to P. Sellner (August 27, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 73 (2 pages) | USDA APHIS, Supervisory Veterinary Medical Officer, Tanya Tims, DVM to P. Sellner (June 23, 2014) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 74 (2 pages) | USDA APHIS Director, Western Region, Robert M. Gibbens, DVM to P. Sellner (August 29, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 75 | USDA APHIS Supervisory Veterinary Medical Officer, Katheryn Ziegerer, DVM to P. Sellner (July 11, 2013) | F.R.E. 402 Irrelevant Evidence F.R.E. 802 Hearsay | B | | |
| 76 | USDA APHIS Supervisory | F.R.E. 402 | B | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 18 of 27

| | Animal Care Specialist, R. Ridenour, DVM to P. Sellner (December 26, 2012) | Irrelevant Evidence F.R.E. 802 Hearsay | | | |
|---|---|---|---|---|---|

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 19 of 27

# Defendant's Trial Witness List

(To Comply Local Rules 16.1 and 83.6 and Trial Order ECF No. 13)
*Defendant's rebuttal and impeachment exhibits and witnesses are not included on this list.*

| Defendant's Trial Witnesses (to appear in person at trial) | Purpose |
|---|---|
| Pamela J. Sellner 1512 210th St. Manchester, IA 52057 | Pamela Sellner will testify that she and her husband properly cared for and have not violated the endangered species act with regard to the care and possession of animals at the zoo. She will testify that the zoo is a nonprofit enterprise that she takes care of the animals contained therein for the purposes of educating the public, that they hold seminars on the animals and allow tours of the premises. She will also testify that the Plaintiffs have invaded the zoo that are restricted to the public, that the Plaintiffs have endangered themselves and the animals by their actions, that the Plaintiffs have falsely accused the Defendants of abuse of these animals and have exaggerated or misstated the situation with regard to the care of these animals. She will discuss inspections and photos taken of the animals. |
| Tom Sellner 1512 210th St. Manchester, IA 52057 | Tom Sellner will testify that he and his wife properly cared for and have not violated the endangered species act with regard to the care and possession of animals at the zoo. He will testify that the zoo is a nonprofit enterprise that they take care of the animals contained therein for the purposes of educating the public, that they hold seminars on the animals and allow tours of the premises. He will also testify that the Plaintiffs have invaded the zoo and that the Plaintiffs have endangered themselves and the animals by their actions, that the Plaintiffs have falsely accused the Defendants of abuse of these animals and have exaggerated or misstated the situation with regard to the care of these animals. |
| Dr. John Priess Elkader Veterinary Clinic 24642 Highway 13 Elkader, IA 52043 | Dr. Priess will testify that he cares for the animals at the zoo as a veterinarian and will testify as to his vaccinations of the animals, health care for the animals, large felid diets for the cats, exercise plans and environmental enrichment for the animals. |
| Dr. Gary Pusillo 2017 230th St. Marshalltown, IA 50158 | Dr. Pusillo will testify as to the nutritional plans and diets for the animals. He has taken photographs of the animals and will authenticate them. |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 20 of 27

| Defendants' Trial Exhibit List | | Objections [Cit FED. R. EVID.] | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| | | | | | |
| A | Hand written comments by public who have visited zoo (5 pages) | Hearsay. FRE 801. These comments are classic hearsay, as Defendants are offering them to prove that the conditions at the Cricket Hollow Zoo are as these outside declarants observed. These comments do not qualify for any of the exceptions to the hearsay rule listed at FRE 803 and 804.

Irrelevant. FRE 401. What zoo patrons think about the facility does not make any issues of fact in this case more or less likely to be true. | B | | |
| B | Letters to USDA from Pam Sellner (23 pages) | Hearsay. FRE 801. These self-serving, out-of-court statements cannot be offered to prove the truth of the matter asserted. These letters can only be offered to show that Defendant Pam Sellner sent appeal letters to USDA. These letters do not qualify for any of the exceptions to the hearsay rule listed at FRE 803 and 804. | B | | |
| C | November 20, 2013 Primate Enrichment Program (4 pages) | | A | | |
| D | Articles of Incorporati on of Cricket Hollow Zoo, Inc. (2 pages) | | A | | |
| E | Program of Veterinary | | A | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 21 of 27

| | | | | | |
|---|---|---|---|---|---|
| | Care Instruction s (6 pages) | | | | |
| F | November 20, 2013 Large Felid Diet (1 page) | | A | | |
| G | Exercise Plan for Dogs (dogs & wolf hybrids) (1 page) | | A | | |
| H | Record of Animals on Hand – Cats (1 page) | | A | | |
| I | Record of Acquisition , Disposition or Transport of Animals Reports (7 pages) | | A | | |
| J | Zoo Veterinaria n Records for Animals (23 pages) | | A | | |
| K | Photograph s of various zoo animals (taken in | Lack of foundation, authenticity. FRE 901. No one has ever identified at what point in time these photographs were taken or by whom. | C | | |

| | | | | | |
|---|---|---|---|---|---|
| | the past several years) (13 pages) | | | | |
| L | Certified Member Card (Advanced) of Feline Conservation Federation (1 page) | | A | | |
| M | Signed Veterinarian Inspections by Dr. John Pries through August 25, 2014 (1 page) | | A | | |
| N | Calendar showing temperature, rain and humidity (10 pages) | | A | | |
| O | Delaware County Sheriff's Office Call for Service Record (3 pages) | Hearsay. FRE 801. This Sheriff's report is classic hearsay, and Defendants have not identified a member of the Sheriff's Office who will testify at trial to authenticate the report. The report does not qualify for any exceptions to the hearsay rule, listed at FRE 803 or 804. Lack of foundation, authenticity. FRE 901. | B, C | | |
| P | Timber Wolf Sign | | A | | |

| | | | | | |
|---|---|---|---|---|---|
| | (1 page) | | | | |
| Q | Animal Park Meat By-Product Agreement (7 pages) | | A | | |
| R | USDA License for Pamela and Tom Sellner (current) (1 page) | | A | | |
| S | John H. Pries, DVM Curriculum Vitae (1 page) | | A | | |
| T | Dr. Gary Pusillo Curriculum Vitae (6 pages) | | A | | |
| U | USDA Inspection Reports dated 5-30-2014, 8-6-2008, 8-27-2009 & 9-17-2013 (4 pages) | | A | | |
| V | Letter by Tracey Kuehl Referring to African Lions at the Park (2 | | A | | |

| | | | | | |
|---|---|---|---|---|---|
| | pages) | | | | |
| W | Photo by one of the Plaintiffs Referring to Wolf When it was a Coyote (1 page) | Hearsay. FRE 801. This photograph is classic hearsay and has not been identified to Plaintiffs. Previous, unauthenticated out-of-court declarations by plaintiffs cannot be introduced at trial unless the declaration qualifies for an exception to the hearsay rule. This photograph does not qualify for any exceptions to the hearsay rule, listed at FRE 803 or 804.<br><br>Lack of foundation, authenticity. FRE 901 | B, C | | |
| X | Photos Taken by Dr. Pusillo (12 pages) | Failure to Disclose. Federal Rule of Civil Procedure 26(c). Dr. Pusillo was subpoenaed to appear for his deposition, which included a subpoena duces tecum. At his deposition, he produced a single photograph of a tiger, which Plaintiffs' counsel received. The remaining photographs were produced after the discovery period had closed and the opportunity for further deposition had passed.<br><br>Hearsay. FRE 801. Defendants intend to offer these photographs as proof that their animals are well cared for, which is material fact at issue in this case. The photographs do not qualify for any exceptions to the hearsay rule, listed at FRE 803 or 804.<br><br>Lack of foundation, authenticity. FRE 901. According to Dr. Pusilo's affidavit, he cannot recall the time, place, or circumstance for the taking of these photographs. Moreover, Dr. Pusillo may be unavailable at trial, and because he never testified regarding these photographs during his deposition, Defendants will be unable to authenticate them at trial. | B, C | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 25 of 27

| | | | | | |
|---|---|---|---|---|---|
| | | Irrelevant. Rule 401. Dr. Pusillo admits these photographs were taken several years ago. Whether the animals were in good health several years ago is not relevant to whether Defendants are committing a violation of the ESA today. | | | |
| Y | IDALS Complianc e Reports (10 pages) | Hearsay. FRE 801. These inspection reports contain out-of-court statements made by state officials with no authority over the Cricket Hollow Zoo. They are classic hearsay and do not qualify for any exceptions to the hearsay rule listed at FRE 803 or 804.<br><br>Irrelevant. FRE 401. IDALS is not charged with enforcing the Endangered Species Act or the Animal Welfare Act, both federal statutes. IDALS impressions of the facility are irrelevant to the issues at trial in this case. | B | | |
| Z | Veterinaria n Bills from Dr. Pries from 4-23-07-22-2015 (3 pages) | | A | | |
| AA | Cheyenne Mountain Zoo Photo 1984 (1 page) | Hearsay. FRE 801. This photograph is classic hearsay, and the photograph does not qualify for any exceptions to the hearsay rule listed at FRE 803 or 804.<br><br>Lack of foundation, authenticity. FRE 901. No one is identified on Defendants' Witness List who could authenticate this photograph, unless Defendants' counsel intends to make himself a witness in this case.<br><br>Irrelevant. FRE 401. The conditions of the Cheyenne Mountain Zoo in the | B, C | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 26 of 27

| | | | | | |
|---|---|---|---|---|---|
| | | mid-1980s have no relevance at all to the issues to be tried in this case. Moreover, the photograph depicts an elephant, and the Defendants do not have any elephants. | | | |
| BB | Confidenti ality Agreement (4 pages) | Irrelevant. FRE 401. Defendants have not filed a claim against Plaintiffs or in any way made a single allegation of misconduct arising from the Confidentiality Agreement. Its existence is not relevant to the issues at trial in this matter. | B | | |
| CC | Convention on Internation al Trade in Endangere d Species of Wild Fauna and Flora Certificate (1 page) | Irrelevant. FRE 401. The Plaintiffs have not alleged a single violate of CITES. The inclusion of the law as an exhibit is confusing and irrelevant. | B | | |

Case 6:14-cv-02034-JSS   Document 56   Filed 09/14/15   Page 27 of 27