UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, an individual; <br> LISA K. KUEHL, an individual; <br> KRISS A. BELL, an individual; <br> NANCY A. HARVEY, an individual; <br> JOHN T. BRAUMANN, an individual, <br> and; ANIMAL LEGAL DEFENSE <br> FUND, a non-profit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PAMELA SELLNER, an individual; <br> TOM SELLNER, an individual; and <br> CRICKET HOLLOW ZOO, a <br> non-profit corporation, <br><br> Defendants. | Case No. C14-2034-LRR <br><br><br><br><br> PARTIAL RESISTANCE TO <br> PLAINTIFFS' SECOND MOTION IN <br> LIMINE REGARDING THE <br> AUTHENTICITY AND ADMISSIBILITY <br> OF USDA RECORDS |

Defendants partially resist Plaintiffs' Second Motion in Limine Regarding the Authenticity and Admissibility of USDA Records (Doc. 46) as follows:

The Defendants have, they believe, never indicated to the Plaintiffs that they had questions about the authenticity of the documents obtained from the United States Department of Agriculture (USDA) but they have serious concerns about their relevance to the issues in this case and the hearsay contained therein. The inspection reports contain hearsay "allegations" by inspectors of the USDA, which have been various persons at various times. Some of the inspections show little or no

noncompliance items. Some show a number of alleged noncompliances. There is no consistency between the inspections. Something that may have never been a problem, may be cited in a new inspection when the very same condition existed before and was not a noncompliant item. See Affidavit of Pamela Sellner, Attachment F.

The degree of seriousness of any particular citation is not clear from the language used in the reports. The noncompliances are divided into direct and non-direct noncompliances by the Animal and Plant Health Inspection Service (APHIS). Most of the noncompliances are the subject of dispute between Cricket Hollow Zoo and APHIS and they are part of an adversary action that will be tried at some currently indeterminate date in the future. *See in re: Cricket Hollow Zoo, Inc., et al., Respondents, United States Department of Agriculture*, AWA Docket Nos. 15-0152, 15-0153, 15-0154, and 15-0155. The relief requested by the USDA is for "such order or orders...as are authorized by the Act and warranted under the circumstances." (p. 21 of Complaint). The Respondents have filed a response to the Complaint denying most of the allegations of the Complaint. See Attachment F.

This action is not the proper venue to try the alleged noncompliances and the Plaintiffs have not presented any person with the direct knowledge of what was referred to with regard to each alleged noncompliance and that is the inspector (whose name appears on each report) in each instance who conducted the inspection. Furthermore, the Sellners have the right to contest each of these allegations and offer

2

their explanation of what they do and do not consider to be in violation of the Animal Welfare Act and the accompanying regulations. See U.S.C. § 2131 et. seq. and 9 C.F.R. 8 § 1.1-4.11. That jurisdiction is given exclusively to the United States Department of Agriculture by statute. 7 U.S.C. § 2131-2134.

The Court, if it decides to admit these inspection reports wholesale, should also admit the Iowa Department of Agriculture and Land Stewardship (IDALS) reports (which Plaintiffs earlier were going to offer into evidence) because – even though the Plaintiffs claim they are not reviewing the same things are the observations by a State of Iowa veterinarian who was observing the very same animals as the APHIS inspector, at the behest of the Plaintiffs (Tracy Kuehl). Defendants' Exh. V. See attached partial copy of letter to IDALS (Attachment A) and Answer to Interrogatory No. 9 by Tracey Kuehl attached hereto as Attachment D. See also copy of the License for Cricket Hollow Zoo, Inc. (still in effect) attached hereto as Attachment B. Iowa Code Chapter 162 governs the issuance and revocation of said license. See Attachment C from the 2013 Iowa Code Chapter 162. See also Defendants' Exh. V which is another letter by Tracey Kuehl to the State of Iowa.

No Zoo or exhibitor is free from noncompliance all the time. If the standard is perfection, then the exemption for licensed facilities under the ESA loses all meaning.

The alleged noncompliances are listed by the Plaintiffs as an attachment to their Trial Brief, Attachment 3 (and for purposes of this argument the Defendants will

3

assume they have accurately categorized these noncompliances including references to 246 items over a period of approximately five years). Out of that total 24 total citations are purportedly for either lemurs or tigers – the two endangered species at the Zoo. Out of the 24 citations, 9 are for the tigers. Of the 9 citations for tigers, only one October 7, 2014 – was an alleged direct noncompliance which was taken care of by the licensees (as is evidenced by the next inspection. (November 6, 2014 – Attachment E). None of the alleged violations with regard to the lemurs appear to be direct noncompliances – at least none appear to be labeled direct noncompliances.

The evidence that the Plaintiffs are trying to have the Court review, is at best an allegation by one individual (which is or will be contradicted not only by the Sellners but is also contradicted by the inspector from the State of Iowa in the IDALS Reports). How the Court is to sort out this factual dispute in this proceeding has not been well thought out by the Plaintiffs. The inspectors should have been listed as Plaintiffs' witnesses and disclosed as such if they wanted to try to usurp the authority of APHIS. The Plaintiffs want this action to be an adversary proceeding on whether the alleged violations are in fact violations of the AWA Statute or the regulations promulgated thereunder. Such a case is pending and will eventually be heard by an Administrative Law Judge in the USDA but for the reasons outlined in Defendants' Brief and in their resistance to this Motion, that determination is for Administrative Law Judge in the USDA to determine. The inspection reports are not relevant to this action because they

4

really do not address any of the alleged concerns of the Plaintiffs who have attempted to link the terms of "harm" and "harass" in the Endangered Species Act to the mere keeping of the lemurs and tigers at the Cricket Hollow Zoo. See 50 C.F.R. § 17.3. The test for relevant evidence is set forth in Federal Rule of Evidence 401 and the inspection reports do not meet the tests for relevance set forth in subsection (a) or (b) of that Rule. The reports contain allegations – not facts. The persons who made the allegations are not available to testify.

If the Court allows these Inspection Reports then the IDALS Reports should be allowed for exactly the same reasons because they contain observations that make the "facts" alleged by Plaintiffs less probable than they would be without the evidence. F.R.E. 401(a). The Plaintiffs considered the IDALS Reports to be relevant in filing their notice of intent to file suit letter (dated March 4, 2014) which had, as an exhibit and an attachment, one of the very reports which they are now seeking to exclude (Exhibit 3 attached to that letter and part of the Plaintiffs' Exhibits for their Motion for Summary Judgment – Document 20-6 p. 1-0023).

## CONCLUSION

The APHIS Inspection Reports should not be allowed into evidence because they contain hearsay with the declarant not available to testify and they are not relevant to the issues raised by the Plaintiffs before this Court. The Defendants pray that the Plaintiffs' Second Motion in Limine be denied.

_____
Larry J. Thorson  #AT0007976
ACKLEY KOPECKY & KINGERY, L.L.P.
4056 Glass Road, NE
Cedar Rapids, IA 52402
Ph: (319) 393-9090  Fax: (319) 393-9012
Email: lthorson@akklaw.com

Attorneys for Defendants

Copies to:

Daniel J. Anderson
Wertz & Dake
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500
danderson@wertzlaw.com

Jessica Blome
Animal Legal Defense Fund
170 E. Cotati Avenue
Cotati, CA 94931
jblome@aldf.org

Jeff Pierce (pro hac vice)
Animal Legal Defense Fund
170 E. Cotati Avenue
Cotati, CA 94931
jpierce@aldf.org

Elisabeth Holmes
Blue River Law
POB 293
Eugene, OR 97440
eli.blueriverlaw@gmail.com

6

## Certificate of Service

The undersigned hereby certifies that I filed this document on the 21st day of September, 2015 with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Theresa Trenary