# SUBTITLE 2

## ANIMAL INDUSTRY

Referred to in §159.1, 159.5

## CHAPTER 162

### CARE OF ANIMALS IN COMMERCIAL ESTABLISHMENTS

Referred to in §717E.4

| | | | |
|---|---|---|---|
| 162.1 | Purpose and scope. | 162.10 | Research facility registration. Repealed by 2010 Acts, ch 1030, §26, 29. |
| 162.2 | Definitions. | | |
| 162.2A | Application, issuance, and renewal of authorizations. | 162.10A | Commercial establishments — standard of care. |
| 162.2B | Fees. | 162.10B | Commercial establishments — inspecting state licensees and registrants. |
| 162.2C | Commercial establishment fund. | | |
| 162.3 | Operation of a pound — certificate of registration. | 162.10C | Commercial establishments — monitoring permittees. |
| 162.4 | Operation of an animal shelter — certificate of registration. | 162.10D | Commercial establishments — disciplinary actions. |
| 162.4A | Operation of a research facility — certificate of registration. | 162.11 | Exceptions. |
| 162.5 | Operation of a pet shop — state license. | 162.12 | Denial or revocation of license or registration. |
| 162.5A | Operation of a boarding kennel — state license. | 162.12A | Civil penalties. |
| 162.6 | Operation of a commercial kennel — state license. | 162.13 | Criminal penalties — confiscation. |
| 162.7 | Operation of a dealer — state license or permit. | 162.14 | Custody by animal warden. |
| | | 162.15 | Violation by animal warden. |
| 162.8 | Operation of a commercial breeder — state license or permit. | 162.16 | Rules. |
| | | 162.17 | Repealed by 88 Acts, ch 1186, §16. |
| 162.9 | Boarding kennel operator's license. Repealed by 2010 Acts, ch 1030, §26, 29. | 162.18 | Fees. Repealed by 2010 Acts, ch 1030, §26, 29. |
| 162.9A | Operation of a public auction — state license or permit. | 162.19 | Abandoned animals destroyed. |
| | | 162.20 | Sterilization. |

**162.1 Purpose and scope.**

1. The purpose of this chapter is to accomplish all of the following:

   a. Insure that all dogs and cats handled by commercial establishments are provided with humane care and treatment.

   b. Regulate the transportation, sale, purchase, housing, care, handling, and treatment of dogs and cats by persons engaged in transporting, buying, or selling them.

   c. Provide that all vertebrate animals consigned to pet shops are provided humane care and treatment by regulating the transportation, sale, purchase, housing, care, handling, and treatment of such animals by pet shops.

   d. Authorize the sale, trade, or adoption of only those animals which appear to be free of infectious or communicable disease.

   e. Protect the public from zoonotic disease.

2. This chapter does not apply to livestock as defined in section 717.1 or any other agricultural animal used in agricultural production as provided in chapter 717A.

[C75, 77, 79, 81, §162.1]
96 Acts, ch 1034, §7; 2010 Acts, ch 1030, §1, 29
Referred to in §162.11

**162.2 Definitions.**

As used in this chapter, except as otherwise expressly provided:

1. *"Adequate feed"* means the provision at suitable intervals of not more than twenty-four hours or longer if the dietary requirements of the species so require, of a quantity of wholesome foodstuff suitable for the species and age, sufficient to maintain a reasonable level of nutrition in each animal. The foodstuff shall be served in a clean receptacle, dish or container.

2. *"Adequate water"* means reasonable access to a supply of clean, fresh, potable water provided in a sanitary manner or provided at suitable intervals for the species and not to exceed twenty-four hours at any interval.

3. *"Animal shelter"* means a facility which is used to house or contain dogs or cats, or both, and which is owned, operated, or maintained by an incorporated humane society, animal welfare society, society for the prevention of cruelty to animals, or other nonprofit organization devoted to the welfare, protection, and humane treatment of such animals.

4. *"Animal warden"* means any person employed, contracted, or appointed by the state, municipal corporation, or any political subdivision of the state, for the purpose of aiding in the enforcement of the provisions of this chapter or any other law or ordinance relating to the licensing of animals, control of animals or seizure and impoundment of animals and includes any peace officer, animal control officer, or other employee whose duties in whole or in part include assignments which involve the seizure or taking into custody of any animal.

5. *"Animal Welfare Act"* means the federal Animal Welfare Act, 7 U.S.C. ch. 54, and regulations promulgated by the United States department of agriculture and published in 9 C.F.R. ch. 1.

6. *"Authorization"* means a state license, certificate of registration, or permit issued or renewed by the department to a commercial establishment as provided in section 162.2A.

7. *"Boarding kennel"* means a place or establishment other than a pound or animal shelter where dogs or cats not owned by the proprietor are sheltered, fed, and watered in return for a consideration.

8. *"Commercial breeder"* means a person, engaged in the business of breeding dogs or cats, who sells, exchanges, or leases dogs or cats in return for consideration, or who offers to do so, whether or not the animals are raised, trained, groomed, or boarded by the person. A person who owns or harbors three or fewer breeding males or females is not a commercial breeder. However, a person who breeds any number of breeding male or female greyhounds for the purposes of using them for pari-mutuel wagering at a racetrack as provided in chapter 99D shall be considered a commercial breeder irrespective of whether the person sells, leases, or exchanges the greyhounds for consideration or offers to do so.

9. *"Commercial establishment"* or *"establishment"* means an animal shelter, boarding kennel, commercial breeder, commercial kennel, dealer, pet shop, pound, public auction, or research facility.

10. *"Commercial kennel"* means a kennel which performs grooming, boarding, or training services for dogs or cats in return for a consideration.

11. *"Dealer"* means any person who is engaged in the business of buying for resale or selling or exchanging dogs or cats, or both, as a principal or agent, or who claims to be so engaged.

12. *"Department"* means the department of agriculture and land stewardship.

13. *"Euthanasia"* means the humane destruction of an animal accomplished by a method that involves instantaneous unconsciousness and immediate death or by a method that involves anesthesia, produced by an agent which causes painless loss of consciousness, and death during the loss of consciousness.

14. *"Federal license"* means a license issued by the United States department of agriculture to a person classified as a dealer or exhibitor pursuant to the federal Animal Welfare Act.

15. *"Federal licensee"* means a person to whom a federal license as a dealer or exhibitor is issued.

16. *"Housing facilities"* means any room, building, or area used to contain a primary enclosure or enclosures.

17. *"Permittee"* means a commercial breeder, dealer, or public auction to whom a permit is issued by the department as a federal licensee pursuant to section 162.2A.

18. *"Person"* means person as defined in chapter 4.

Case 6:14-cv-02034-JSS   Document 57-3   Filed 09/21/15   Page 2 of 11

19. *"Pet shop"* means an establishment where a dog, cat, rabbit, rodent, nonhuman primate, fish other than live bait, bird, or other vertebrate animal is bought, sold, exchanged, or offered for sale. However, a pet shop does not include an establishment if one of the following applies:
   a. The establishment receives less than five hundred dollars from the sale or exchange of vertebrate animals during a twelve-month period.
   b. The establishment sells or exchanges less than six animals during a twelve-month period.

20. *"Pound"* means a facility for the prevention of cruelty to animals operated by the state, a municipal corporation, or other political subdivision of the state for the purpose of impounding or harboring seized stray, homeless, abandoned, or unwanted dogs, cats, or other animals; or a facility operated for such a purpose under a contract with any municipal corporation or incorporated society.

21. *"Primary enclosure"* means any structure used to immediately restrict an animal to a limited amount of space, such as a room, pen, cage, or compartment.

22. *"Public auction"* means any place or location where dogs or cats, or both, are sold at auction to the highest bidder regardless of whether the dogs or cats are offered as individuals, as a group, or by weight.

23. *"Registrant"* means a pound, animal shelter, or research facility to whom a certificate of registration is issued by the department pursuant to section 162.2A.

24. *"Research facility"* means any school or college of medicine, veterinary medicine, pharmacy, dentistry, or osteopathic medicine, or hospital, diagnostic or research laboratories, or other educational or scientific establishment situated in this state concerned with the investigation of, or instruction concerning the structure or function of living organisms, the cause, prevention, control or cure of diseases or abnormal conditions of human beings or animals.

25. *"State fiscal year"* means the fiscal year described in section 3.12.

26. *"State licensee"* means any of the following:
   a. A boarding kennel, commercial kennel, or pet shop to whom a state license is issued by the department pursuant to section 162.2A.
   b. A commercial breeder, dealer, or public auction to whom a state license is issued in lieu of a permit by the department pursuant to section 162.2A.

27. *"Vertebrate animal"* means those vertebrate animals other than members of the equine, bovine, ovine, and porcine species, and ostriches, rheas, or emus.

[C75, 77, 79, 81, §162.2]
86 Acts, ch 1245, §611; 88 Acts, ch 1186, §1 – 4; 92 Acts, ch 1094, §1; 92 Acts, ch 1212, §6; 95 Acts, ch 43, §4; 2005 Acts, ch 3, §40; 2009 Acts, ch 133, §70; 2010 Acts, ch 1030, §2, 3, 29
Referred to in §162.11, 162.20, 165B.5, 169.5, 351.37, 717.1A, 717.2, 717.5, 717A.1, 717B.2, 717B.3, 717B.3A, 717B.4, 717B.8, 717D.3, 717E.2, 717E.7, 717E.10
Further definitions, see §159.1

**162.2A Application, issuance, and renewal of authorizations.**
1. The department shall provide for the operation of a commercial establishment by issuing or renewing an authorization, including any of the following:
   a. A certificate of registration for a pound, animal shelter, or research facility.
   b. A state license for a boarding kennel, commercial kennel, or pet shop.
   c. A state license or permit for a commercial breeder, dealer, or public auction. A federal licensee must apply for and be issued either a permit or a state license in lieu of a permit.
2. A person must be issued a separate state license, certificate of registration, or permit for each commercial establishment owned or operated by the person.
3. A person must apply for the issuance or renewal of an authorization on forms and according to procedures required by rules adopted by the department. The application shall contain information required by the department, including but not limited to all of the following:
   a. The person's name.
   b. The person's principal office or place of business.
   c. The name, address, and type of establishment covered by the authorization.

*d.* The person's identification number. Notwithstanding chapter 22, the department shall keep the person's tax identification number confidential except for purposes of tax administration by the department of revenue, including as provided in section 421.18.

4. The authorization expires on an annual basis as provided by the department, and must be renewed by the commercial establishment on an annual basis on or before the authorization's expiration date.

5. *a.* A commercial establishment applying for the issuance or renewal of a permit shall provide the department with proof that the person is a federal licensee.

*b.* The department shall not require that it must enter onto the premises of a commercial establishment in order to issue a permit. The department shall not require that it must enter onto the premises of a commercial establishment in order to renew a permit, unless it has reasonable cause to monitor the commercial establishment as provided in section 162.10C.

2010 Acts, ch 1030, §4, 29
Referred to in §162.2, 162.3, 162.4, 162.4A, 162.5, 162.5A, 162.6, 162.7, 162.8, 162.9A, 162.11, 162.13, 717F.1

### 162.2B Fees.

The department shall establish, assess, and collect fees as provided in this section.

1. A commercial establishment shall pay authorization fees to the department for the issuance or renewal of a certificate of registration, state license, or permit.

*a.* For the issuance or renewal of a certificate of registration, seventy-five dollars.

*b.* For the issuance or renewal of a state license or permit, one hundred seventy-five dollars. However, a commercial breeder who owns, keeps, breeds, or transports a greyhound dog for pari-mutuel wagering at a racetrack as provided in chapter 99D shall pay a different fee for the issuance or renewal of a state license as provided in rules adopted by the department.

2. The department shall retain all fees that it collects under this section for the exclusive purpose of administering and enforcing the provisions of this chapter. The fees shall be considered repayment receipts as defined in section 8.2. The general assembly shall appropriate moneys to the department each state fiscal year necessary for the administration and enforcement of this chapter.

2010 Acts, ch 1030, §5, 29
Referred to in §162.2C, 162.11

### 162.2C Commercial establishment fund.

1. A commercial establishment fund is created in the state treasury under the management and control of the department.

2. The fund shall include moneys collected by the department in fees as provided in section 162.2B and moneys appropriated by the general assembly. The fund may include other moneys available to and obtained or accepted by the department, including moneys from public or private sources.

3. Moneys in the fund are appropriated to the department and shall be used exclusively to carry out the provisions of this chapter as determined and directed by the department, and shall not require further special authorization by the general assembly.

4. *a.* Notwithstanding section 12C.7, interest or earnings on moneys in the fund shall be credited to the fund.

*b.* Notwithstanding section 8.33, moneys credited to the fund that remain unexpended or unobligated at the end of a fiscal year shall not revert to any other fund.

2010 Acts, ch 1191, §25, 26

### 162.3 Operation of a pound — certificate of registration.

A pound shall only operate pursuant to a certificate of registration issued or renewed by the department as provided in section 162.2A. A pound may sell dogs or cats under its control if sales are allowed by the department. The pound shall maintain records as required by the department in order for the department to ensure the pound's compliance with the provisions of this chapter.

[C75, 77, 79, 81, §162.3]
88 Acts, ch 1186, §5; 88 Acts, ch 1272, §12; 89 Acts, ch 296, §17; 2010 Acts, ch 1030, §6, 29

### 162.4 Operation of an animal shelter — certificate of registration.

An animal shelter shall only operate pursuant to a certificate of registration issued or renewed by the department as provided in section 162.2A. An animal shelter may sell dogs or cats if sales are allowed by the department. The animal shelter facility shall maintain records as required by the department in order for the department to ensure the animal shelter's compliance with the provisions of this chapter.

[C75, 77, 79, 81, §162.4]

88 Acts, ch 1186, §6; 2010 Acts, ch 1030, §7, 29

### 162.4A Operation of a research facility — certificate of registration.

A research facility shall only operate pursuant to a certificate of registration issued by the department as provided in section 162.2A. The research facility shall maintain records as required by the department in order for the department to ensure the research facility's compliance with the provisions of this chapter. A research facility shall not purchase a dog or cat from a commercial establishment that does not have a valid authorization issued or renewed under this chapter or a similar authorization issued or renewed by another state.

2010 Acts, ch 1030, §8, 29

Referred to in §717E.1

### 162.5 Operation of a pet shop — state license.

A pet shop shall only operate pursuant to a state license issued or renewed by the department pursuant to section 162.2A. The pet shop shall maintain records as required by the department in order for the department to ensure the pet shop's compliance with the provisions of this chapter. A pet shop shall not purchase a dog or cat from a commercial establishment that does not have a valid authorization issued or renewed under this chapter or a similar authorization issued or renewed by another state.

[C75, 77, 79, 81, §162.5]

88 Acts, ch 1186, §7; 88 Acts, ch 1272, §13; 89 Acts, ch 296, §17; 2010 Acts, ch 1030, §9, 29

Referred to in §717E.3

### 162.5A Operation of a boarding kennel — state license.

A boarding kennel shall only operate pursuant to a state license issued by the department as provided in section 162.2A. The boarding kennel shall maintain records as required by the department in order for the department to ensure the boarding kennel's compliance with the provisions of this chapter. A boarding kennel shall not purchase a dog or cat from a commercial establishment that does not have a valid authorization issued or renewed under this chapter or a similar authorization issued or renewed by another state.

2010 Acts, ch 1030, §10, 29

### 162.6 Operation of a commercial kennel — state license.

A commercial kennel shall only operate pursuant to a state license issued or renewed by the department as provided in section 162.2A. A commercial kennel shall maintain records as required by the department in order for the department to ensure the commercial kennel's compliance with the provisions of this chapter. A commercial kennel shall not purchase a dog or cat from a commercial establishment that does not have a valid authorization issued or renewed under this chapter or a similar authorization issued or renewed by another state.

[C75, 77, 79, 81, §162.6]

88 Acts, ch 1186, §8; 88 Acts, ch 1272, §14; 89 Acts, ch 15, §1; 89 Acts, ch 296, §17; 2010 Acts, ch 1030, §11, 29

### 162.7 Operation of a dealer — state license or permit.

A dealer shall only operate pursuant to a state license, or a permit, issued or renewed by the department as provided in section 162.2A. A dealer who is a state licensee shall maintain records as required by the department in order for the department to ensure compliance with the provisions of this chapter. A dealer who is a permittee may but is not required to maintain records. A dealer shall not purchase a dog or cat from a commercial establishment that does

not have a valid authorization issued or renewed under this chapter or a similar authorization issued or renewed by another state.

[C75, 77, 79, 81, §162.7]

88 Acts, ch 1186, §9; 88 Acts, ch 1272, §15; 89 Acts, ch 15, §2; 89 Acts, ch 296, §17; 2010 Acts, ch 1030, §12, 29

Referred to in §162.11

### 162.8 Operation of a commercial breeder — state license or permit.

A commercial breeder shall only operate pursuant to a state license, or a permit, issued or renewed by the department as provided in section 162.2A. A commercial breeder who is a state licensee shall maintain records as required by the department in order for the department to ensure the commercial breeder's compliance with the provisions of this chapter. A commercial breeder who is a permittee may but is not required to maintain records. A commercial breeder shall not purchase a dog or cat from a commercial establishment that does not have a valid authorization issued or renewed under this chapter or a similar authorization issued or renewed by another state.

[C75, 77, 79, 81, §162.8]

88 Acts, ch 1186, §10; 88 Acts, ch 1272, §16; 89 Acts, ch 296, §18; 2010 Acts, ch 1030, §13, 29

Referred to in §162.11

### 162.9 Boarding kennel operator's license. Repealed by 2010 Acts, ch 1030, § 26, 29. See § 162.5A.

### 162.9A Operation of a public auction — state license or permit.

A public auction shall only operate pursuant to a state license, or a permit, issued or renewed by the department as provided in section 162.2A. A public auction which is a state licensee shall maintain records as required by the department in order for the department to ensure the public auction's compliance with the provisions of this chapter. A public auction which is a permittee may but is not required to maintain records. A public auction shall not purchase a dog or cat from a commercial establishment that does not have a valid authorization issued or renewed under this chapter or a similar authorization issued or renewed by another state.

2010 Acts, ch 1030, §14, 29

Referred to in §162.11

### 162.10 Research facility registration. Repealed by 2010 Acts, ch 1030, § 26, 29. See § 162.4A.

### 162.10A Commercial establishments — standard of care.

1. *a.* A commercial establishment shall provide for a standard of care that ensures that an animal in its possession or under its control is not lacking any of the following:

   (1) Adequate feed, adequate water, housing facilities, sanitary control, or grooming practices, if such lack causes adverse health or suffering.

   (2) Veterinary care.

   *b.* A commercial establishment, other than a research facility or pet shop, shall provide for the standard of care for dogs and cats in its possession or under its control, and a research facility or pet shop shall provide for the standard of care for vertebrate animals in its possession or under its control.

2. *a.* Except as provided in paragraph "b" or "c", a commercial establishment shall comply with rules that the department adopts to implement subsection 1. A commercial establishment shall be regulated under this paragraph "a" unless the person is a state licensee as provided in paragraph "b" or a permittee as provided in paragraph "c".

   *b.* A state licensee who is a commercial breeder owning, breeding, transporting, or keeping a greyhound dog for pari-mutuel wagering at a racetrack as provided in chapter 99D may be required to comply with different rules adopted by the department.

   *c.* A permittee is not required to comply with rules that the department adopts to

Case 6:14-cv-02034-JSS   Document 57-3   Filed 09/21/15   Page 6 of 11

implement a standard of care as provided in subsection 1 for state licensees and registrants. The department may adopt rules regulating a standard of care for a permittee, so long as the rules are not more restrictive than required for a permittee under the Animal Welfare Act. However, the department may adopt prescriptive rules relating to the standard of care. Regardless of whether the department adopts such rules, a permittee meets the standard of care required in subsection 1 if it voluntarily complies with rules applicable to state licensees or registrants. A finding by the United States department of agriculture that a permittee complies with the Animal Welfare Act is not conclusive when determining that the permittee provides a standard of care required in subsection 1.

3. A commercial establishment fails to provide for a standard of care as provided in subsection 1 if the commercial establishment commits abuse as described in section 717B.2, neglect as described in section 717B.3, or torture as provided in section 717B.3A.

2010 Acts, ch 1030, §15, 29
Referred to in §162.10C, 162.11, 162.12A, 162.13

**162.10B Commercial establishments — inspecting state licensees and registrants.**
The department may inspect the commercial establishment of a registrant or state licensee by entering onto its business premises at any time during normal working hours. The department may inspect records required to be maintained by the state licensee or registrant as provided in this chapter. If the owner or person in charge of the commercial establishment refuses admittance, the department may obtain an administrative search warrant issued under section 808.14.

2010 Acts, ch 1030, §16, 29

**162.10C Commercial establishments — monitoring permittees.**
1. The department may monitor the commercial establishment of a permittee by entering onto its business premises at any time during normal working hours. The department shall monitor the commercial establishment for the limited purpose of determining whether the permittee is providing for a standard of care required for permittees under section 162.10A. If the owner or person in charge of the commercial establishment refuses admittance, the department may obtain an administrative search warrant issued under section 808.14.

2. In order to enter onto the business premises of a permittee's commercial establishment, the department must have reasonable cause to suspect that the permittee is not providing for the standard of care required for permittees under section 162.10A. Reasonable cause must be supported by any of the following:

a. An oral or written complaint received by the department by a person. The complainant must provide the complainant's name and address and telephone number. Notwithstanding chapter 22, the department's record of a complaint is confidential, unless any of the following apply:
(1) The results of the monitoring are used in a contested case proceeding as provided in chapter 17A or in a judicial proceeding.
(2) The record is sought in discovery in any administrative, civil, or criminal case.
(3) The department's record of a complaint is filed by a person other than an individual.

b. A report prepared by a person employed by the United States department of agriculture that requires a permittee to take action necessary to correct a breach of standard of care required of federal licensees by the Animal Welfare Act or of permittees by section 162.10A. The department is not required to dedicate any number of hours to viewing or analyzing such reports.

3. When carrying out this section, the department may cooperate with the United States department of agriculture. The department shall report any findings resulting in an enforcement action under section 162.10D to the United States department of agriculture.

2010 Acts, ch 1030, §17, 29
Referred to in §162.2A, 162.11

**162.10D Commercial establishments — disciplinary actions.**
1. The department may take disciplinary action against a person by suspending or

Case 6:14-cv-02034-JSS Document 57-3 Filed 09/21/15 Page 7 of 11

revoking the person's authorization for violating a provision of this chapter or chapter 717B, or who commits an unlawful practice under section 714.16.

2. The department may require an owner, operator, or employee of a commercial establishment subject to disciplinary action under subsection 1 to complete a continuing education program as a condition for retaining an authorization. This section does not prevent a person from voluntarily participating in a continuing education program.

3. The department shall administer the continuing education program by either providing direct instruction or selecting persons to provide such instruction. The department is not required to compensate persons for providing the instruction, and may require attendees to pay reasonable fees necessary to compensate the department providing the instruction or a person selected by the department to provide the instruction. The department shall, to every extent possible, select persons to provide the instruction by consulting with organizations that represent commercial establishments, including but not limited to the Iowa pet breeders association.

4. The department shall establish the criteria for a continuing education program which shall include at least three and not more than eight hours of instruction. The department shall provide for the program's beginning and ending dates. However, a person must complete the program in twelve months or less.

2010 Acts, ch 1030, §18, 29; 2010 Acts, ch 1193, §41, 80
Referred to in §162.10C, 162.11, 162.13

**162.11 Exceptions.**

1. This chapter does not apply to a federal licensee except as provided in the following:
   a. Section 162.1, subsection 2, and sections 162.2, 162.2A, 162.2B, 162.7, 162.8, 162.9A, 162.10A, 162.10C, 162.10D, 162.12A, and 162.13.
   b. Section 162.1, subsection 1, but only to the extent required to implement sections described in paragraph "a".
   c. Section 162.16 but only to the extent required to implement sections described in paragraph "a".

2. This chapter does not apply to a place or establishment which operates under the immediate supervision of a duly licensed veterinarian as a hospital where animals are harbored, hospitalized, and cared for incidental to the treatment, prevention, or alleviation of disease processes during the routine practice of the profession of veterinary medicine. However, if animals are accepted by such a place, establishment, or hospital for boarding or grooming for a consideration, the place, establishment, or hospital is subject to the licensing or registration requirements applicable to a boarding kennel or commercial kennel under this chapter and the rules adopted by the secretary.

3. This chapter does not apply to a noncommercial kennel at, in, or adjoining a private residence where dogs or cats are kept for the hobby of the householder, if the dogs or cats are used for hunting, for practice training, for exhibition at shows or field or obedience trials, or for guarding or protecting the householder's property. However, the dogs or cats must not be kept for breeding if a person receives consideration for providing the breeding.

[C75, 77, 79, 81, §162.11]

88 Acts, ch 1186, §13; 2010 Acts, ch 1030, §19, 20, 29

**162.12 Denial or revocation of license or registration.**

A certificate of registration may be denied to any animal shelter, pound, or research facility and a state license may be denied to any public auction, boarding kennel, commercial kennel, pet shop, commercial breeder, or dealer, or an existing certificate of registration or state license may be revoked by the secretary if, after public hearing, it is determined that the housing facilities or primary enclosures are inadequate under this chapter or if the feeding, watering, cleaning, and housing practices at the pound, animal shelter, public auction, pet shop, boarding kennel, commercial kennel, research facility, or those practices by the commercial breeder or dealer, are not in compliance with this chapter or with the

Case 6:14-cv-02034-JSS    Document 57-3    Filed 09/21/15    Page 8 of 11

rules adopted pursuant to this chapter. The premises of each registrant or state licensee shall be open for inspection during normal business hours.

[C75, 77, 79, 81, §162.12]
88 Acts, ch 1186, §14; 2010 Acts, ch 1030, §21, 29
Referred to in §717F.7

### 162.12A Civil penalties.

The department shall establish, impose, and assess civil penalties for violations of this chapter. The department may by rule establish a schedule of civil penalties for violations of this chapter. All civil penalties collected under this section shall be deposited into the general fund of the state.

1. *a.* A commercial establishment that operates pursuant to an authorization issued or renewed under this chapter is subject to a civil penalty of not more than five hundred dollars, regardless of the number of animals possessed or controlled by the commercial establishment, for violating this chapter. Except as provided in paragraph "b", each day that a violation continues shall be deemed a separate offense.

*b.* This paragraph applies to a commercial establishment that violates a standard of care involving housing as provided in section 162.10A. The departmental official who makes a determination that a violation exists shall provide a corrective plan to the commercial establishment describing how the violation will be corrected within a compliance period of not more than fifteen days from the date of approval by the official of the corrective plan. The civil penalty shall not exceed five hundred dollars for the first day of the violation. After that day, the department shall not impose a civil penalty for the violation during the compliance period. The department shall not impose an additional civil penalty, unless the commercial establishment fails to correct the violation by the end of the compliance period. If the commercial establishment fails to correct the violation by the end of the compliance period, each day that the violation continues shall be deemed a separate offense.

2. A commercial establishment that does not operate pursuant to an authorization issued or renewed under this chapter is subject to a civil penalty of not more than one thousand dollars, regardless of the number of animals possessed or controlled by the commercial establishment, for violating this chapter. Each day that a violation continues shall be deemed a separate offense.

2010 Acts, ch 1030, §22, 29
Referred to in §162.11

### 162.13 Criminal penalties — confiscation.

1. A person who operates a commercial establishment without an authorization issued or renewed by the department as required in section 162.2A is guilty of a simple misdemeanor and each day of operation is a separate offense.

2. The failure of a person who owns or operates a commercial establishment to meet the standard of care required in section 162.10A, subsection 1, is a simple misdemeanor. The animals are subject to seizure and impoundment and may be sold or destroyed as provided by rules which shall be adopted by the department pursuant to chapter 17A. The rules shall provide for the destruction of an animal by a humane method, including by euthanasia.

3. The failure of a person who owns or operates a commercial establishment to meet the requirements of this section is also cause for the suspension or revocation of the person's authorization as provided in section 162.10D.

4. Dogs, cats, and other vertebrate animals upon which euthanasia is permitted by law may be destroyed by a person subject to this chapter or chapter 169, by a humane method, including euthanasia, as provided by rules which shall be adopted by the department pursuant to chapter 17A.

5. It is unlawful for a dealer to knowingly ship a diseased animal. A dealer violating this subsection is subject to a fine not exceeding one hundred dollars. Each diseased animal shipped in violation of this subsection is a separate offense.

[C75, 77, 79, 81, §162.13]
83 Acts, ch 149, §1; 88 Acts, ch 1186, §15; 94 Acts, ch 1103, §1; 2010 Acts, ch 1030, §23, 29
Referred to in §162.11

Case 6:14-cv-02034-JSS   Document 57-3   Filed 09/21/15   Page 9 of 11

### 162.14 Custody by animal warden.

An animal warden, upon taking custody of any animal in the course of the warden's official duties, shall immediately make a record of the matter in the manner prescribed by the secretary and the record shall include a complete description of the animal, reason for seizure, location of seizure, the owner's name and address if known, and all license or other identification numbers, if any. Complete information relating to the disposition of the animal shall be added in the manner provided by the secretary immediately after disposition.

[C75, 77, 79, 81, §162.14]

### 162.15 Violation by animal warden.

Violation of any provision of this chapter which relates to the seizing, impoundment, and custody of an animal by an animal warden shall constitute a simple misdemeanor and each animal handled in violation shall constitute a separate offense.

[C75, 77, 79, 81, §162.15]

### 162.16 Rules.

The department shall adopt rules and promulgate forms necessary to administer and enforce the provisions of this chapter.

[C75, 77, 79, 81, §162.16]
2010 Acts, ch 1030, §24, 29
Referred to in §162.11

### 162.17  Repealed by 88 Acts, ch 1186, § 16.

### 162.18 Fees.  Repealed by 2010 Acts, ch 1030, § 26, 29.

### 162.19 Abandoned animals destroyed.

Whenever any animal is left with a veterinarian, boarding kennel or commercial kennel pursuant to a written agreement and the owner does not claim the animal by the agreed date, the animal shall be deemed abandoned, and a notice of abandonment and its consequences shall be sent within seven days by certified mail to the last known address of the owner. For fourteen days after mailing of the notice the owner shall have the right to reclaim the animal upon payment of all reasonable charges, and after the fourteen days the owner shall be deemed to have waived all rights to the abandoned animal. If despite diligent effort an owner cannot be found for the abandoned animal within another seven days, the veterinarian, boarding kennel, or commercial kennel may humanely destroy the abandoned animal.

Each veterinarian, boarding kennel or commercial kennel shall warn its patrons of the provisions of this section by a conspicuously posted notice or by conspicuous type in a written receipt.

[C77, 79, 81, §162.19]

### 162.20 Sterilization.

1. A pound or animal shelter shall not transfer ownership of a dog or cat by sale or adoption, unless the dog or cat is subject to sterilization. The sterilization shall involve a procedure which permanently destroys the capacity of a dog or cat to reproduce, either by the surgical removal or alteration of its reproductive organs, or by the injection or ingestion of a serum. The pound or animal shelter shall not relinquish custody until it provides for one of the following:

   a. Sterilization performed by a veterinarian licensed pursuant to chapter 169.

   b. The execution of an agreement with a person intended to be the permanent custodian of the dog or cat. The agreement must provide that the custodian shall have the dog or cat sterilized by a veterinarian licensed pursuant to chapter 169.

2. The pound or animal shelter maintaining custody of the dog or cat may require that a person being transferred ownership of the dog or cat reimburse the pound or animal shelter for the amount in expenses incurred by the pound or animal shelter in sterilizing the dog or

cat, if the dog or cat is sterilized prior to the transfer of ownership of the dog or cat to the person.

3. a. The sterilization agreement may be on a form which shall be prescribed by the department. The agreement shall contain the signature and address of the person receiving custody of the dog or cat, and the signature of the representative of the pound or animal shelter.

b. The sterilization shall be completed as soon as practicable, but prior to the transfer of the ownership of the dog or cat by the pound or animal shelter. The pound or animal shelter may grant an extension of the period required for the completion of the sterilization if the extension is based on a reasonable determination by a licensed veterinarian.

c. A pound or animal shelter shall transfer ownership of a dog or cat, conditioned upon the confirmation that the sterilization has been completed by a licensed veterinarian who performed the procedure. The confirmation shall be a receipt furnished by the office of the attending veterinarian.

d. A person who fails to satisfy the terms of the sterilization agreement shall return the dog or cat within twenty-four hours following receipt of a demand letter which shall be delivered to the person by the pound or animal shelter personally or by certified mail.

4. a. A person who does not comply with the provisions of a sterilization agreement is guilty of a simple misdemeanor.

b. A person who fails to return a dog or cat upon receipt of a demand letter is guilty of a simple misdemeanor.

c. A pound or animal shelter which knowingly fails to provide for the sterilization of a dog or cat is subject to a civil penalty of up to two hundred dollars. The department may enforce and collect civil penalties according to rules which shall be adopted by the department. Each violation shall constitute a separate offense. Moneys collected from civil penalties shall be deposited into the general fund of the state and are appropriated on July 1 of each year in equal amounts to each track licensed to race dogs to support the racing dog adoption program as provided in section 99D.27. Upon the third offense, the department may suspend or revoke a certificate of registration issued to the pound or animal shelter pursuant to this chapter. The department may bring an action in district court to enjoin a pound or animal shelter from transferring animals in violation of this section. In bringing the action, the department shall not be required to allege facts necessary to show, or tending to show, a lack of adequate remedy at law, that irreparable damage or loss will result if the action is brought at law, or that unique or special circumstances exist.

5. This section shall not apply to the following:

a. The return of a dog or cat to its owner by a pound or animal shelter.

b. The transfer of a dog or cat by a pound or animal shelter which has obtained an enforcement waiver issued by the department. The pound or shelter may apply for an annual waiver each year as provided by rules adopted by the department. The department shall grant a waiver, if it determines that the pound or animal shelter is subject to an ordinance by a city or county which includes stricter requirements than provided in this section. The department shall not charge more than ten dollars as a waiver application fee. The fees collected by the department shall be deposited in the general fund of the state.

c. The transfer of a dog or cat to a research facility as defined in section 162.2 or a person licensed by the United States department of agriculture as a class B dealer pursuant to 9 C.F.R. ch. 1, subch. A, pt. 2. However, a class B dealer who receives an unsterilized dog or cat from a pound or animal shelter shall either sterilize the dog or cat or transfer the unsterilized dog or cat to a research facility provided in this paragraph. The class B dealer shall not transfer a dog to a research facility if the dog is a greyhound registered with the national greyhound association and the dog raced at a track associated with pari-mutuel racing unless the class B dealer receives written approval of the transfer from a person who owned an interest in the dog while the dog was racing.

93 Acts, ch 134, §1; 2008 Acts, ch 1058, §16; 2010 Acts, ch 1061, §180; 2012 Acts, ch 1023, §27

Subsection 5, paragraph c amended