IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, an individual; LISA K. KUEHL, an individual; KRIS A. BELL, an individual; NANCY A. HARVEY, an individual; JOHN T. BRAUMANN, an individual, and; ANIMAL LEGAL DEFENSE FUND, a non-profit corporation, <br><br>Plaintiffs, <br><br>vs. <br><br>PAMELA SELLNER, an individual; TOM SELLNER, an individual; and CRICKET HOLLOW ZOO, a non-profit corporation, <br><br>Defendants. | No. C14-2034 <br><br> RULING ON MOTIONS *IN LIMINE* |

On the 28th day of September 2015, this matter came on for telephonic hearing on the Motion in Limine to Exclude Expert Opinion Testimony (docket number 45), the Second Motion in Limine Regarding the Authenticity and Admissibility of USDA Records (docket number 46), and the Third Motion in Limine Regarding Order of Proof (docket number 47), all filed by the Plaintiffs on September 4, 2015. The Plaintiffs were represented by their attorneys, Jessica Blome, Jeffrey Pierce, and Elisabeth Holmes. Defendants were represented by their attorney, Larry Thorson.

## *I. MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY*

In their first motion, Plaintiffs ask the Court to prohibit any expert testimony by Pamela Sellner, Dr. John Pries, and Dr. Gary Pusillo. Plaintiffs concede the witnesses

were timely disclosed as expert witnesses, but argue Defendants failed to disclose the witnesses' expert opinions as required by RULE 26. Defendants argue that "none of these witnesses has been retained as an 'expert' for trial within the meaning of Rule 26."

The disclosure of expert testimony is governed by FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2). A party must disclose to the other parties the identity of any witness it may use at trial to present expert testimony. FED. R. CIV. P. 26(a)(2)(A). If the witness is "retained or specially employed to provide expert testimony in the case," then the expert witness disclosure must be accompanied by a written report — prepared and signed by the witness — providing certain detailed information. FED. R. CIV. P. 26(a)(2)(B). If a written report is not required by RULE 26(a)(2)(B), however, then the expert witness disclosure must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

The expert witnesses disclosed by Defendants include Pamela Sellner (the zoo owner and operator, and a named-Defendant), Dr. John Pries (the zoo veterinarian), and Dr. Gary Pusillo (the zoo nutritionist). It is apparently undisputed that none of the expert witnesses were "retained or specially employed" for purposes of this case. Accordingly, the written report required by RULE 26(a)(2)(B) need not accompany the disclosure. Instead, it was only necessary that Defendants disclose the subject matter of each witness' testimony and "a summary of the facts and opinions to which the witness is expected to testify."

In their instant motion, Plaintiffs concede that "Defendants timely designated three expert witnesses who planned to testify in their defense, as well as a summary of the subject matter of testimony Defendants proposed to elicit from those experts."[1] Plaintiffs

---

[1] Plaintiffs' Motion in Limine (docket number 45) at 2.

complain, however, that Defendants never provided "a summary of fact and opinions to which the witness is expected to testify." Plaintiffs have deposed all three of Defendants' expert witnesses. Plaintiffs object to the witnesses giving any expert opinion testimony "that differs from the testimony they gave during their depositions."[2] In their resistance to the instant motion, Defendants state that "[i]t is not anticipated that any of those witnesses will express at trial any opinions that were either not disclosed or within the fair scope of their testimony at those depositions."[3]

The Court concludes that Pamela Sellner, Dr. John Pries, and Dr. Gary Pusillo will be permitted to offer expert testimony at the time of trial. Their testimony will be limited, however, to those opinions expressed in their depositions, or otherwise disclosed by Defendants prior to trial. That is, the expert witnesses will not be permitted to offer opinions which were not disclosed pursuant to RULE 26(a)(2)(C), or otherwise disclosed in their depositions.

Plaintiffs also argue that Dr. Pusillo is not qualified as an expert on animal husbandry, and his expert testimony should be limited to animal nutrition. Because the testimony may be somewhat related, I will not rule on the issue pretrial. Rather, Plaintiffs are free to make whatever objections they believe are appropriate during the course of the questioning, and I will address the issue at that time.

## II. SECOND MOTION IN LIMINE REGARDING THE AUTHENTICITY AND ADMISSIBILITY OF USDA RECORDS

Next, Plaintiffs seek a pretrial ruling finding that documents obtained from the United States Department of Agriculture ("USDA") are "authenticated, relevant, and admissible at trial." In their "partial resistance," Defendants state that they have "never

---

[2] Plaintiffs' Motion in Limine (docket number 45) at 6.

[3] Defendants' Resistance to Plaintiffs' Motion in Limine (docket number 53) at 2.

indicated to the Plaintiffs that they had questions about the authenticity of the documents obtained from the United States Department of Agriculture (USDA) but they have serious concerns about their relevance to the issues in this case and the hearsay contained herein."[4]

Accordingly, there would not appear to be any dispute regarding the "authenticity" of the USDA documents. The Court will not make any blanket relevancy rulings prior to trial. It is anticipated, however, that relevancy will be broadly construed at trial to allow both parties to make a full record. I will then give the evidence such weight as I believe is appropriate. Hearsay objections, if any, to statements contained in the documents will be addressed on a document-by-document basis at trial.

### *III. THIRD MOTION IN LIMINE REGARDING ORDER OF PROOF*

Plaintiffs timely designated Dr. Jennifer Conrad and Dr. Peter Klopfer as experts. Defendants then timely designated Pamela Sellner, Dr. John Pries, and Dr. Gary Pusillo as experts. Plaintiffs then designated David Allen as a rebuttal expert. In their third motion *in limine*, Plaintiffs ask that they be permitted to call Mr. Allen during their case-in-chief. Defendants do not object to Mr. Allen being called out-of-turn as a convenience to the Plaintiffs and the witness, but object to Plaintiffs being permitted to "broaden and support their case-in-chief by unduly expanding the role of Mr. David Allen to that of expert witness in the case-in-chief and not in the role of rebuttal expert which he was designated as."[5]

I agree with Defendants. Plaintiffs' reliance on *Gossett v. Weyerhaueser Co.*, 856 F.2d 1154 (8th Cir. 1988), and *Smith v. Conley*, 584 F.2d 844 (8th Cir. 1978), is misplaced. In *Smith*, the Court found the trial court properly refused to admit testimony from a rebuttal expert, who should have been disclosed as an expert in the plaintiff's case-

---

[4] Defendants' Resistance to Second Motion in Limine (docket number 57) at 1.

[5] Defendants' Resistance to Third Motion in Limine (docket number 58) at 3.

in-chief. *Smith* does not support Plaintiffs' claim that they should be permitted to convert a rebuttal expert to a case-in-chief expert at any time prior to the trial. Similarly, in *Gossett*, the Court noted that "[a]llowance of a party to present additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge." 856 F.2d at 1156 (quoting *Smith v. Conley*). The *Gossett* Court concluded that the trial court did not abuse its discretion in refusing to allow rebuttal testimony that "should have been presented during the Gossett's case in chief." *Id.* at 1157.

Mr. Allen was disclosed as a rebuttal expert witness. Now, on the eve of trial, Plaintiffs seek to convert him to an expert to be used in their case-in-chief. I believe allowing Mr. Allen to be called in Plaintiffs' case-in-chief at this late date is prejudicial to Defendants. Mr. Allen's testimony is admissible for the sole purpose of rebutting the expert testimony of Ms. Sellner, Dr. Pries, or Dr. Pusillo. As a convenience to the witness, Plaintiffs may call Mr. Allen out-of-order, but his testimony will not be considered as part of Plaintiffs' case-in-chief.

## ORDER

IT IS THEREFORE ORDERED that Plaintiffs' Motions in Limine (docket numbers 45, 46, and 47) are **GRANTED in part** and **DENIED in part**, as set forth above.

DATED this 30th day of September, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA