IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, et al., <br><br> Plaintiffs, <br> v. <br> PAMELA SELLNER, et al., <br><br> Defendants. | Case No. C14-02034-JSS <br><br> **Plaintiffs' Brief in Support of their Motion for Reconsideration of Plaintiffs' Third Motion in Limine Regarding Order of Proof** <br><br> **Judge: Hon. Jon Stuart Scoles** <br> **Trial Date: October 5-9, 2015** |

Plaintiffs respectfully submit this Brief in Support of their Motion for Reconsideration pursuant to Local Rule 72.1. Plaintiffs request reconsideration of the Court's Order issued October 1, 2015 (Doc. 62), denying Plaintiffs' motion to present the testimony of expert witness David Allen as part of their case in chief. *See* Plaintiffs' Third Motion in Limine, Doc. 47 (Sept. 4, 2015). In accordance with Local Rule 72.1, Plaintiffs have requested a copy of the transcript of the September 28, 2015, hearing be delivered to the Court as soon as possible.

## Introduction

The question of whether Plaintiffs' expert witness, David Allen, should be permitted to testify in Plaintiffs' case in chief turns on notice and fairness. Respectfully, Plaintiffs have not attempted to "surprise" Defendants by "converting" Mr. Allen from a rebuttal expert to a case in chief witness on the eve of trial. As explained below, the record in this case makes clear that Defendants have been on notice of Plaintiffs' intention to call Mr. Allen as part of their case in chief for seven months, as Plaintiffs disclosed their intention to call Mr. Allen as part of their

1

case in chief in their February 26, 2015 expert witness designation letter. Despite Plaintiffs' open representation of their intention, Defendants failed to raise any objection, take any discovery of Mr. Allen, strike Mr. Allen's Declaration filed in support of summary judgment (Doc. No. 21-30), or in any way communicate to Plaintiffs' counsel their dissatisfaction with the way Mr. Allen was designated until the parties met to prepare the Final Pre Trial Order one month before trial. Plaintiffs' counsel was understandably surprised by Defendants' sudden objection to the use of Mr. Allen's testimony in their case in chief, principally because Defendants had acquiesced to Plaintiffs' use of Mr. Allen's testimony in their case in chief on summary judgment, and had directly responded to points raised in Mr. Allen's Declaration. *See, e.g.*, Doc. No. 28-2 at 13, 14-15 (responding to issue of financial status addressed in Mr. Allen's Declaration). As soon as Plaintiffs learned of Defendants' newly spoken objection to the use of Mr. Allen in their case in chief, Plaintiffs immediately began working on a motion to bring the dispute regarding Plaintiffs' order of proof to the Court's attention. Plaintiffs filed their Motion in Limine Regarding Order of Proof on September 4, just four days after learning about Defendants' objection. Doc. 47. That Defendants sat on their objection and allowed Plaintiffs to proceed with the preparation of their case while relying on Mr. Allen's opinion strongly suggests that Defendants' objection is a Hail Mary attempt to thwart Plaintiffs' presentation of evidence at trial in the most dramatic—and prejudicial—way possible. Accordingly, Plaintiffs respectfully ask this court to reconsider its decision to exclude Mr. Allen as an expert witness in their case in chief.

**Procedural Background**

Plaintiffs' complaint was filed on June 11, 2014. The parties' proposed Scheduling Order and Discovery Plan (Scheduling Order) was adopted by the Court on August 28, 2014. Doc 10.

The parties timely filed their expert witness disclosures according to the schedule. Plaintiffs designated their experts as Dr. Jennifer Conrad (a veterinarian) and Dr. Peter Klopfer (a lemur care expert). *See* Exhibit 2 to Plaintiffs' Third Motion in Limine, Doc. 47-2 (Sept. 4, 2015). Defendants designated their experts as Pamela Sellner (as an animal care and zookeeping expert), Dr. John Pries (a veterinarian), and Dr. Gary Pusillo (a nutritionist). *Id.* In their expert designation, Defendants described Ms. Sellner's expertise "[in] caring for many types of animals. . . . based on her experiences as well as her individual efforts at educating herself including working with other zookeepers and actual hands on experience for years of raising animals." Doc. 15 at 10 (Jan. 30, 2015). On February 26, 2015, Plaintiffs, via letter by and through counsel, disclosed David Allen. Doc. 47-4. The letter states: "Plaintiffs intend to call retired zoo administrator David Allen *as part of their case in chief* in order to rebut testimony that will be provided by Defendant Pam Sellner, Dr. Pries, and Dr. Pusillo." *Id.* (emphasis added). The letter also explained the scope and content of Mr. Allen's testimony as part of Plaintiffs' case in chief:

> He plans on testifying about general zoo care and maintenance, necessary resources and staff for successful zoo administration, general veterinary and husbandry requirements for zoo animals, compliance with Class C Exhibitor requirements under the Animal Welfare Act, compliance with protections afforded endangered animals under the Endangered Species Act, and other topics regarding zoo administration as needed.

*Id.* At no point did Defendants object to Plaintiffs' notice that his testimony would be part of their case in chief. At no point during discovery did Defendants take Mr. Allen's deposition, or serve expert discovery on Plaintiffs' experts, despite having two months to do so. Blome Decl., Exhibit 1 to Plaintiffs' Third Motion in Limine, Doc. 47-1. Four months after Plaintiffs designated Mr. Allen as an expert, Plaintiffs moved this court for summary judgment. Doc. 21 (June 2, 2015). Mr. Allen's Affidavit in support of Plaintiffs' motion for summary judgment is

3

Case 6:14-cv-02034-JSS Document 63-1 Filed 10/02/15 Page 3 of 9

filed at Doc. 21-30 as part of Plaintiffs' case in chief. Mr. Allen's affidavit is true to the description of the scope of his testimony given in Plaintiffs' disclosure.

On September 1, 2015—one month before trial—Defendants misleadingly claimed that Mr. Allen was never disclosed as Plaintiffs' primary witness and raised their first objection to Mr. Allen's testimony. *See* Letter from Larry Thorson to Jessica Blome (Sept. 1, 2015) (attached). Just four days later on September 4, Plaintiffs moved in limine for an order from the Court allowing Plaintiffs to call their experts, including Mr. Allen, in their case in chief pursuant to Federal Rule of Evidence 611. This Court heard argument and issued its order October 1, which denied Plaintiffs' Third Motion in Limine and excluded Mr. Allen as a witness in Plaintiffs' case in chief.

### Argument

Plaintiffs maintain that they designated—albeit late—David Allen as an expert witness in their case in chief, as set forth in their designation letter to opposing counsel. Mr. Allen was so designated early on in the discovery process, and before any depositions occurred. However, even if the Court is of the view that Plaintiffs are now seeking redesignation of their witness, this is, in fact, permissible when a party shows "good cause." *Marmo v. Tyson Fresh Meats*, 457 F.3d 748, 759 (8th Cir. 2006). Good cause is established when a party has acted diligently "in attempting to meet the progression order." *Id.* Further, "[a] district court *may* also consider the existence or degree of prejudice to the party opposing the modification." *Id.* (emphasis added). Prejudice traditionally means a detrimental effect on a litigant's legal rights or claims. *See* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "prejudice" as "[d]amage or detriment to one's legal rights or claims."); *see also Al Khouri v. Ashcroft*, 362 F.3d 461, 466 (8th Cir. 2004) ("[P]rejudice [is] an error that potentially affects the outcome of the proceedings." (internal

quotation marks omitted)). As explained below, Plaintiffs have good cause to redesignate Mr. Allen and are prejudiced by his exclusion as a primary expert witness.

   1. **Plaintiffs have demonstrated good cause to redesignate Mr. Allen as a primary witness.**

In *Marmo*, the plaintiff filed several claims against the defendant arising from pollution emitted by the defendants' slaughterhouse. *Id.* at 753–54. The parties then complied with the court's progression order and timely designated their expert witnesses as follows: in 2002, plaintiff designated Dr. Kilburn; defendant subsequently disclosed its expert witnesses, after which plaintiff designated Dr. Meggs as a rebuttal witness. *Id.* at 754. In February 2004, defendants moved to strike rebuttal witness Dr. Meggs's testimony, and in her resistance motion, plaintiff argued that "Dr. Meggs's reports were 'classic rebuttal testimony.'" *Id.* The defendant filed motions in limine to exclude the testimony of plaintiff's primary expert Dr. Kilburn. In November 2004, two years after disclosures and only months before trial, plaintiff made the strategic decision to withdraw Dr. Kilburn and to redesignate Dr. Meggs as her primary witness for her case in chief. *Id.* The District Court denied the request. *Id.* at 754–55.

On appeal, the Eight Circuit upheld the trial court's exclusion of Dr. Meggs in plaintiff's case in chief. Applying the "good cause" test, the court found that plaintiff did not act diligently because she had held Dr. Kilburn out as her primary witness for more than two years and chose to redesignate Dr. Meggs only after defendant's motion in limine revealed that her primary expert Dr. Kilburn's testimony was inadmissible. *Id.* at 759–60. The court also found that defendant "would have suffered significant prejudice" if Dr. Meggs had been allowed to testify because it had worked for two years on its litigation strategy based on the designation of Dr. Kilburn as plaintiff's expert witness. *Id.* at 760.

5

Unlike the plaintiff in *Marmo*, Plaintiffs have diligently and in good faith attempted to comply with the Court's progression order. From Plaintiffs' February 26, 2015 disclosure letter identifying David Allen as a witness in Plaintiffs' case in chief, to the arguments and statements of material fact submitted by both parties at the summary judgment stage, Defendants have had ample and consistent notice of Plaintiffs' intent to use Mr. Allen as a witness in their case in chief, and not only as a "rebuttal" witness. Unlike the defendants in *Marmo* who immediately brought the dispute to the plaintiff's and then the court's attention, here Defendants failed to raise a single objection to Plaintiffs' designation until six months later—one month before trial— and then misleadingly claimed that Mr. Allen was never disclosed before. *See* Letter from Larry Thorson to Jessica Blome (Sept. 1, 2015) (attached). Plaintiffs immediately moved in limine for an order from the Court allowing Plaintiffs to call their experts, including Mr. Allen, in their case in chief pursuant to Federal Rule of Evidence 611 just four days after Defendants first raised their objection. Plaintiffs' diligent presentation of their evidence and swift response to Defendants' objection demonstrate that Plaintiffs have good cause to redesignate David Allen as a primary witness.

2. **Only Plaintiffs are prejudiced by the exclusion of Mr. Allen's testimony in their case in chief.**

According to the Third Circuit, in order to demonstrate the prejudice necessary to defeat a motion for redesignation, the defendant must show "specific" prejudice or surprise by articulating the bases for prejudice in their opposition. *See Berroyer v. Hertz*, 672 F.2d 334, 339 (3d Cir. 1982) (no surprise or prejudice where plaintiff gave earliest possible notice of intent to call undisclosed witness, and testimony did not present any new, unanticipated, or complex evidence). The mere fact that the testimony is "harmful to [the defendant's] case" is not a sufficient showing to demonstrate prejudice. *Id.* Here, Defendants appear to argue precisely that:

Mr. Allen's substantive testimony is prejudicial to their case simply because it is adverse. But, as *Berroyer* makes clear, that alone is not "prejudice" in the procedural sense of the term. Indeed, the court in *Marmo* found specific prejudice where the defendants prepared their defense based on the anticipated testimony of Dr. Kilburn, and not the expert whom the plaintiff sought to redesignate at the eleventh hour. Here, Defendants make misleading claims regarding the order and substance of Plaintiffs' designation of Mr. Allen but fail to identify any actual prejudicial effect that will result from his testimony, *e.g.*, surprise, inadequate time for preparation, bad faith, etc. Moreover, Defendants' broad contention that they are prejudiced by the mere existence of Mr. Allen is not adequate to prove prejudice to their legal right to prepare an adequate defense. Defendants have long known that Mr. Allen would be called as part of Plaintiffs' case in chief and could have taken his deposition or served discovery upon him at any time. Notwithstanding their failure to do so, Mr. Allen submitted an affidavit in support of Plaintiffs' motion for summary judgment, which sets out his intended testimony *in its entirety*. Yet Defendants incredibly argue that "it is not clear the exact parameters of and the nature of Plaintiff's [sic] case-in chief"; that Mr. Allen's testimony is "purely responsive to whatever Dr. Pusillo, Dr. Pries and Pamela Sellner might say about the condition of the animals and the Zoo"; and that "Plaintiffs are trying to backdoor his testimony to try to impose an amorphous and changing standard of care." *See* Defendants' Resistance to Plaintiffs' Third Motion in Limine, Doc. 58, at 1–2 (Sept. 21, 2015). Plaintiffs admit that counsel made a mistake in not requesting leave from this Court to properly designate Mr. Allen as an affirmative expert witness, but that mistake should not result in Mr. Allen's exclusion. Indeed, opposing counsel's acquiescence to the use of Mr. Allen's testimony in their case in chief on summary judgment and his failure to

timely object to their designation of Mr. Allen during the "rebuttal" designation period—more than seven months ago—should prove fatal to his challenge at this late date.

In contrast, Plaintiffs' legal right to present their complete case to the Court will be prejudiced by the Court's decision to exclude Mr. Allen from their case in chief. Unlike *Marmo*'s redesignated expert, Plaintiffs' are not asking the Court to redesignate Mr. Allen as a primary witness in order to replace the inadmissible testimony of another witness. As Plaintiffs explained in their original designation, expert testimony regarding proper zoo administration is critical to Plaintiffs' affirmative claims against Defendants, who ineffectively and inefficiently manage a roadside menagerie in rural Iowa to the detriment of the animals living there. Plaintiffs have spent months developing and planning their case in chief, based in part on Mr. Allen's testimony as a primary witness. Indeed, unlike any of Plaintiffs' other witnesses, Mr. Allen will testify that Defendants' failure to comply with generally accepted zoo administration practices has caused their failure to meet the minimum requirements of the Animal Welfare Act, resulting in the unlawful take of endangered tigers, lemurs, and wolves living at the Cricket Hollow Zoo. Plaintiffs have consistently asserted this claim throughout this case, so Defendants cannot claim surprise now. *See* Complaint, Doc. 2, at 15–16, 24–25; Plaintiffs' Brief in Support of Motion for Summary Judgment, Doc. 21-2, at 3–4, 21–25; Plaintiffs' Trial Brief, Doc. 48, at 15–16 (Sept. 4, 2015). To be sure, only Plaintiffs are prejudiced by the exclusion of David Allen as an expert witness in their case in chief.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court reconsider its decision to exclude David Allen as Plaintiffs' primary witness and instead allow Plaintiffs to call expert witness David Allen as part of their case in chief.

Dated: October 2, 2015                                  Respectfully submitted,


                                                        */s Daniel J. Anderson*
                                                        Daniel J. Anderson (IA Bar No. 20215)
                                                        danderson@wertzlaw.com
                                                        WERTZ & DAKE
                                                        1500 Center St. NE #101
                                                        Cedar Rapids, IA 52402-5500
                                                        319.861.3001

                                                        /s *Jessica L. Blome*
                                                        Jessica L. Blome (*pro hac vice*)
                                                        Missouri Bar No. 59710
                                                        jblome@aldf.org

                                                        Jeffrey D. Pierce (*pro hac vice*)
                                                        California Bar No. 293085
                                                        jpierce@aldf.org

                                                        ANIMAL LEGAL DEFENSE FUND
                                                        170 E. Cotati Ave.
                                                        Cotati, CA 94931
                                                        707.795.2533

                                                        Attorneys for Plaintiffs

9

Case 6:14-cv-02034-JSS   Document 63-1   Filed 10/02/15   Page 9 of 9