# ACKLEY, KOPECKY & KINGERY LLP
## ATTORNEYS AT LAW

Warren C. Ackley (1918-1989)
Eugene J. Kopecky (Of Counsel)
Gregory D. Kingery (Of Counsel)
Karen A. Volz
Larry J. Thorson
James L. Sines
Daniel L. Seufferlein
Laura A. Kamienski

4056 Glass Road N.E.
Cedar Rapids, Iowa 52402
Phone: 319-393-9090
Fax: 319-393-9012
www.akklaw.com

September 1, 2015

*Via Email: jblome@aldf.org*

Jessica L. Blome
Animal Legal Defense Fund
170 E. Cotati Avenue
Cotati, CA 94931

      Re:    Kuehl, et al. v. Sellner, et al.

Dear Jessica:

You have not only revised your list of exhibits for trial to put them in chronological order, you have apparently left out and added some exhibits that we did not discuss in our conference last Wednesday. All of them appear to be renumbered which makes my task of objecting to them tedious and that much harder to match up to the previous documents provided.

We will not agree that you can keep adding exhibits and witnesses in apparently an arbitrary manner.

You have renumbered every one of your trial exhibits and have provided me with no clue as to which pages from your appendix that exhibits 1 through 37 have come from. This is totally unsatisfactory. You have attempted to add (in both your original and your modified list of exhibits) what you have labeled in your first exhibit list as exhibit 29 "USDA Inspection Protocol" or in your second exhibit list "USDA Animal Welfare

Inspection Guide" which may or may not be what is known as the Blue Book. I have no idea what you are referring to since you have not provided any clue as to what it is that you are referring to exactly. If you are referring to the inspection guidelines these are all contained in the Code of Federal Regulations these are not appropriate as exhibits. We discussed the possibility of providing the Court some guidance as to direct versus indirect compliance issues – which the Blue Book does not do a good job of addressing.

Next, you attempt to interject a brand new witness who is adverse to the Defendants, never been disclosed by you before, is clearly referred to in your Exhibit 75 and is contrary to our earlier conference of Wednesday, August 26, 2015 in which I stated I would not agree to the addition of a witness from the USDA (APHIS Division).

As part of the pretrial statement, we make the following objections to each of your witnesses:

1. Defendants object to Plaintiffs' witness, Tracey Kuehl as lacking standing to raise the claims contained in the Petition.

2. Defendants object to Plaintiffs' witness, Lisa Kuehl as lacking standing to raise the claims contained in the Petition.

3. Defendants object to Plaintiffs' witness, John Braumann as lacking standing to raise the claims contained in the Petition.

4. Defendants object to Plaintiffs' witness, Nancy Harvey as lacking standing to raise the claims contained in the Petition.

5. Defendants object to Plaintiffs' witness, David Allen. This witness was not listed as Plaintiffs' expert within the time guidelines of the scheduling order. The testimony of David Allen will be objected to as not relevant (F.R.E. 402) because the standards set forth by the Animal Welfare Act 7 U.S.C. § 1531 et seq. are the sole standards for the care of animals at this licensed facility and the Animal and Plant Health Inspection Service

(APHIS) is the sole enforcement mechanism of those standards.

6. Defendants object to Plaintiffs' witness, Dr. Peter Klopfer. The testimony of Dr. Peter Klopfer will be objected to as not relevant (F.R.E. 402) because the standards set forth by the Animal Welfare Act 7 U.S.C. § 1531 et seq. are the sole standards for the care of animals at this licensed facility and the Animal and Plant Health Inspection Service (APHIS) is the sole enforcement mechanism of those standards.

7. Defendants object to Plaintiffs' witness, Dr. Jennifer Conrad. The testimony of Dr. Jennifer Conrad will be objected to as not relevant (F.R.E. 402) because the standards set forth by the Animal Welfare Act 7 U.S.C. § 1531 et seq. are the sole standards for the care of animals at this licensed facility and the Animal and Plant Health Inspection Service (APHIS) is the sole enforcement mechanism of those standards.

8. Defendants object to Plaintiffs' witness, Dr. Kate Ziegerer, who for the first time has been listed (as of August 31, 2015) as a witness in any document, has not been listed in compliance with the trial scheduling order, has not been listed in response to any discovery request, has not disclosed her opinions, and is a possible adverse witness in the pending litigation between the Defendants and the United States Department of Agriculture.

I am sure that we have other matters to finalize on this before we complete this form so I would appreciate it if you would add this language and we can discuss what remains to be done.

Please call if you have any questions.

Very truly yours,

Larry J. Thorson
LJT:tat