UNITED STATES DEPARTMENT OF AGRICULTURE 2015 JUL 30 PM 4: 02

BEFORE THE SECRETARY OF AGRICULTURE RECEIVED

| | |
|---|---|
| In re: ) | AWA Docket No. 15-0152 |
| ) | 15-0153 |
| CRICKET HOLLOW ZOO, INC., an ) | 15-0154 |
| Iowa corporation; PAMELA J. SELLNER, ) | 15-0155 |
| an individual; THOMAS J. SELLNER, an ) | |
| individual; and PAMELA J. SELLNER ) | |
| TOM J. SELLNER, an Iowa general ) | |
| partnership doing business as Cricket ) | |
| Hollow Zoo, ) | |
| ) | |
| Respondents ) | COMPLAINT |

There is reason to believe that the respondents named herein have willfully violated the

Animal Welfare Act, as amended (7 U.S.C. § 2131 et seq.)(AWA or Act), and the regulations and

standards issued thereunder (9 C.F.R. § 1.1 et seq.)(Regulations and Standards). Therefore, the

Administrator of the Animal and Plant Health Inspection Service (APHIS) issues this complaint

alleging the following:

### JURISDICTIONAL ALLEGATIONS

1. Respondent Cricket Hollow Zoo, Inc. (CHZI), is an Iowa corporation whose agent

for service of process is respondent Pamela J. Sellner, 1512 210th Street, Manchester, Iowa 52057.

At all times mentioned herein, respondent CHZI was an exhibitor, as that term is defined in the Act

and the Regulations, did not hold an AWA license and, together with the other respondents herein,

operated a zoo exhibiting wild and exotic animals at Manchester, Iowa.

2. Respondent Pamela J. Sellner is an individual doing business as Cricket Hollow Zoo,

and whose business address is 1512 210th Street, Manchester, Iowa 52057. At all times mentioned

herein, respondent Pamela J. Sellner was an exhibitor as that term is defined in the Act and the

Regulations and, together with the other respondents herein, operated a zoo exhibiting wild and

EXHIBIT 37 PAGE 0001

exotic animals at Manchester, Iowa.

3.      Respondent Thomas J. Sellner is an individual doing business as Cricket Hollow Zoo, and whose business address is 1512 210th Street, Manchester, Iowa 52057.  At all times mentioned herein, respondent Thomas J. Sellner was an exhibitor as that term is defined in the Act and the Regulations and, together with the other respondents herein, operated a zoo exhibiting wild and exotic animals at Manchester, Iowa.

4.      Respondent Pamela J. Sellner Tom J. Sellner (Sellner Partnership) is an Iowa general partnership whose partners are respondents Pamela J. Sellner and Thomas J. Sellner, and whose business address is 1512 210th Street, Manchester, Iowa 52057. At all times mentioned herein, the Sellner Partnership was an exhibitor, as that term is defined in the Act and the Regulations, and held AWA license 42-C-0084, and together with the other respondents herein, operated a zoo exhibiting wild and exotic animals at Manchester, Iowa.

<u>ALLEGATIONS REGARDING SIZE OF BUSINESS, GRAVITY OF<br>VIOLATIONS, GOOD FAITH AND HISTORY OF PREVIOUS VIOLATIONS</u>

5.      In 2013, respondent Sellner Partnership represented to APHIS that it had custody of 160 animals; in 2014, respondent Sellner Partnership represented to APHIS that it had custody of 170 animals; and in 2015, respondent Sellner Partnership represented to APHIS that it had custody of 193 animals.

6.      The allegations in this complaint involve animal deaths, the failure to obtain adequate veterinary care for animals, the repeated failure and/or refusal to provide access to USDA inspectors for the purpose of conducting inspections to determine compliance with the AWA and the Regulations and Standards, the failure to handle animals carefully, and repeated failures to meet the

minimum Standards for animal facilities and husbandry.

7.     Respondents have not shown good faith. Despite having previously been advised on multiple occasions by APHIS of noncompliance with the Regulations and the Standards promulgated under the Act (Standards), respondents have continued to fail to comply with the minimum requirements. On December 15, 2004, and May 26, 2011, APHIS sent Official Warnings to respondents Pamela J. Sellner, Thomas J. Sellner, and the Sellner Partnership, advising them of multiple instances of noncompliance with the Regulations and the Standards.

8.     Respondents Pamela J. Sellner, Thomas J. Sellner and the Sellner Partnership have entered into two stipulated settlements with APHIS. In April 2007, respondents Pamela J. Sellner, Thomas J. Sellner and the Sellner Partnership paid a $3,750 civil penalty to resolve alleged violations stemming from inspections in 2005 and 2006, and in July 2013, these respondents paid a $6,857 civil penalty to resolve alleged violations stemming from inspections during 2011, 2012, and 2013. On or about June 10, 2015, APHIS suspended AWA license 42-C-0084 for 21 days, pursuant to section 2149(a) of the Act.

## ALLEGED VIOLATIONS

9.     On January 9, 2014, May 12, 2014, and February 19, 2015, at Manchester, Iowa, respondents failed to provide APHIS officials with access to conduct AWA inspections of their facilities, animals and records, or to make an authorized person available to accompany APHIS officials on such inspections, in willful violation of the Act and the Regulations (7 U.S.C. § 2146(a); 9 C.F.R. § 2.126).

10.     On or about the following dates, respondents willfully violated the Regulations governing attending veterinarian and adequate veterinary care (9 C.F.R. § 2.40), by failing to provide

adequate veterinary care to the following animals and/or failing to establish programs of adequate veterinary care that included the availability of appropriate facilities, personnel, equipment, equipment and services, and/or the use of appropriate methods to prevent, control, and treat diseases and injuries, and/or daily observation of animals, and a mechanism of direct and frequent communication in order to convey timely and accurate information about animals to the attending veterinarian, and/or adequate guidance to personnel involved in animal care:

     a.    June 12, 2013. A capuchin monkey (Cynthia) had visible areas of hair loss on her abdomen, tail, thighs and arms, and was observed to be chewing on her tail, and respondents had not had Cynthia seen by their attending veterinarian. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2).

     b.    October 26, 2013. Respondents failed to provide adequate veterinary care to animals, and failed to establish and maintain programs of adequate veterinary care that included the availability of appropriate facilities, equipment, and personnel, and specifically, respondents housed a Meishan pig that was due to farrow outdoors, in cold temperatures, whereupon the pig gave birth to four piglets, all of which were exposed to the cold weather, and three of the piglets died. 9 C.F.R. §§ 2.40(a), 2.40(b)(1).

     c.    December 16, 2013. Respondents failed to provide adequate veterinary care to animals, and specifically, the hooves of three goats were excessively long. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2), 2.40(b)(3).

     d.    May 21, 2014. Respondents failed to communicate to the attending veterinarian that a female coyote had been bitten by another coyote three weeks earlier (on May 1, 2014), and failed to treat or to have the animal seen by a veterinarian, and the female

EXHIBIT 37 PAGE 0004

coyote had a swollen digit on her right front foot that had hair loss, and was red, abraded, and moist, and the coyote was non-weight-bearing on that foot. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2), 2.40(b)(3).

e.    May 21, 2014. Respondents failed to communicate to the attending veterinarian that a coatimundi had unexplained hair loss at the base of its tail, and respondents failed to have the animal seen by a veterinarian. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2), 2.40(b)(3).

f.    May 21, 2014. Respondents failed to communicate to the attending veterinarian that a thin capybara had unexplained areas of scaly skin and hair loss around the base of its tail and on its backbone, and respondents failed to have the animal seen by a veterinarian. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2), 2.40(b)(3).

g.    May 21, 2014. Respondents failed to provide adequate veterinary care to animals, and specifically, the hooves of a Barbados sheep were excessively long. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2), 2.40(b)(3).

h.    August 5, 2014. Respondents failed to provide adequate veterinary medical care to a female Old English Sheepdog (Macey) who had large red sores behind both ears, and Macey was observed to be shaking her head and scratching those areas. Respondents did not communicate with their attending veterinarian about Macey and did not obtain any veterinary care for Macey. Instead, respondents represented that they were treating Macey themselves with an antiseptic ointment. The ointment that respondents said that they used had expired in October 2007. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2), 2.40(b)(3).

i.    August 25, 2014–October 7, 2014. Respondents failed to provide adequate

EXHIBIT 37 PAGE 0005

veterinary medical care to a tiger (Casper). On August 25, 2014, Casper was evaluated by respondents' attending veterinarian because he was thin and had cuts and sores on his face and legs. Respondents' attending veterinarian did not make any diagnosis, recommend any treatment, or prescribe any medication for Casper at that time. On October 7, 2014, APHIS observed that Casper had a large open wound on the inside of his left front leg. The wound had not been treated in any manner. Casper was also observed to be thin, with mildly protruding hips and vertebrae. Between August 25, 2014, and October 7, 2014, respondents have not had Casper seen by a veterinarian, and Casper has received no veterinary care, save respondents' administration of a dewormer in September 2014. 9 C.F.R. §§ 2.40(a), 2.40(b)(1), 2.40(b)(2), 2.40(b)(3).

11. On or about the following dates, respondents willfully violated the Regulations governing the handling of animals:

a. July 31, 2013. Respondents (1) failed to handle animals as carefully as possible, in a manner that does not cause behavioral stress, physical harm, or unnecessary discomfort, (2) during exhibition, failed to handle animals so that there was minimal risk of harm to the animals and the public, with sufficient distance and/or barriers between the animals and the public so as to ensure the safety of the animals and the public, and (3) failed to have any employee or attendant present while the public had public contact with respondents' animals, including, *inter alia*, a camel, goats, sheep, and other hoofstock. 9 C.F.R. §§ 2.131(b)(1), 2.131(c)(1), 2.131(d)(2).

b. October 26, 2013. Respondents failed to handle Meishan pigs as carefully as possible, in a manner that does not cause excessive cooling, physical harm, or unnecessary

EXHIBIT 37 PAGE 0006

discomfort, and specifically, respondents left a female Meishan pig that was about to farrow, outdoors in the cold, whereupon the pig gave birth to four piglets, three of whom died while housed outdoors by the respondents. 9 C.F.R. § 2.131(b)(1).

      c.      October 26, 2013. Respondents failed to take appropriate measures to alleviate the impact of climatic conditions that presented a threat to the health and well-being of one adult female Meishan pig, and four Meishan piglets, and, specifically, respondents exposed all five animals to cold temperatures, which exposure was detrimental to the animals' health and well-being. 9 C.F.R. § 2.131(e).

12.      On or about June 12, 2013, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

      a.      Respondents failed to provide potable water to two dogs as often as necessary for their health and comfort, and specifically, the dogs' water receptacle contained a build-up of algae. 9 C.F.R. § 3.10.

      b.      Respondents failed to clean two enclosures housing nonhuman primates as required, and specifically, the cloth hanging nesting bags for bush babies were soiled and in need of cleaning. 9 C.F.R. § 3.75(c)(3).

      c.      Respondents failed to store supplies of food in a manner that protects them from spoilage, and specifically, the refrigerator in respondents' primate building was in need of cleaning and contained contaminated, fly-infested fruit. 9 C.F.R. § 3.75(e).

      d.      Respondents failed to maintain enclosures for nonhuman primates in good repair, and specifically, the fencing of the enclosure housing three baboons was bowed, compromising its structural strength. 9 C.F.R. § 3.80(a)(2)(iii).

e.     Respondents failed to maintain enclosures for nonhuman primates in good repair, and specifically, the chain that secured the gate of the enclosure housing two macaques was rusted. 9 C.F.R. § 3.80(a)(2)(iii).

f.     Respondents failed to maintain animal enclosures structurally sound and in good repair so as to protect the animals from injury and to contain them, and specifically, the fence separating the enclosures housing fallow deer and Jacob's sheep was in disrepair, with bowed wire panels and separated wire. 9 C.F.R. § 3.125(a).

g.     Respondents failed to maintain animal enclosures structurally sound and in good repair so as to protect the animals from injury and to contain them, and specifically, the fence of the enclosure containing Santa Cruz sheep was in disrepair, with sharp wires protruding inward and accessible to the animals. 9 C.F.R. § 3.125(a).

h.     Respondents failed to provide sufficient shade to allow all animals housed outdoors to protect themselves from direct sunlight, and specifically, respondents' enclosures for lions and cougars lacked adequate shade for all of the animals. 9 C.F.R. § 3.127(a).

i.     Respondents failed to provide a suitable method of drainage, and specifically, the enclosure housing three Scottish Highland cattle contained standing water and mud. 9 C.F.R. § 3.127(c).

j.     Respondents failed to provide potable water to two woodchucks, goats and sheep, and a coyote, as often as necessary for their health and comfort, and with consideration for their age and condition. 9 C.F.R. § 3.130.

k.     Respondents failed to clean enclosures housing a coyote, two chinchillas, and two Patagonian cavies, as required. 9 C.F.R. § 3.131(a).

EXHIBIT 37 PAGE 0008

l. Respondents failed to establish and maintain an effective program of pest control, as evidenced by the large amount of flies in the enclosures housing two tigers, an armadillo, and a sloth. 9 C.F.R. § 3.131(d).

13. On or about July 31, 2013, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

a. Respondents failed to provide guinea pigs and hamsters with wholesome food, and specifically, there was a mixture of bedding and fecal matter inside the animals' food receptacle. 9 C.F.R. § 3.29(a).

b. Respondents failed to store supplies of food in a manner that protects them from spoilage, and specifically, among other things, the food storage areas were dirty and in need of cleaning, with rodent droppings, feces, and old food on the floor, the refrigerator in a building housing nonhuman primates contained spiders, as well as fruit that was visibly moldy and/or rotten. 9 C.F.R. § 3.75(e).

c. Respondents failed to develop, document, and follow an adequate plan for environmental enhancement for a nonhuman primate (Cynthia), who was self-mutilating. 9 C.F.R. § 3.81(c)(2).

d. Respondents failed to remove excreta from the enclosure housing a baboon (Obi), as required. 9 C.F.R. § 3.84(a).

e. Respondents failed to establish and maintain an effective program of pest control, as evidenced by the large amount of flies near the bush babies, and rodent feces on the floor of the building housing lemurs. 9 C.F.R. § 3.84(d).

f. Respondents failed to maintain animal enclosures structurally sound and in

good repair so as to protect the animals from injury and to contain them, and specifically, four enclosures (housing kangaroos, coyotes, capybara and bears) were all in disrepair. 9 C.F.R. § 3.125(a).

    g.    Respondents failed to store supplies of food in a manner that protects them from spoilage, and specifically, among other things, the food storage areas were dirty and in need of cleaning, with rodent droppings, feces, and old food on the floor, the refrigerator in the food storage area contained spiders, as well as fruit that was visibly moldy and/or rotten 9 C.F.R. § 3.125(c).

    h.    Respondents failed to enclose their zoo by an adequate perimeter fence of sufficient height and constructed in a manner so as to protect the animals, and to keep animals and unauthorized persons from having contact with the animals, and that could function as a secondary containment system. 9 C.F.R. § 3.127(d).

    i.    Respondents failed to provide potable water to six animals, housed in five enclosures, as often as necessary for their health and comfort, and with consideration for their age and condition. 9 C.F.R. § 3.130.

    j.    Respondents failed to remove excreta and/or food debris from the primary enclosures housing two bears and a capybara, as required. 9 C.F.R. § 3.131(a).

    k.    Respondents failed to establish and maintain an effective program of pest control, as evidenced by the presence of rodent feces on the floor of the coatimundi building, and the excessive amount of flies and other flying insects, as well as rodent feces in the food preparation and storage areas. 9 C.F.R. § 3.131(d).

EXHIBIT 37 PAGE 0010

l.      Respondents failed to employ a sufficient number of trained and qualified personnel. 9 C.F.R. §§ 3.85, 3.132.

14.      On or about September 25, 2013, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

a.      Respondents failed to clean the surfaces of housing facilities for nonhuman primates (three lemurs, two bush babies, one vervet, four baboons, two macaques) adequately, as required. 9 C.F.R. § 3.75(c)(3).

b.      Respondents failed to develop, document, and follow an adequate plan for environmental enhancement for a nonhuman primate (Ana), who was exhibiting abnormal behaviors. 9 C.F.R. § 3.81(c)(2).

c.      Respondents failed to establish and maintain an effective program of pest control, as evidenced by (i) the large amount of flies around and within buildings housing primates, and the enclosures housing two macaques, one vervet, three baboons, and two bush babies, (ii) evidence of spiders in buildings containing enclosures for two lemurs, four baboons, two macaques, one vervet, and two bush babies, and (iii) evidence of rodents, including a live mouse, in the building housing two macaques, one vervet, and three baboons. 9 C.F.R. § 3.84(d).

d.      Respondents failed to provide a suitable method of drainage in four enclosures, housing: two potbellied pigs, one fallow deer, two Meishan pigs, and two bears. 9 C.F.R. § 3.127(c).

e.      Respondents failed to enclose their zoo by an adequate perimeter fence of sufficient height and constructed in a manner so as to protect the animals, and to keep

animals and unauthorized persons from having contact with the animals, and that could function as a secondary containment system, specifically (i) a portion of perimeter fencing adjacent to exotic felids, bears and wolves was sagging and detached from the fence post; (ii) there were gaps between the panels of the perimeter fence; and (iii) there was no perimeter fence around the camel enclosure that could function as a secondary containment system. 9 C.F.R. § 3.127(d).

     f.       Respondents failed to keep feeders for coatimundi, wallabies, coyotes, and pot-bellied pigs clean and sanitary, and the feeders for these animals all bore a thick discolored build-up. 9 C.F.R. § 3.129(b).

     g.       Respondents failed to provide potable water to two sheep, a capybara and a llama as often as necessary for their health and comfort, and with consideration for their age and condition. 9 C.F.R. § 3.130.

     h.       Respondents failed keep the premises and animal enclosures clean, as required, and/or failed to remove excreta and/or food debris from the primary enclosures housing two pot-bellied pigs, capybara, coatimundi, serval, kinkajou, fennec fox, chinchillas, Highland cattle, bears, Patagonian cavy, and African crested porcupine. 9 C.F.R. §§ 3.125(d), 3.131(a), 3.131(c).

     i.       Respondents failed to establish and maintain an effective program of pest control, as evidenced by (i) an excessive amount of flies throughout the premises and in the animal enclosures, including the enclosures for ferrets, kinkajou, Patagonian cavy, bears, African crested porcupine, fennec fox, chinchillas, skunk, sloth, and armadillo, (ii) evidence of spider activity throughout the facility, and (iii) evidence of rodent activity, including

EXHIBIT 37 PAGE 0012

rodent feces in the food storage area, and a dead rat within the coyote enclosure. 9 C.F.R. § 3.131(d).

    j.    Respondents failed to employ a sufficient number of trained and qualified personnel. 9 C.F.R. §§ 3.85, 3.132.

    15.    On or about December 16, 2013, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

    a.    The ceiling of the primate building was in disrepair, and specifically, there was exposed insulation, holes in the ceiling, and a panel that was detached from the ceiling. 9 C.F.R. § 3.75(a).

    b.    Respondents failed to provide potable water to three chinchillas as often as necessary for their health and comfort, and with consideration for their age and condition. 9 C.F.R. § 3.130.

    c.    Respondents failed to maintain animal enclosures structurally sound and in good repair so as to protect the animals from injury and to contain them, 9 C.F.R. § 3.125(a), and specifically, (i) the enclosure housing cattle (one Watusi and one zebu) had broken fencing, (ii) the chain-link fencing of the enclosures housing approximately forty sheep, one fallow deer, two tigers and two cougars were in disrepair, with curled chain link at the bottom with sharp points that protruded into the enclosures and were accessible to the animals, and (iii) the windbreak at the back of the shelter housing Santa Cruz sheep was in disrepair.

    16.    On or about May 21, 2014, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

a.      Respondents failed to clean enclosures housing three wolf hybrids as required. 9 C.F.R. § 3.1(c)(3).

b.      Respondents failed to store supplies of bedding for guinea pigs in facilities that protect them from deterioration, spoilage, or infestation or contamination by vermin. 9 C.F.R. § 3.25(c).

c.      Respondents failed to provide potable water to four guinea pigs as required. 9 C.F.R. § 3.30.

d.      Respondents failed to transfer four guinea pigs to a clean primary enclosure when the bedding in their enclosure became damp and soiled to the extent that it was moist and clumping, and uncomfortable to the four guinea pigs.  9 C.F.R. § 3.31(a)(2).

e.      Respondents failed to clean the premises adjacent to the enclosure housing four guinea pigs, as required.  9 C.F.R. § 3.31(b).

f.      Respondents failed to clean the surfaces of housing facilities for nonhuman primates (two lemurs, a vervet, four baboons, and two macaques) adequately, as required. 9 C.F.R. § 3.75(c)(3).

g.      Respondents failed to store supplies of food in a manner that protects them from spoilage, and specifically, the refrigerator in a building housing nonhuman primates was non-functioning, and contained moldy fruit, and the refrigerator in another building housing nonhuman primates was in need of cleaning.  9 C.F.R. § 3.75(e).

h.      Respondents failed to employ a sufficient number of trained and qualified personnel.  9 C.F.R. §§ 3.85, 3.132.

i.      Respondents failed to maintain animal enclosures structurally sound and in

good repair so as to protect the animals from injury and to contain them, and specifically, seven enclosures (housing lions, bear, serval, camel, Meishan pigs, fallow deer, and sloth) were all in disrepair. 9 C.F.R. § 3.125(a).

j.      Respondents failed to remove animal waste, food waste, and old bedding as required, and specifically, there was a barrel directly behind the lion enclosure, which barrel contained animal and food waste, and/or old bedding, and there were other piles of such waste adjacent to other animal enclosures. 9 C.F.R. § 3.125(d).

k.      Respondents failed to provide any shelter from the elements for two Patagonian cavies. 9 C.F.R. § 3.127(b).

l.      Respondents failed to provide a suitable method of drainage in the four-horned sheep, fallow deer, and bear enclosures. 9 C.F.R. § 3.127(c).

m.      Respondents failed to enclose their zoo by an adequate perimeter fence of sufficient height and constructed in a manner so as to protect the animals, and to keep animals and unauthorized persons from having contact with the animals, and that could function as a secondary containment system, specifically (i) there was a large gap between the perimeter fence and a gate, adjacent to the large felid enclosures; and ( ii) the perimeter fence adjacent to the coatimundi enclosure was too close to prevent direct contact with the animals. 9 C.F.R. § 3.127(d).

n.      Respondents failed to provide potable water to degus, coyotes, porcupines, and gerbils as often as necessary for their health and comfort, and with consideration for their age and condition. 9 C.F.R. § 3.130.

o.      Respondents failed to remove excreta and/or food debris from the primary

EXHIBIT 37 PAGE 0015

enclosures housing thirty-six (36) animals, as required. 9 C.F.R. § 3.131(a).

p.     Respondents failed to clean enclosures housing two kinkajous, two coatimundi, a capybara, two coyotes, two porcupines, two foxes, a serval, three chinchillas, and two ferrets, as required. 9 C.F.R. §§ 3.125(d), 3.131(a), 3.131(c).

q.     Respondents failed to establish and maintain an effective program of pest control, as evidenced by the excessive amount of flies in the enclosures housing two ferrets, two kinkajous, tigers, and bears; and by a build-up of bird feces on the shelters for bobcats and skunks. C.F.R. § 3.131(d).

17.     On or about August 5, 2014, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

a.     Respondents failed to clean enclosures housing two wolf hybrids as required. 9 C.F.R. § 3.1(c)(3).

b.     Respondents failed to provide potable water to two dogs as often as necessary for their health and comfort, and specifically, the dogs' water receptacle contained a build-up of algae, dirt and debris. 9 C.F.R. § 3.10.

c.     Respondents failed to establish and maintain an effective program of pest control for dogs, as evidenced by the excessive number of flies observed on the waste and on the ground in the enclosure housing two wolf-hybrids, and one of the wolf hybrids had sores that respondents attributed to flies. 9 C.F.R. § 3.11(d).

d.     Respondents' enclosures housing three baboons were in disrepair, with broken wood panels and support boards. 9 C.F.R. § 3.75(a).

e.     Respondents failed to clean two enclosures housing nonhuman primates as

EXHIBIT 37 PAGE 0016

required, and specifically, the cloth hanging nesting bags for bush babies were soiled and in need of cleaning. 9 C.F.R. § 3.75(c)(3).

    f.    Respondents failed to establish and maintain an effective program of pest control, as evidenced by the large amount of flies in the primate building and adjacent to the lemur enclosures. 9 C.F.R. § 3.84(d).

    g.    Respondents failed to maintain animal enclosures structurally sound and in good repair so as to protect the animals from injury and to contain them, and specifically, the enclosures housing a sloth and Santa Cruz sheep, and the fence separating the camel and sheep enclosures, were all in disrepair. 9 C.F.R. § 3.125(a).

    h.    Respondents failed to provide a suitable method of drainage, and specifically, the enclosures housing three pot-bellied pigs and two Meishan pigs contained standing water. 9 C.F.R. § 3.127(c).

    i.    Respondents failed to provide potable water to a capybara and three raccoons as often as necessary for their health and comfort, and with consideration for their age and condition. 9 C.F.R. § 3.130.

    j.    Respondents failed to remove excreta and debris from the primary enclosures housing eighty-eight (88) animals, as required. 9 C.F.R. § 3.131(a).

    k.    Respondents failed to establish and maintain an effective program of pest control, as evidenced by the excessive amount of flies in the enclosures housing a Patagonian cavy, a capybara, three pot-bellied pigs, two Meishan pigs, five cattle, seven tigers, one cougar, and two lions. C.F.R. § 3.131(d).

18.    On or about October 7, 2014, respondents willfully violated the Regulations, 9 C.F.R.

EXHIBIT 37 PAGE 0017

§ 2.100(a), by failing to meet the Standards, as follows:

    a.    Respondents failed to maintain animal enclosures structurally sound and in good repair so as to protect the animals from injury and to contain them, and specifically, the enclosure housing four llamas had bent and protruding metal bars, some of which were pointed inward and were accessible to the animals. 9 C.F.R. § 3.125(a).

    b.    Respondents failed to maintain animal enclosures structurally sound and in good repair so as to protect the animals from injury and to contain them, and specifically, the fence of the enclosure housing goats had holes large enough to permit at least three goats to escape the enclosure. 9 C.F.R. § 3.125(a).

    c.    Respondents failed to provide thirty sheep with wholesome food, and specifically, respondents maintained a food dispenser for public use that contained old, caked, and discolored food. 9 C.F.R. § 3.129(a).

18.    On or about March 4, 2015, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

    a.    Respondents failed to clean the enclosure housing a vervet as required, and specifically, there was waste build-up on the wall above the perch, in a crack between the wall and the perch, and in holes within the perch. 9 C.F.R. § 3.75(c)(3).

    b.    Respondents failed to remove excreta and debris from the primary enclosures housing twenty-four degus, as required, and specifically, there was a build-up of food waste, soiled bedding and/or animal waste in the enclosure. 9 C.F.R. § 3.131(a).

19.    On or about May 27, 2015, respondents willfully violated the Regulations, 9 C.F.R. § 2.100(a), by failing to meet the Standards, as follows:

a.     The "reptile" room, housing multiple non-human primates, was in disrepair, and specifically, there were soiled and damaged ceiling tiles, with exposed spongy material, adjacent to the animals' primary enclosures. 9 C.F.R. § 3.75(a).

b.     The "reptile" room, housing multiple non-human primates, was not kept free of debris, discarded materials and clutter. 9 C.F.R. § 3.75(b).

c.     Respondents failed to maintain and clean the surfaces of the facilities housing nonhuman primates as required. 9 C.F.R. §§ 3.75(c)(2), 3.75(c)(3).

d.     Respondents failed to provide adequate ventilation in the building housing two bush babies. 9 C.F.R. § 3.76(b).

e.     Respondents failed to develop, document, and follow an adequate plan for environmental enhancement for a singly-housed nonhuman primate (Obi), who was exhibiting abnormal behaviors. 9 C.F.R. § 3.81(c)(2).

f.     Respondents failed to keep the building housing nonhuman primates (vervet, macaque, bush babies) clean, as evidenced by the build-up of dirt, dust, and/or debris inside the structure and adjacent to the primate enclosures, excessive fly specks on the overhead fixtures and electrical outlets, and the presence of rodent feces. 9 C.F.R. § 3.84(c).

g.     Respondents failed to establish and maintain an effective program of pest control, as evidenced by the large number of live and dead flies inside the building housing two macaques and four baboons. 9 C.F.R. § 3.84(d).

h.     Respondents failed to provide adequate ventilation in the building housing chinchillas, kinkajous, fennec foxes, and African crested porcupines. 9 C.F.R. § 3.126(b).

i.     Respondents failed to provide adequate shelter from inclement weather for

two Highland cattle and two beef cattle. 9 C.F.R. § 3.127(b).

j.     Respondents failed to provide a suitable method of drainage, and specifically, the enclosures housing fifty animals (three pot-bellied pigs, one camel, thirty-five Jacob's sheep, two Meishan pigs, three llamas, four cattle, one zebu, and one llama) were essentially covered in mud and/or standing water, to the extent that the aforementioned animals were required to stand in water and/or med in order to access food. 9 C.F.R. § 3.127(c).

k.     Respondents failed keep the premises and animal enclosures clean, as required, and/or failed to remove excreta and/or food debris from the primary enclosures housing multiple animals (a black bear, chinchillas, degus, two raccoons, two kinkajous, serval, coatimundi, fennec foxes, and African crested porcupines). 9 C.F.R. §§ 3.125(d), 3.131(a), 3.131(c).

l.     Respondents failed to establish and maintain an effective program of pest control, as evidenced by (i) the large number of flies within the bear shelter, on the floor of the enclosure housing two raccoons, and surrounding the enclosure housing two kinkajou; (ii) the presence of maggots in the waste observed in the kinkajou enclosure; and (iii) rodent droppings in the food storage room and the "reptile" room. 9 C.F.R. § 3.131(d).

WHEREFORE, it is hereby ordered that for the purpose of determining whether the respondents have in fact willfully violated the Act and the Regulations issued under the Act, this complaint shall be served upon the respondents. The respondents shall file an answer with the Hearing Clerk, United States Department of Agriculture, Washington, D.C. 20250-9200, in accordance with the Rules of Practice governing proceedings under the Act (7 C.F.R. § 1.130 et seq.). Failure to file an answer shall constitute an admission of all the material allegations of this

complaint. APHIS requests that this matter proceed in conformity with the Rules of Practice

governing proceedings under the Act; and that such order or orders be issued as are authorized by

the Act and warranted under the circumstances.

Done at Washington, D.C.
this 30ᵗʰ day of July 2015

Administrator
Animal and Plant Health Inspection Service

COLLEEN A. CARROLL
Attorney for Complainant
Office of the General Counsel
United States Department of Agriculture
1400 Independence Avenue, S.W.
Room 2343 South Building
Washington, D.C. 20250-1400
Telephone (202) 720-6430; 202-690-4299 (Fax)
e-mail: colleen.carroll@ogc.usda.gov

EXHIBIT 37 PAGE 0021