IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. C14-02034-JSS |
| v. | ) |
| | ) **PLAINTIFFS' SECOND** |
| PAMELA SELLNER, et al., | ) **NOTICE OF NEWLY** |
| | ) **DISCOVERED EVIDENCE** |
| Defendants. | ) |

Plaintiffs recently learned that the United States Department of Agriculture inspected the Cricket Hollow Zoo on July 7, 2015, and September 22, 2015. Plaintiffs learned of these inspections only because a staff member at the USDA's Animal & Plant Health Inspection Service (APHIS) emailed Plaintiff Tracey Kuehl and referenced the inspections last month. According to the APHIS employee, APHIS could not post the July and September 2015 inspection reports to APHIS's online FOIA Reading Room because Pamela Sellner had appealed the reports. Defendants, of course, knew at the time of trial in early October that they had been inspected in July and in September—and knew, no less, at the time of the hearing on summary judgment in early August that they had been inspected in July—but they failed to disclose either of these inspections or their appeal letters to Plaintiffs or to the Court, whether in advance of trial, at the time of trial, or in the weeks and now months following the trial. This despite Defendants' ongoing duty to disclose responsive documents to Plaintiffs' discovery requests for all correspondence and communication among Defendants and the USDA regarding the Cricket Hollow Zoo.

1

Plaintiffs have attached herewith the July inspection report, which they obtained from the APHIS online FOIA Reading Room. Plaintiffs respectfully request that the July 7, 2015, be considered with the rest of the trial record as Exhibit 77. Plaintiffs will provide to the Court the September 22, 2015, inspection when it becomes available online, though of course Defendants—who have possessed a copy of that inspection report since the time it was completed nearly three months ago—could provide it to the Court immediately. Plaintiffs respectfully request that the September 22, 2015, inspection report be considered with the rest of the trial record as Exhibit 78.

At trial, the Court received into evidence—over the Defendants' objections—APHIS inspection reports from 2008 to June 24, 2015. The July and September 2015 inspection reports should likewise be received into evidence, since they further demonstrate that the Defendants simply cannot comply with the generally accepted animal husbandry practices set forth in the Animal Welfare Act (and are therefore harassing and harming their endangered tigers, lemurs, and wolves or wolf hybrids) despite increased scrutiny of their facility caused by this lawsuit. *See* 9 C.F.R. § 17.3 (setting forth the criteria for AWA-licensed facilities to be exempt from 16 U.S.C. § 1538(9)(B)).

The July inspection report chronicles five "repeat" violations of the Animal Welfare act, several of which related to the endangered animals at issue in this case. For example, regarding Chuki, Zaboo, and Lucy, Defendants' lemurs, APHIS observed: "There are an excessive number of flies flying around within the walkway in the back of the 'reptile house.' There are two ring tailed lemurs, one red ruffed lemur and a vervet monkey in this area."[1] These repeat violations

---

[1] In actual fact, APHIS has cited the Defendants for these violations on multiple occasions in the past, including six times between November 2012 March 2015 for violations of 9 C.F.R. § 3.75(c)(3) ("housing facilities, general"), five times between August 2011 and August 2014 for violations of §3.84(d) ("cleaning, sanitation, housekeeping,

2

come despite the Defendants' self-serving claims that every time they have been cited by APHIS they have fixed whatever problem generated a citation. *See, e.g.*, Defendants' Post-Trial Brief, ECF No. 77, p. 18 (purporting to provide inadmissible hearsay evidence that a staff member from the Iowa Department of Agriculture and Land Stewardship believes that Defendant Pamela Sellner "has always been responsive to fixing specific inadequacies"). Defendants will not be unfairly prejudiced if this Court receives into evidence inspection reports that Defendants were already obligated to disclose to Plaintiffs before the time of trial.

**THEREFORE,** Plaintiffs respectfully ask the court to accept USDA inspection reports from July 7, 2015, and September 22, 2015, as Plaintiffs' Exhibits 77 and 78.

Respectfully submitted this 18th day of December, 2015.

*/s Jessica L. Blome*
Jessica L. Blome (MO Bar No. 59710)
(pro hac vice)
jblome@aldf.org

Jeffrey D. Pierce (CA Bar No. 293085)
(pro hac vice)
jpierce@aldf.org
Animal Legal Defense Fund
170 E. Cotati Ave.
Cotati, CA 94931
Telephone: 641.431.0478
Facsimile: 707.795.7280

/s/ *Daniel J. Anderson*
Daniel J. Anderson (IA Bar No. 20215)
danderson@wertzlaw.com
WERTZ & DAKE
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500

---

and pest control"), eleven times between July 2010 and March 2015 for violations of § 3.125(a) ("facilities, general"), and eleven times between November 2010 and August 2014 for violations of § 3.131(d) ("sanitation").

3

Telephone: 319.861.3001
Facsimile: 319.861.3007

*/s/ Elisabeth Holmes*
Elisabeth Holmes (Oregon Bar No. 120254)
(pro hac vice)
eli.blueriverlaw@gmail.com
Blue River Law, P.C.
P.O. Box 293
Eugene, OR 97440
Telephone: 541.870.7722

*Attorneys for Plaintiffs Tracey Kuehl Kuehl, et al*

ATTORNEYS FOR PLAINTIFFS

4