IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, et al. | Case No. C14-02034-JSS |
| Plaintiffs, | **PLAINTIFFS' FED. R. CIV. P. 59(e)** |
| v. | **MOTION AND MEMORANDUM** |
| | **TO AMEND JUDGMENT** |
| PAMELA SELLNER, et al. | **FOR LEAVE TO FILE MOTION** |
| | **FOR COSTS & ATTORNEYS'** |
| | **FEES** |
| Defendants | |
| | Judge: Hon. Jon Stuart Scoles |

## INTRODUCTION

Plaintiffs file this motion and memorandum pursuant to Fed. R. Civ. P. 59(e) to preserve their rights to seek Plaintiffs' costs and attorneys' fees under the fee-shifting provisions of the Endangered Species Act, 16 U.S.C. § 1540(g)(4). As relief sought in this motion, Plaintiffs respectfully request that the Court grant them leave from the Court's Order and Judgment (ECF Nos. 83, 84) to file their Motion for Attorneys Fees and Costs, accompanying Memorandum, and supporting declarations (all attached hereto as Exhibit A as permitted by L.R. 7(b)(2)) (collectively "Attorneys Fees Motion"), which presents to the Court the ESA legal fees standard, and Plaintiffs' support for their entitlement to reasonable attorneys fees and costs. Plaintiffs file this Motion and Exhibit A within the 14-day timeframe required for attorney fee motions under Fed. R. Civ. P. 54(d)(1), (2)(B) and L.R. 54.1, and within the 28-day timeframe for Fed. R. Civ. P. 59(e) motions.[1]

---

[1] Prior to filing the instant motion, Plaintiffs contacted Defendants' counsel of record on Tuesday, February 23, 2016 to request a meet and confer in good faith on this matter. The Parties conferred on February 24, 2016 and were unable to reach a resolution at that time.

## LEGAL FRAMEWORK

FRPC 59(e) is a procedural vehicle for a party to seek reexamination of matters properly encompassed within the trial court's decision on the merits. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact. *See United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Regarding fee award decisions, the District Court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Equal Employment Opportunity Commission v. CRST Van Expedited, Inc.*, No. 07-CV95-LRR, 2013 WL 3984478 at *15 (N.D. Iowa Aug. 1, 2013). "[W]here the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits clear error of judgment in weighing those factors", the court may have committed an abuse of discretion within the scope of FRCP 59(e). *Kurka v. Iowa County., IA*, 628 F.3d 953, 957 (8th Cir. 2010) (citation omitted); *Plymouth County. v. MERSCORP, Inc.*, 287 F.R.D. 449, 456 (N.D. Iowa 2012). "Failure to consider an argument of a party is at least as fundamental as an error as failure to consider an important factor in the determination of an issue." *Plymouth* County, 287 F.R.D. at 457; *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011). The decision whether to alter or amend a judgment rests with the discretion of the trial judge. *Sipp v. Astrue*, 641 F.3d 975, 981 (8th Cir. 2011).

In ESA citizen suit cases, a successful plaintiff is entitled to request attorneys fees and costs. When a party achieves "some degree of success on the merits", attorneys fees are "appropriate" under the ESA. *Ruckelhaus v. Sierra Club*, 463 U.S. 680, 694 (1983); 16 U.S.C. § 1540(g)(4). This remedy is an integral and critical part of the citizen suit statutory framework that enables "any person" to enforce the law. 16 U.S.C. § 1540(g)(1) ("any person" may commence a civil suit on his own behalf."). The courts have recognized the public interest purpose of the fee shifting provision of the ESA. In

PLAINTIFFS' FRCP 59(e) MOTION TO AMEND JUDGMENT     2
FOR LEAVE TO FILE MOTION FOR ATTORNEYS FEES AND COSTS
Case 6:14-cv-02034-JSS   Document 85   Filed 02/25/16   Page 2 of 7

*Loggerhead Turtle v County Council*, 307 F.3d. 1318, 1327 (11th Cir. 2002) the court said: "The Courts should recognize that in bringing legitimate actions under this section citizens would be performing a public service and in such instances the courts should award costs of litigation to such party." Fee-shifting provisions insulate private parties from the costs of litigation where they act when the government did not. *See, e.g., Stoddard v. Western Carolina Regional Sewer Auth.*, 784 F.2d 1200, 1209 (4th Cir. 1986) (attorneys fees awarded where agency did little to enforce permit despite repeated violations and citizen suit was plaintiffs' only recourse).

To this end, a court should award attorneys' fees and costs under the ESA when the litigation "has substantially contributed to the goals of the statute." *Environmental Protection Information Center Inc. v. Pacific Lumber Co.*, 229 F. Supp. 2d 993, 998 (N.D. Cal. 2002) *aff'd,* 103 Fed. Appx. 627 (9th Cir. 2004) (quotations omitted). Where a party's success advances the goals Congress intended in passing a statute, a party is entitled to fees. *See, e.g., Shelby County, Ala. v. Lynch*, 799 F.3d 1173, 1179 (D.C. Cir. 2015). Without fee-shifting provisions, "few aggrieved parties would be in a position to advance the public interest". *See, e.g., Allen v. State Bd. of Elections*, 393 U.S. 544, 556 (1969). The ESA fee-shifting provision provides that "[t]he court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). This includes situations like here, designed for citizen suit provisions. "If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers." *Id.* at 575 (quoting Sen. John V. Tunney in 122 Cong. Rec. 33313 (1976)). Under *Hensley*, the Court must "provide a concise but clear explanation of its reasons for the fee award." Denial of fees in an ESA case without such consideration of

the "appropriateness" or reasonableness of an award could constitute an abuse of discretion. *See Conservation Force v Salazar*, 699 F.3d 538, 542 (D.C. Cir. 2012).

**ARGUMENT**

1. <u>Plaintiffs' Attorneys' Fees and Costs Motion Was Not Yet Due</u>

On February 11, 2016 this Court issued its Judgment (ECF No. 84), incorporating its Order for Declaratory Judgment and Injunctive Relief (ECF No. 83), on Plaintiffs' Endangered Species Act Claims I and II against the Defendants. In "Section IX. Order" of the Court's Order, the Court stated "IT IS FURTHER **ORDERED** that Plaintiffs' request for the costs of litigation, including attorney fees and expert witness fees, is denied." ECF No. 83 at 73 (emphasis original). The Court also stated that "After considering all of the facts and circumstances, the Court declines to assess litigation costs against Defendants." *Id*. at 72. While brevity of the Court's order is a clear denial, the Court did not have Plaintiffs' motion or supporting materials before it to conduct its analysis of 16 U.S.C. § 1540(g)(4). Under the Local Rules, attorneys' fees motions are not due until 14 days after judgment. L.R. 54.1. Plaintiffs' proposed Attorney Fees Motion and accompanying materials are filed herewith as Exhibit A.

2. <u>Judgment Did Not Consider Whether Fees and Costs Are "Appropriate" Here</u>

Plaintiffs are entitled to their attorney's fees and costs under the ESA. The analysis of attorney's fees and costs under the ESA is evaluated for "appropriateness." 16 U.S.C. § 1540(g)(4). The statute does not define "appropriate" fees and costs, but the Supreme Court has stated that attorney fees and costs are "appropriate" when a party achieves "some degree of success." *Ruckelhaus v. Sierra Club*, 463 U.S. 680, 694 (1983) (applying the Clean Air Act's fee-shifting provisions in a citizen suit); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561-62 (1986) (suggesting that a prevailing plaintiff should receive at least some costs and attorneys'

fees). Here, Plaintiffs prevailed on two of their three claims, and the Court did not specifically rule on the third claim, thus Plaintiffs clearly succeeded in their lawsuit.

Attorneys fees and costs have also been found to be "appropriate" when a case serves the public interest. *See Metropolitan Washington Coalition for Clean Air v. District of Columbia*, 639 F.2d 802, 804 (D.C. Cir. 1981); *Stoddard v. Western Carolina Regional Sewer Auth.*, 784 F.2d 1200, 1209 (4th Cir. 1986) (attorneys fees awarded where agency did little to enforce permit despite repeated violations and citizen suit was plaintiffs' only recourse); *Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699, 708-709 (7th Cir. 2011) (attorney fee awards to "any party" are consonant with the public interest). Plaintiffs have also "substantially contributed to the goals of the [ESA]." *Envt'l Protection Info. Ctr. Inc. v. Pacific Lumber Co.*, 229 F.Supp. 2d 993, 998 (N.D. Cal. 2002), *aff'd*, 103 Fed. Appx. 627 (9th Cir. 2004) (quotation omitted). This public interest requirement is echoed in *Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619-620 (8th Cir. 2003) (looking to Justice O'Connor's concurrence in *Farrar v. Hobby,* 506 U.S. 103, 121-122 (1992), the court considers "the significance of the legal issue on which the plaintiff prevailed" and "any public goal or purpose the lawsuit may have served."). In this case, Plaintiffs tried for years to address the conditions at the Cricket Hollow Zoo by contacting local, state, and federal authorities, and advocating for change via legislation. Plaintiffs' lawsuit finally achieved ESA protections for federally-listed species at the Cricket Hollow Zoo, and serves as a model for forcing USDA's thousands of other licensed exhibitors in the United States that they must meet the minimal animal husbandry requirements.

3. <u>Plaintiffs' Costs, Hours, and Hourly Rates Are Reasonable</u>

The Court did not consider the Plaintiffs' costs, hours incurred, or hourly rates as it did not have these facts before it. *See* Exhibit A. Without this information the Court could not have considered the amounts requested. *See City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992); *Hanig v Lee*, 415 F.3d 822, 825 (8th Cir. 2005) ("The starting

point in determining attorneys fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.") (quotation omitted). Nor did the court consider the twelve factors enunciated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see, e.g.*, *McDonald v. Armontrout*, 860 F. 2d 1456, 1459 (8th Cir. 1988). If a party has obtained excellent results, it is entitled to a full compensatory award, which will normally include time spent on related matters on which it did not win. *See Jenkins v. State of Missouri*, 127 F.3d 709, 716 (8th Cir. 1997); *see also Cabrales v. Co. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war.").

## CONCLUSION

The sections of the Court's Order and Judgment addressing Plaintiffs' request for attorney's fees and costs do not address the legal standards applicable to the Court's analysis with clarity or specificity, or how the Court reached its decision to deny Plaintiffs all costs and all attorney's fees. Failure to do so is a manifest error of law or fact, and for the reasons set forth herein, Plaintiffs respectfully request this Court grant them leave under FRCP 59(e) to file their proposed Attorneys' Fees and Costs Motion, Declarations, Memorandum, and supporting materials attached hereto as Exhibit A.

DATED this 25th day of February 2016.

                                                Respectfully Submitted,

                                                s/ Jessica Blome
                                                Jessica Blome, *Pro Hac Vice*
                                                Senior Staff Attorney
                                                Jeffrey Pierce, *Pro Hac Vice*
                                                Legal Fellow
                                                Animal Legal Defense Fund

                                                s/ Elisabeth A. Holmes
                                                Elisabeth A. Holmes, *Pro Hac Vice*

Attorney
Blue River Law, P.C.

/s/ *Daniel J. Anderson*
Daniel J. Anderson (IA Bar No. 20215)
danderson@wertzlaw.com
WERTZ & DAKE
1500 Center St. NE #101
Cedar Rapids, IA 52402-5500
Telephone: 319.861.3001
Facsimile: 319.861.3007

Attorneys for Plaintiffs Tracey K. Kuehl, Lisa Kuehl, Nancy Harvey, Kris Bell, and John Braumann, and for Plaintiff Animal Legal Defense Fund