IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| TRACEY K. KUEHL, et al. | ) | Case No. C14-02034-JSS |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' REPLY MEMORANDUM** |
| | ) | **TO DEFENDANTS' RESPONSE AND** |
| | ) | **RESISTANCE TO PLAINTIFFS' RULE** |
| v. | ) | **59(e) MOTION AND MEMORANDUM** |
| | ) | **FOR LEAVE TO FILE MOTION FOR** |
| PAMELA SELLNER, et al., | ) | **COSTS AND ATTORNEYS FEES** |
| | ) | |
| Defendants | ) | Judge: Hon. Jon Stuart Scoles |

Procedurally, Defendants' Response and Resistance (ECF No. 90) addresses only the merits of Plaintiffs' Attorneys Fees Motion (hereinafter the "Motion") (ECF No. 85-1), not Plaintiffs' Rule 59(e) Motion requesting leave to file the Motion (ECF No. 85). Plaintiffs thus assume that Defendants do not contest the procedural mechanism requested, and Plaintiffs focus this Reply on the new issues raised by Defendants, which pertain exclusively to the attorneys fees and costs issues. L.R. 7(g). To the extent the court wishes further briefing on either issue, Plaintiffs will promptly provide the Court with a short supplemental reply memorandum.

1. **Defendants Misunderstand Fee-Shifting Legal Standard**

The U.S. Supreme Court has expressly rejected Defendants' arguments questioning Plaintiffs' payments and counsels' compensation. In *Blum v. Stenson*, 465 U.S. 886 (1984), The Legal Aid Society of New York, a private nonprofit law office dedicated to providing legal representation to persons who cannot afford a lawyer, represented respondents in a successful civil rights action. The Supreme Court stated "In determining the amount of fees to be awarded, it is not legally relevant that plaintiffs' counsel . . . are employed by . . . a privately funded non-profit public interest law firm. It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys fees." *Blum*, 465 U.S. at 895 (citation omitted), ("reasonable fees" under civil rights fee-shifting statute are to be calculated

according to the prevailing market rates in the relevant community "regardless of whether plaintiff is represented by private or nonprofit counsel.") *Id*. "A reasonable fee is 'one that is 'adequate to attract competent counsel, but . . .[that does] not produce windfalls to attorneys." *Id*. at 897 (quoting S.Rep. No. 94-1011, 94th Cong., 2d Sess. 6, reprinted in 1976 U.S. Code Cong. & Admin. News 5908, 5913); *Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991). Defendants misunderstand the purpose of fee-shifting statutes like 16 U.S.C. § 1540(g)(4). These statutes "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee the attorney could earn through a private fee arrangement with his [or her] client. Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Gilbert v. City of Little Rock, Ark*., 867 F.2d 1063, 1068 (8th Cir. 1989) citing *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 565 (1986). Moreover, plaintiffs are entitled to fee awards even if the cost of legal representation by a nonprofit legal aid organization is "free" to them. *See Central States, Southeast and Southwest Areas Pension Fund v. Central Cartage Co*., 76 F.3d 114, 116 (7th Cir. 1996).

Organizations such as Plaintiff Animal Legal Defense Fund (ALDF) use their limited resources in targeted policy, advocacy, and litigation efforts. *See* ECF No. 21-8 (Declaration of ALDF Executive Director Stephen Wells). ALDF is perfectly within its statutory rights to bring citizen suits on behalf of its members and itself. Congress designed citizen suit provisions for citizens to enforce the law where government is not. *See Natural Res. Def. Council v. Train*, 510 F.2d 692, 700 (1974) (citizen suits are "a deliberate choice by Congress to widen citizen access to the courts, as a supplemental and effective assurance that [environmental laws] would be implemented and enforced."). In this case, despite APHIS identifying violations at Defendants' facility for a decade, it did not do enough to protect the animals from harm and harassment. Only because of Plaintiffs' lawsuit will Defendants' animals receive the legal protections to which they are entitled. James R. May, "Now More Than Ever: Trends in Environmental Citizen Suits At 30." 10 Widener L. Rev. 1 at 3-4 (2003) ("Citizen suits work; they have transformed the

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE 2
AND RESISTANCE TO PLAINTIFFS' FRCP 59(e) MOTION

environmental movement, and with it, society. Citizen suits have secured compliance by myriad agencies and thousands of polluting facilities, diminished pounds of pollution produced by the billions, and protected hundreds of rare species and thousands of acres of ecologically important land."). Plaintiff ALDF uses the legal tools at its disposal to foster our nation's stewardship for animals, including citizen suits such as this case. For these reasons, Defendants' arguments must fail.

### 2. Voluntary Dismissals Are Not at Issue

Defendants argue that because Plaintiffs voluntarily dismissed their claims against the lions and servals prior to trial (ECF Nos. 44 (Stipulated Dismissal), 90 at 4), somehow that devalues Plaintiffs' success under 16 U.S.C. § 1540(g)(4). This is incorrect; even plaintiffs who only "substantially prevail" are entitled to attorneys fees and costs. *See, e.g., Ruckelhaus v. Sierra Club*, 463 U.S. 680, 694 (1983); *Ass'n of California Water Agencies v. Evans*, 386 F.3d 879, 884 (9th Cir. 2004). The fact that Plaintiffs voluntarily dismissed these claims, that the court did not find in their favor on the hybrid wolves at trial, or did not rule on Plaintiffs' Count III claim, has no bearing on Plaintiffs' Motion. Plaintiffs' fee and costs award should not be reduced. *See* cases cited at ECF No. 85-1 at 9, 13.

### 3. Defendants' Belief In Their Defense Is Not At Issue

Defendants assert their defense was "reasonable and prudent" and that "[t]here was no evidence that anything the Defendants did harmed any endangered species as that term is defined under the ESA." ECF No. 90 at 4. The Court's decision, and the record at trial including 10 years of APHIS inspection reports and violations, unequivocally confirms otherwise. The reasonableness of Defendants' defense is not at issue. Under 16 U.S.C. § 1540(g)(4) the focus of when fees and costs awards are "appropriate" is dependent on Plaintiffs' success. *See* ECF No. 85-1 at 9-12. Statutory fee-shifting laws are not intended as a "punishment"; courts overwhelmingly agree that their primary purpose is to facilitate citizen access to the court system to vindicate their rights. *See, e.g., City of Burlington v. Dague,* 505 U.S. 557, 568-69 (1992) ("Congress' purpose in adopting fee-shifting provisions was to strengthen the

enforcement of selected federal laws by ensuring that private persons seeking to enforce those laws could retain competent counsel.") (citing S. Rep. No. 94-1011, p. 6 (1976), U.S. Code Cong. & Admin. News 1976, p. 5908), ("In many cases brought under federal statutes that authorize fee-shifting, plaintiffs will be unable to ensure that their attorneys will be compensated for the risk that they might not prevail. This will be true in precisely those situations targeted by the fee-shifting statutes – where plaintiffs lack sufficient funds to hire an attorney on a win-or-lose basis and where potential damage awards are insufficient to justify a standard contingent fee arrangement."); *Aronson v. U.S. Dep't of Housing and Urban Dev.*, 866, F.2d 1, 5 (1st Cir. 1989) (citation omitted) (fee-shifting statute's purpose "was to eliminate the obstacle of attorneys fees so that all litigations would have access to pursue their rights…"); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364 (D.C. Cir. 1977) ("Congress realized that too often the insurmountable barriers presented by court costs and attorney fees to the average person requesting information … enabled the government to escape compliance with the law.").

### 4. **Appeal**

Since the filing of Plaintiffs' Motion, Defendants filed an appeal of this Court's Order and Judgment (ECF Nos. 83, 84) with the Eighth Circuit Court of Appeals. ECF Nos. 88, 89. Clearly Defendants identified sufficient funds to pay for depositions of five plaintiffs, discovery, summary judgment briefing, four days of trial and pre and post trial briefing, and now they are embarking on the lengthy and costly process of a federal court appeal. Thus Defendants' argument that they cannot afford to pay attorneys fees is questionable. ECF No. 90 at 3.[1] Whether Defendants' election to pursue an appeal is funded by themselves or by third parties, Plaintiffs may wish to engage in further discovery on the financing of Defendants'

---

[1] Defendant Pam Sellner previously testified on March 20, 2015 that she and Attorney Thorson had consulted with and been advised by The Cavalry Group, a non-profit litigation defense fund that assists animal owners "defend their property rights.". *See* Supplemental Affidavit of Jessica Blome ("Supp. Blome Aff.") Ex. 1 (Dep. Tr. Pam Sellner 50:2-54:2). No discovery since Spring 2015 has inquired into The Cavalry Group's role. The Cavalry Group provides legal "support" to its members and is promoting the Defendants and this case on its own website. *Id.* Ex. 2.

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE 4
AND RESISTANCE TO PLAINTIFFS' FRCP 59(e) MOTION

litigation and their decision to apply their allegedly limited funds on litigation versus basic endangered species care.

Since the beginning of the case, Plaintiffs have endeavored to find a quick solution to provide the animals with expeditious relief if the Court found in Plaintiffs' favor. The Court's Order recognized the sensitivity of timing, which requires transfer of the animals within ninety (90) days of Judgment. ECF No. 83 at 72. This Order is still in effect, and under Fed. R. Civ. P. 62(a) this Court's Order and Judgment are not stayed despite Defendants' appeal. *See also* ECF No. 91 and 91-1.

## CONCLUSION

Plaintiffs respectfully request that this Court accept the filing of their Motion for Costs and Attorneys' Fees, and that the Court rule in Plaintiffs' favor on the same.

DATED this 15th day of March 2016.

          Respectfully Submitted,

          *s/ Jessica Blome*
          Jessica Blome, *Pro Hac Vice*, Senior Staff Attorney
          Jeffrey Pierce, *Pro Hac Vice*, Legal Fellow
          Animal Legal Defense Fund

          *s/ Elisabeth A. Holmes*
          Elisabeth A. Holmes, *Pro Hac Vice*
          Blue River Law, P.C.

          *s/ Daniel J. Anderson*
          Daniel J. Anderson (IA Bar No. 20215)
          danderson@wertzlaw.com
          WERTZ & DAKE
          1500 Center St. NE #101
          Cedar Rapids, IA 52402-5500
          Telephone: 319.861.3001
          Facsimile: 319.861.3007

          Attorneys for Plaintiffs Tracey K. Kuehl, Lisa Kuehl, Nancy Harvey, Kris Bell, and John Braumann, and Animal Legal Defense Fund

## CERTIFICATE OF SERVICE

I certify that a copy of this Reply and the Supplemental Affidavit of Jessica L. Blome was delivered to all counsel of record through the Court's electronic filing system this 15th day of March, 2016.

                                        s/ Jessica L. Blome
                                        Jessica L. Blome
                                        Animal Legal Defense Fund

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE               6
AND RESISTANCE TO PLAINTIFFS' FRCP 59(e) MOTION
Case 6:14-cv-02034-JSS   Document 92   Filed 03/15/16   Page 6 of 6