IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TRACEY K. KUEHL, an individual; LISA K. KUEHL, an individual; KRIS A. BELL, an individual; NANCY A. HARVEY, an individual; JOHN T. BRAUMANN, an individual, and; ANIMAL LEGAL DEFENSE FUND, a non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PAMELA SELLNER, an individual; TOM SELLNER, an individual; and CRICKET HOLLOW ZOO, a non-profit corporation,<br><br>Defendants. | No. C14-2034<br><br>ORDER REGARDING ATTORNEY FEES |

This matter comes before the Court on the Motion and Memorandum to Amend Judgment for Leave to File Motion for Costs & Attorneys' Fees (docket number 85) filed by the Plaintiffs on February 25, 2016, the Response and Resistance (docket number 90) filed by the Defendants on March 10, and the Reply Memorandum (docket number 92) filed by the Plaintiffs on March 15. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 11, 2014, Plaintiffs filed a complaint seeking declaratory and injunctive relief against Defendant Cricket Hollow Zoo and its owners, Pamela Sellner and Tom Sellner. Plaintiffs claimed Defendants were violating the Endangered Species Act, and asked the Court to enjoin Defendants from acquiring or possessing lemurs, tigers, wolves,

lions, and serval. Following a 4-day trial, the Court granted the relief requested regarding the lemurs and tigers housed at Cricket Hollow Zoo.[1] Specifically, the Court ordered Defendants, within 90 days following the ruling, to transfer the lemurs and tigers in their possession "to an appropriate facility which is licensed by the USDA and is capable of meeting the needs of the endangered species."

Because Plaintiffs objected to Defendants' proposed placement of the animals, a hearing was held on March 25, 2016 to address that issue. The Court found that the facilities proposed by Defendants were licensed by the USDA and capable of meeting the needs of the endangered species and, therefore, Defendants' proposed placements complied with the Court's Order and were approved.

Meanwhile, in my Order for Declaratory Judgment and Injunctive Relief filed on February 11, 2016, I declined to award Plaintiffs the costs of litigation, including attorney fees. Plaintiffs responded with the instant motion, asking that they be permitted to file a motion for attorney fees and costs under the Endangered Species Act, together with supporting documentation.

## II. DISCUSSION

Under the "American Rule," "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). This general rule is modified, however, by fee-shifting statutes which allow courts to award fees to the "prevailing party" or, less commonly, whenever the court "determines that such an award is appropriate."[2] The use

---

[1] Prior to trial, Plaintiffs dismissed their claims regarding the lions and serval. Following the trial, the Court found the Endangered Species Act did not protect the hybrid wolves being housed at Cricket Hollow Zoo.

[2] In *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983), a Clean Air Act case, the Court stated that there were 16 federal statutes which authorized the Court to award
navigation(continued...)

of the word "may" in the fee-shifting statutes "clearly connotes discretion." *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 971 (8th Cir. 2002). While the "whenever appropriate" language is broader than the "prevailing party" language, it does not permit the Court to award attorney fees "willy-nilly." *Loggerhead Turtle v. County Council of Volusia County*, 307 F.3d 1318, 1323 (11th Cir. 2002). Instead, the party seeking attorney fees must show "some success on the merits" to be eligible for a fee award. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682 (1983). That is, "the term 'appropriate' modifies but does not completely reject the traditional rule that a fee claimant must 'prevail' before it may recover attorney's fees." *Id.* at 686.

Plaintiffs ask that they be awarded attorney fees in the amount of $221,205, plus costs in the amount of $18,045.75.[3] Plaintiffs' claim is appropriately documented. The claimed hours and hourly rate are reasonable.[4] Indeed, Defendants do not directly challenge either the hours claimed or the hourly rate. Defendants argue instead that they should not be "punished" by defending what Plaintiffs have apparently described as a "landmark case."

According to a declaration by Jessica Lynn Blome, one of Plaintiffs' attorneys, the Animal Legal Defense Fund ("ALDF") is a national nonprofit organization with

---

[2](...continued)
attorney fees "whenever the court determines such award is appropriate," including the Endangered Species Act. *Id.* at 682, FN 1. In *Loggerhead Turtle v. County Council of Volusia County*, 307 F.3d 1318 (11th Cir. 2002), an Endangered Species Act case, the Court put the number of similar statutes at "over a dozen." *Id.* at 1322-23, FN 5.

[3] Plaintiffs originally sought costs in the amount of $18,774.85, but that request was reduced slightly in a supplemental affidavit filed by Plaintiffs' attorney on March 29, 2016. *See* docket number 93.

[4] The Court notes Plaintiffs were only partially successful in this case, but their claim for attorneys' fees is discounted, and they make no claim for additional work performed *pro se* by other attorneys, legal assistants, or interns.

approximately 40 employees, including 12 lawyers. The ALDF never charges its client a fee or a retainer and outside counsel often provide their services on a *pro bono* basis, as was the case here.[5] Accordingly, the individual Plaintiffs have not paid any attorney fees. The ALDF argues, however, that "[w]ithout statutory fee recovery, ALDF does not have the ability to represent individual Plaintiffs as it did in this case."

It is unclear whether Defendants received any outside assistance in paying their attorney. At her deposition on March 20, 2015, Pam Sellner testified that the Calvary Group was advising Defendant's attorney. Among other things, the Calvary Group apparently advocates for private owners of exotic animals. According to Sellner, both she and the Calvary Group fought a proposed law in the Iowa Legislature which would have banned ownership of exotic animals by anyone who was not a USDA licensee or an AZA zoo or sanctuary. Sellner denied at her deposition on March 20, 2015, however, that the Calvary Group was paying for any part of the defense.

The Endangered Species Act provides that "any person may commence a civil suit on his own behalf." 16 U.S.C. § 1540(g)(1). In issuing any final order brought in a "citizen suit," the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). Accordingly, the Court has discretion to award the costs of litigation to either party, if the Court determines such an award is "appropriate." The statute does not give the Court any guidance regarding when an award of litigation costs may be "appropriate."

---

[5] According to Plaintiffs' filings, a Chicago-based law firm provided approximately 160 hours of *pro bono* technical assistance to help Plaintiffs manage discovery. Plaintiffs' local counsel, Daniel Anderson, provided all of his time on a *pro bono* basis. Plaintiffs' three expert witnesses, who traveled to Cedar Rapids to testify at trial, donated their time. Plaintiffs are seeking only reimbursement for expenses for their expert witnesses.

Although the Endangered Species Act authorizes a civil suit against "any person" violating the Act, most cases brought under the Endangered Species Act and other similar fee-shifting statutes are directed to government agencies or government officials. The parties did not cite any cases where a private party was ordered to pay attorney fees under these circumstances, and the Court has found none. In *Martin*, the Eighth Circuit addressed five factors which are appropriately considered in awarding attorney fees under ERISA's fee-shifting provision. Among other things, the Court may consider:

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Martin*, 299 F.3d at 969 (quoting *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984)).

When applying those factors here, I conclude it is not "appropriate" to require Defendants to pay Plaintiffs' attorney fees. I do not believe Defendants acted in "bad faith" and it cannot be said that their position was frivolous. As Plaintiffs apparently acknowledge, there is little, if any, precedent for a citizen suit to be brought against a private zoo for an alleged violation of the Endangered Species Act. Moreover, I find Defendants lack the financial ability to pay Plaintiffs' attorney fees. One of the principal arguments made by Plaintiffs at the time of trial was that Defendants lacked the capital and income to properly care for the animals housed at Cricket Hollow. Exhibits offered by Plaintiffs at trial clearly demonstrate that Defendants lack the ability to pay Plaintiffs' litigation costs. Furthermore, an award of attorney fees under these circumstances would have a chilling effect on private animal owners to defend lawsuits brought by well-financed national organizations.

In summary, while I recognize my authority to order attorney fees "whenever appropriate," I find that an award of attorney fees in this case is not appropriate. Because Plaintiffs' proposed motion for attorney fees and costs would be denied, I conclude the instant motion — asking for permission to file a motion for attorney fees — should be denied.

### III. ORDER

**IT IS THEREFORE ORDERED** that the Motion to Amend Judgment for Leave to File Motion for Attorney Fees (docket number 85) is **DENIED**.

DATED this 28th day of June, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA